IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA RECEIVED
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, | ) 2006 DEC 27 P 1:45 |
| Plaintiff, | ) |
| | ) DEBRA P. HACKETT, CLK |
| | ) U.S. DISTRICT COURT |
| v. | ) CIVIL ACTION NO.: 3:06 CV-1147-MHT |
| | ) |
| DOLLAR GENERAL CORPORATION, D/B/A | ) DEMAND FOR JURY |
| DOLGENCORP, INC., | ) |
| Defendant. | ) |

## COMPLAINT

1. The Plaintiff, Kinera Love, hereby files this Complaint against the named Defendants. The Plaintiff resides at 409-A Toomer Court, Opelika, Alabama 36801, and has resided there for more than six months. She is over the age of nineteen years.

2. The Defendant is Dollar General Corporation, doing business as DolgenCorp. The principal office of the named Defendant is Post Office Box 34150, Louisville, Kentucky 40232.

3. The Defendant is a retail store in the retail industry and conducts business in that regard in Auburn, Lee County, Alabama at Dollar General, 1655 South College Street, Auburn, Alabama 36830. The Defendant employs more than 200 individuals.

## JURISDICTION

4. This action is brought pursuant to alleged violations of Title VII of the Civil Rights Act, as amended. Jurisdiction is founded upon 42 U.S.C. §§2000e, *et seq.*

## FACTUAL ALLEGATIONS

5. The Plaintiff, Kinera Love, ("Love"), is a former employee of

the Defendant in both its Opelika, Alabama and Auburn, Alabama stores. She was initially hired in April of 2005. Love performed on at least two different jobs within the stores for over six months. The last job she performed was as third key manager.

6. The Defendant terminated the Plaintiff on or about 17 October 2005.

7. The Plaintiff alleges that the Defendant terminated her employment based upon racial discrimination. Love alleges that the Defendant subjected her to harassing comments, untrue statements about her performance and was targeted because of her race.

## **RACIAL DISCRIMINATION**

8. Further, Love alleges that she applied for the position of manager at the Defendant's store in Auburn after having been trained in the Opelika store. That her supervisor denied her application, while working in the line and scope of his employment for the Defendant. She avers that she was made to feel humiliated by the supervisor, who hired instead his niece for the position and required Love to train her. Love further avers that the supervisor retaliated against her for making a complaint to Defendant's human resources director about her being overlooked for the position. Still further, Love alleges that her supervisor and other members of management, while working in the line and scope of their employment for the Defendant, colluded to deny her the opportunity to advance because of her

race. They deliberately made untrue statements about her to others. Further, that she was not doing her job properly but was never cited for any reason regarding her work performance. The Plaintiff alleges that no white employee was ever treated the way she was treated in these instances, and that in each instance, she was discriminated against because of her race. Further, that she complained of these actions to management and nothing was ever done about them.

9. Further still, the Plaintiff alleges that the Defendant discriminated against Blacks in a number of ways: 1) a White person got hired the same day after a Black person was told there were no job openings; 2) a Black person was denied a position because of how she was allegedly dressed for the interview when the person wore appropriate attire and a white person was hired who was not wearing appropriate attire; 3) Love was the sole Black person hired by Defendant and for a period of a year after Love was terminated; and, 4) a Black person hired after Love was terminated has been forced to work in a subservient role and not allowed any opportunity for advancement. The Plaintiff avers that in each instance, the Defendant's employees discriminated against her and other Blacks because of her and their race.

10. The Plaintiff avers that she is a member of the African American race (Black), that she performed her job satisfactorily, that she has suffered a termination, loss of benefits, and suffered the loss of income for a period of time, suffered health

problems, including female concerns that she had never suffered with before the termination from her job, and that all of the circumstances involved in this matter give rise to an inference of discrimination and/or retaliation.

11. Love further avers that the Defendant's conduct constitutes discrimination with respect to her race, and that their conduct was willful and reckless.

12. The Plaintiff avers that, among those who discriminated against her, are Jeff Jennings, supervisor, a white male; Charles McDonald, supervisor, a white male; Jack Traywick, protection specialist, white male; and, Wendy, human resources director, a white female.

13. The Plaintiff avers that she filed charges with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct on or about the 7th day of April, 2006, with two affidavits in support thereof. And, subsequently submitted one additional affidavit. That she has attached a copy of the Notice of Right-to-Sue Letter issued by the Equal Employment Opportunity Commission on the 28th day of September, 2006. That said letter was received on or about the 29th day of September, 2006.

    **WHEREFORE**, the Plaintiff demands the following relief:

        A. Back pay;

        B. Actual, Compensatory, Liquidated and Punitive Damages;

C. Future pecuniary losses;

D. Emotional pain and suffering;

E. Inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

F. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

G. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

RESPECTFULLY SUBMITTED on this ___27th___ day of December, 2006.

_____
Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com


The Plaintiff demands a trial by jury on all issues so triable.

_____
Lateefah Muhammad

5

Case 3:06-cv-01147-MHT-SRW    Document 1    Filed 12/27/2006    Page 6 of 6

STATE OF ALABAMA )
)
MACON COUNTY )

### VERIFICATION

Before me, a Notary Public in and for said County in said State, personally appeared, Kinera Love, who, being first duly sworn, makes oath that she has read the foregoing Summons and Complaint in *Love v. Dollar General Corporation, d/b/a Dolgencorp,* and knows the contents thereof, and that she, informed and believed, and upon such information and belief, averred that the facts alleged are true and correct to the best of her knowledge.

*Kinera Love*
Kinera Love
409-A Toomer Court
Opelika, Alabama 36801

SWORN TO AND SUBSCRIBED BEFORE ME this 26th day of December, 2006.

*Lateefah Muhammad*
Notary Public

Seal

My Commission expires: 12/03/08

*Lateefah Muhammad*
Lateefah Muhammad
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com

# Attachment

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Kinera Love<br>409-A Toomers Court<br>Opelika, AL 36801 | From: EEOC<br>1130 - 22nd Street, South<br>Suite 2000<br>Birmingham, AL 35205 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 01868 | Jeanne Walker | (205) 212-2055 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Beverly B. Hinton for*
Bernice Williams-Kimbrough, District Director

2 8 SEP 2006
(Date Mailed)

Enclosures(s)

cc: Tia Wikerson, Attorney

**ATTACHMENT**

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit **before 7/1/02** -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*