IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

## ANSWER OF DEFENDANT DOLGENCORP, INC.

COMES NOW Defendant Dolgencorp, Inc.[1] ("Dolgencorp"), incorrectly named in the complaint as "Dollar General Corporation, d/b/a Dolgencorp, Inc.," and answers Plaintiff Kinera Love's allegations as follows:

    1.    Dolgencorp admits that Plaintiff has filed the instant Complaint, but denies that Plaintiff's claims have any merit. Dolgencorp further admits that the Plaintiff is over the age of nineteen years. Dolgencorp lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 1 of the Complaint and therefore denies them.

---

[1] Defendant Dollar General Corporation was not Plaintiff's employer and, therefore, is incorrectly named in the Complaint. Plaintiff's employer was Dolgencorp, Inc. (Dolgencorp), and, accordingly, Defendant's answers are on behalf of Dolgencorp. Understanding that Dollar General Corporation denies it was ever Plaintiff's employer, Dollar General Corporation otherwise adopts this Answer to the extent it is necessary to do so.

2. Dolgencorp admits that Dolgencorp is a Kentucky corporation. Dolgencorp denies that its "principal office" is in Louisville, Kentucky. Except as explicitly admitted, the allegations in Paragraph 2 are denied.

3. Dolgencorp denies that it "is a retail store in the retail industry." Dolgencorp admits that it conducts business in Auburn, Lee County, Alabama, at its store located at 1655 South College Street, Auburn, Alabama 36830. Dolgencorp admits that it employs more than 200 individuals. Except as explicitly admitted, the allegations in Paragraph 3 are denied.

## JURISDICTION

4. The allegations contained in Paragraph 4 of the Plaintiff's Complaint are jurisdictional in nature and do not require a response. To the extent a response is required, Dolgencorp admits that the Plaintiff's claims are based on Title VII of the Civil Rights Act of 1964, as amended. Except as explicitly admitted, the allegations in Paragraph 4 are denied.

## FACTUAL ALLEGATIONS

5. Dolgencorp admits that Plaintiff is a former employee of Dolgencorp. Dolgencorp further admits, while employed with Dolgencorp, Plaintiff worked in Store No. 6519 located in Opelika, Alabama, and Store No. 8665, located in Auburn, Alabama. Dolgencorp further admits that while employed with Dolgencorp, Plaintiff served as a Sales Associate and as a Lead Sales Associate, also known as "Third Key." Dolgencorp denies that Plaintiff was initially hired in April 2005, and denies that she performed a job

called a "third key manager." Except as explicitly admitted, the allegations in Paragraph 5 are denied.

6.   Dolgencorp admits that it terminated the Plaintiff's employment, but denies that her employment was terminated on 17 October 2005. Except as explicitly admitted, the allegations in Paragraph 6 are denied.

7.   Dolgencorp denies the allegations contained in Paragraph 7.

## RACE DISCRIMINATION

8.   Dolgencorp admits that Plaintiff received training while working at the Opelika store. Dolgencorp admits that she made a complaint that her district manager had overlooked her in order to promote his relative. Except as explicitly admitted, the allegations in Paragraph 8 are denied

9.   The allegations of Paragraph 9 are denied because Paragraph 9 contains multiple, convoluted factual and legal allegations, conclusions and inferences,[2] and is drafted in a manner that makes it impossible for Dolgencorp to admit or deny in accordance with Federal Rules of Civil Procedure 11. Dolgencorp denies that the allegations contained in Paragraph 9 of the plaintiff's complaint support any inference that race discrimination or retaliation occurred. Dolgencorp lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 9 of the Plaintiff's Complaint and therefore denies them.

10.   Dolgencorp admits that the Plaintiff is black and that her employment with Dolgencorp terminated. Dolgencorp denies that the Plaintiff performed her job

---

[2] Federal Rule of Civil Procedure 8(a) provides that any "pleading which sets forth a claim for relief . . . [shall contain] a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

3

satisfactorily and denies that "the circumstances involved in this matter give rise to an inference of discrimination and/or retaliation." Dolgencorp lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint and therefore denies them.

11. Dolgencorp denies the allegations contained in Paragraph 11.

12. Dolgencorp denies the allegations contained in Paragraph 12.

13. Dolgencorp admits that the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in 2006. Dolgencorp denies that conditions precedent have been met with respect to events not specified in the EEOC charge or events occurring more than 180 days prior to the filing of the charge. Dolgencorp further denies that the Plaintiff is entitled to the relief which she seeks in the unnumbered "Wherefore" paragraph containing subparts (A) through (G) immediately following Paragraph 13 of the Complaint, or to any other relief. Except as explicitly admitted, Dolgencorp denies the allegations in Paragraph 13.

In further defense, Dolgencorp asserts:

**FIRST DEFENSE**

One or more claims asserted in the Plaintiff's complaint fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent that she has failed to reasonably mitigate her alleged damages, her entitlement to which is expressly denied.

4

## THIRD DEFENSE

The challenged employment actions were based on legitimate, non-discriminatory and non-retaliatory reasons that were not pretextual.

## FOURTH DEFENSE

Even if an improper or impermissible motive played any role in the challenged employment actions, the same actions would have been taken without regard to the improper or impermissible motive.

## FIFTH DEFENSE

To the extent that any of the alleged discriminatory conduct attributed to Dolgencorp's supervisors and managers actually occurred, such conduct is outside the normal course and scope of the supervisors'/managers' employment such that Dolgencorp is not liable for the conduct.

## SIXTH DEFENSE

The Plaintiff has failed to state a claim for punitive damages.

## SEVENTH DEFENSE

The Plaintiff's claims, or some of them, are barred for failure to exhaust administrative remedies and conditions precedent to filing suit.

## EIGHTH DEFENSE

Punitive damages are not available because the actions alleged in the complaint were contrary to Dolgencorp's policies and good faith efforts to comply with the laws.

## NINTH DEFENSE

Plaintiff's claims, or some of them, are, or may be, affected by the after-acquired evidence doctrine.

## TENTH DEFENSE

Plaintiff's claims, or some of them, do or may exceed the scope of her Charge of Discrimination filed with the EEOC.

## ELEVENTH DEFENSE

The plaintiffs' claims are barred by the doctrine of estoppel.

## TWELFTH DEFENSE

To the extent that the Plaintiff seeks equitable relief, she is barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

To the extent that the Plaintiff seeks equitable relief, she is barred by the doctrine of laches.

## FOURTEENTH DEFENSE

Some or all of the Plaintiff's claims are barred by the applicable statute of limitation.

## FIFTEENTH DEFENSE

This action was only recently filed. As a result, Dolgencorp reserves the right to amend this answer upon discovery of additional facts and further developments of the facts and the law.

Dolgencorp requests an award of costs, expenses and attorney's fees.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

        Christopher W. Deering, Esq.
        Ryan M. Aday, Esq.
        **Ogletree, Deakins, Nash,**
          **Smoak & Stewart, P.C.**
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35203
        Telephone: (205) 328-1900
        Facsimile: (205) 328-6000
        E-mail: christopher.deering@odnss.com
        E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateffah Muhammad – lateefahmuhammad@aol.com

        s/Christopher W. Deering
        Christopher W. Deering
        Bar Number: ASB-5555-I7IC
        Attorney for Defendant,
        Dolgencorp, Inc.

        4614778.2