IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO COMPEL

COMES NOW Defendant Dolgencorp, Inc. ("Dolgencorp"), incorrectly named in the complaint as "Dollar General Corporation, d/b/a Dolgencorp, Inc.," and files its Motion to Compel Plaintiff Kinera Love ("Plaintiff") to produce her Rule 26 Initial Disclosures ("Initial Disclosures") and Responses to Dolgencorp's Interrogatories and Requests for Production of Documents ("Discovery Responses"). In Support thereof, Dolgencorp states as follows:

1.      In accordance with the Rule 26 Parties Planning Meeting, Plaintiff's Initial Disclosures were due to be produced on March 30, 2006. *See* Rule 26(f) Report, attached hereto as Exhibit "1."

2.      Dolgencorp served Plaintiff with Interrogatories and Requests for Production via U.S. Mail on February 13, 2007. *See* Interrogatories to Plaintiff, attached hereto as Exhibit "2"; Requests for Production to Plaintiff, attached hereto as Exhibit

"3." Accordingly, Plaintiff's Discovery Responses were due to be provided on March 19, 2007.

3.     Having received no Discovery Responses, and having received no Initial Disclosures, in compliance with FRCP 37, the undersigned counsel wrote Plaintiff's counsel requesting that Plaintiff provide both her Discovery Responses and Initial Disclosures by April 6, 2007. *See* Correspondence dated March 29, 2007, attached hereto as Exhibit "4."

4.     On April 5, 2007, counsel for both parties had a telephone conversation in which Plaintiff's counsel requested until April 13, 2007, to provide Discovery Responses and Initial Disclosures. In the spirit of cooperation, and in an effort to avoid the involvement of this Court, counsel for Dolgencorp agreed to this additional extension of time. *See* Correspondence dated April 6, 2007, attached hereto as Exhibit "5."

5.     On April 13, 2007, the undersigned counsel received a letter from Plaintiff's counsel requesting until April 20, 2007, to provide Discovery Responses. Plaintiff's counsel's letter makes no mention of her client's Initial Disclosures, which were due on March 30, 2007. *See* Correspondence dated April 13, 2007, attached hereto as Exhibit "6."

6.     To date, counsel for Dolgencorp has not received Plaintiff's Initial Disclosures or Discovery Responses.

WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully requests that this Court grant this Motion and enter an Order compelling Plaintiff to provide Initial Disclosures and Discovery Responses.

2

Respectfully submitted,

/s/ Ryan M. Aday
Christopher W. Deering
Ryan M. Aday
*Attorneys for Defendant*
*Dolgencorp, Inc.*

**OF COUNSEL:**
**Ogletree, Deakins, Nash,**
    **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel of record in this action via Electronic Filing on this the 25th day of April, 2007.

Lateefah Muhammad
P.O. Box 1096
Tuskegee Institute, Alabama 36087

/s/ Ryan M. Aday
OF COUNSEL

4918064.1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,                    )
                               )
    Plaintiff,              )
                               )
vs.                            )        CIVIL ACTION NO.:
                               )
DOLLAR GENERAL                 )        3:06-CV-1147-MHT
CORPORATION,                   )
d/b/a DOLGENCORP, INC.         )
                               )
    Defendant.              )
                               )

## RULE 26 REPORT OF PARTIES' PLANNING MEETING

1.     **Appearances**.  On **February 12, 2007**, the parties' planning meeting was held via telephone and was attended by:

        Lateefah Muhammad for the Plaintiff, and

        Ryan M. Aday for the Defendant

2.     **Pre-Discovery Disclosures**.  The parties will exchange by **March 30, 2007**, the information required by FRCP 26 (a)(1).

3.     **Discovery Plan**.  The parties jointly propose to the court the following discovery plan:

    a.     Discovery will be needed on the following subjects:

        1.     All information pertaining to Plaintiff's claims and damages;

        2.     The Defendant's defenses.

b.    All discovery must be commenced in time to be completed by **February 15, 2008.**

c.    There will be a maximum of 30 interrogatories, including discrete subparts, by each party to any other party.  The responses will be due 30 days after service, unless served by mail in which responses will be due 33 days after service.

d.    There will be a maximum of 30 requests for production of documents, including discrete subparts, by each party to any other party.  The responses will be due 30 days after service, unless served by mail in which responses will be due 33 days after service.

e.    There will be a maximum of 25 requests for admission, including discrete subparts, by each party to any other party.  The responses will be due 30 days after service, unless served by mail in which responses will be due 33 days after service.

f.    The parties agree that no more than 8 depositions may be taken by a party without leave of court or agreement of the parties, with a maximum time of eight hours per deposition, unless extended by agreement of parties.

g.    **CONTENTION** - Defendants contend that reports from retained experts under Rule 26(a)(2) will be due from the Plaintiff by **July 16, 2007,** and from the Defendant by **August 24, 2007.**  Plaintiff contends that reports from retained experts under Rule 26(a)(2) will be due from the  Plaintiff by **November 12, 2007,** and from the Defendant by **December 28, 2007.**

h.    **CONTENTION** – Defendant contends that supplementation of the core disclosures under Rule 26(e) will be due 30 days after the date the party learns that the information previously provided is incomplete or incorrect and not later than 45 days

prior to the discovery cut-off established by the parties, subject to good cause being shown. Plaintiff contends that same shall be due on **December 21, 2007**.

    4.    **Other Items**.

    a.    Scheduling Conference: The parties do not request a scheduling conference with the court before entry of the scheduling order.

    b.    **CONTENTION**- Additional Parties, Claims and Defenses: Defendant contends that Plaintiff must join additional parties and amend the pleadings by **July 16, 2007**, and that Defendant will have until **August 17, 2007**, to join additional parties or defenses. Plaintiff contends that Plaintiff must join additional parties and amend the pleadings by **October 15, 2007**, and that Defendant will have until **November 15, 2007**, to join additional parties or defenses.

    c.    Dispositive Motions: All potentially dispositive motions must be filed by **January 11, 2008**.

    d.    **CONTENTION** - Settlement: Defendant contends that settlement and the possibility for mediation cannot be evaluated until discovery has begun. Plaintiff contends that any mediation of this case must be scheduled no later than **February 22, 2007**.

    e.    Pretrial Conference: The parties request a final pretrial conference 30 days before trial.

    f.    **CONTENTION** - Trial Evidence: Defendant contends that the final list of witnesses and trial evidence under Rule 26(a)(3) should be exchanged by **April 2, 2008**. Plaintiff contends that the final list of witnesses and trial evidence under Rule 26(a)(3) shall be due from Plaintiff by **April 2, 2008**, and from Defendant by **April 14,**

3

2008. The parties agree that each shall have fourteen (14) days after service of final witness lists to file objections under Rule 26(a)(3).

      g.    <u>Trial Date</u>: The case should be ready for trial by **May 12, 2008,** and is expected to last a minimum of three days.

Dated: February 12, 2007

Respectfully submitted,

/s/ Lateefah Muhammad
Lateefah Muhammad, Esq.
Attorney at Law, P.C.
P.O. Box 1096
Tuskegee Institute, Alabama 36087
Phone:  (334) 727-1997
lateefahmuhammad@aol.com

**Attorney for Plaintiff**


/s/ Ryan M. Aday
Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,**
**    Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
christopher.deering@odnss.com
ryan.aday@odnss.com

**Attorneys for Defendant**

# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### INTERROGATORIES TO PLAINTIFF KINERA LOVE

COMES NOW Dolgencorp, Inc. ("Dolgencorp") pursuant to Rule 33 of the Federal

Rules of Civil Procedure, and propounds the following Interrogatories upon Plaintiff Kinera

Love ("Plaintiff"):

### INTRODUCTION

(a)     Each discovery request seeks information available to Plaintiff, her attorneys

or agents and all persons acting on her behalf.  Each discovery request shall be deemed to be

continuing in the manner provided by law.

(b)     If any document or identification of any document is withheld under a claim

of privilege, in order that the Court and the parties may determine the validity of the claim of

privilege, Plaintiff should provide sufficient information to determine the identity of the

document and, as well, state the basis for any asserted claim of privilege.

(c)     If Plaintiff objects to part of a discovery request and refuses to answer that

part, she should state her objection and answer the remaining portion of that discovery

1

request. If Plaintiff objects to the scope or time period of a discovery request and refuses to answer for that scope or time period, she should state her objection and answer the discovery request for the scope or time period Plaintiff believes is appropriate.

(d)    If any of the following discovery requests cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in any particular, the details of such qualification should be set forth.

## DEFINITIONS

For purposes of these discovery requests and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(a)    "Communication" means any e-mail, correspondence, contact, discussion, or written or oral exchange between any two or more persons. Without limiting the foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits and conferences.

(b)    "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)    "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used

2

to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)    "Electronic data transmission" and "electronic data transmissions" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data or any other type of electronically transmitted material (see Notice at p.4 infra).

(e)    "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the discovery request subject.

(f)    "Identify" when used in reference to a natural person shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound

3

reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(g)     "Person" or "individual" includes individuals, corporations, firms, sole propri-etorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(h)     "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(i)     "You" and "your" shall mean Kinera Love, or any persons, entities, agents, or representatives acting or purporting to act for or on her behalf.

1.     The term "this case" or "this litigation" means the above styled case, bearing Civil

Action No. 3:06-CV-1147-MHT

NOTICE: When a request calls for an "electronic data transmission" or "electronic data transmissions," please produce a hard copy of same and identify same apart from other produced documents.

## INTERROGATORIES

1.     Please state your full name (and every name you have ever been known by), date and place of birth, social security number, telephone number, present home address,

residence address on the date(s) of the occurrences made the basis of this suit, length of residence there, driver's license state and number.

2.    Please identify all persons having knowledge, directly or indirectly, of relevant facts concerning the issues, claims and defenses in this lawsuit, and with respect to each such person, please set forth those facts of which the person has knowledge.  This list is not limited to the witnesses who will testify on your behalf at trial, but necessarily includes such witnesses.  This list should include last known addresses and telephone numbers.  This discovery request is continuing in nature pursuant to the Federal Rules of Civil Procedure.

3.    Identify every person, other than your attorneys, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and state in detail the substance of each and every discussion, stating when each discussion took place, what was said by all persons, and to whom each statement was made.

4.    Please identify every lawsuit or claim, including any divorce proceeding, in which you have participated or are currently participating whether as a witness, party, expert, or other type of participant, and with respect to each lawsuit, please state:

(a)    the nature of your participation in the legal proceedings; and

(b)    the style of the case, including the name of the court and jurisdiction where the case was filed.

5.    Please identify any and all documents you contend support or rebut your claims in this action and describe in detail (including, but not limited to, the date, author, recipient, whereabouts if known, and substance) each and every document of which you are aware that reflects in any way the damages suffered by you related to your claims in this lawsuit, or in the alternative, attach a copy of each document to your response to these

discovery requests.

6.    Please identify every complaint of discrimination filed with the Equal Employment Opportunity Commission, or the Office of Federal Contract Compliance Programs, or any other federal or state agency by you, alleging sex/gender, race, age, disability or any other form of discrimination, harassment or retaliation, and with respect to each such complaint, please state:

(a)    the party and/or persons against whom the complaint was filed;

(b)    the agency with which the complaint was filed;

(c)    the date of the complaint;

(d)    the nature of the discrimination alleged; and

(e)    the outcome of the complaint.

7.    Identify all persons, firms or corporations, for whom you have worked, in the last ten years, including any that you worked for after working for Dolgencorp, and further state or identify with particularity and specificity:

(a)    the name of each employer;

(b)    the kind of work done for each such employer;

(c)    the date on which you began working for each such employer;

(d)    the amount of compensation received from each such employer for your services;

(e)    on what date you stopped working for each such employer;

(f)    the reason you stopped working for each such employer;

(g)    your immediate supervisor at each such place of employment; and

(h)    if you were in a supervisory capacity, the number of persons supervised for each employer.

8.    Identify any person from whom you, or anyone acting on your behalf, have obtained a written, recorded, or oral statement concerning or relating to the events alleged in your complaint, and state the date on which such statement was obtained and who has possession of each such statement.

9.    Please identify (by name, address, telephone number and any business affiliation) all physicians, osteopaths, chiropractors, psychologists, counselors, therapists, or other health professionals or providers of health services, and each hospital, infirmary, sanitarium, nursing home, clinic or other institution or facility from which you have sought or received treatment, advice, therapy or counseling within the past ten (10) years, and for each state what mental, emotional or physical illness, injury or condition for which you were treated, advised or counseled, whether the illness, injury or condition was found to be related to your employment with Dolgencorp (and, if so, how it was related), on what date or dates you were treated, advised or counseled, what diagnosis or prognosis was given, the result of any such treatment and whether you still suffer from the illness, injury or condition.

10.    Identify each person you expect to call as an expert at the trial of this action, and state the substance of that person's expected testimony including:

(a)    The subject matter of the expert's testimony;

(b)    The substance of the facts and opinions to which the expert is expected to testify;

(c)    A summary of the grounds for each opinion;

7

(d)     Data or other information considered by the witness in forming the opinions;

(e)     Exhibit to be used as a summary of or support for the opinions;

(f)     The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years measured from the date that this lawsuit was filed;

(g)     The compensation to be paid for the study and testimony;

(h)     A listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years measured from the date on which this lawsuit was filed;

(i)     an identification (by names of parties, court and case number) of any other cases in which the witness has testified as an expert at trial or by deposition within the last four (4) years;

(j)     the substance of the facts and opinions to which the expert is expected to testify in this case;

(k)     a summary of the grounds for each opinion to be given; and

(l)     a statement of any facts or factual assumptions upon which the expert is expected to rely in giving any such opinion in this case.

11.     If you have contacted (or any attorney, investigator or other person acting on your behalf has contacted) any current or former employee of Dolgencorp in connection with this lawsuit, please state with respect to each such person, his or her name, address and telephone number, the date, time, place and means of communication, the substance in

detail of any such communication, and describe any and all documents in which communications with such persons are described or referenced.

12.    Please identify (by name, address, telephone number, and any business affiliation) all employees of Dolgencorp to whom you complained and/or reported any of the allegations contained in your Complaint (including, without limitation, information concerning any events, events, occurrences, incidents or statements, and any damages you may claim) and, for each such complaint and/or report, please provide the substance of the communication by you, and describe any and all documents in which communications with such persons are described or referenced.

13.    Did you maintain a diary, journal, notebook, log, appointment book, calendar, videotape, audiotape, or similar documents concerning your employment with Dolgencorp, or which are otherwise relevant to your claims or any of Dolgencorp's defenses?

14.    Please identify each and every act by an employee of Dolgencorp that you believe was discriminatory towards you, including the date and place of the incident, the substance of any communication that related to your race, all witnesses to the incident, all documents related to the incident, and when and to whom you reported the incident.

15.    Please identify each and every act by an employee of Dolgencorp that you believe was retaliatory towards you, including the date and place of the incident, the substance of any such communication, all witnesses to the incident, all documents related to the incident, and when and to whom you reported the incident.

16.    Please identify any and all real estate in which you have a present or future ownership interest (whether as an individual, jointly or as part of any group, including but not limited to, a trust, investment group, or as part of any corporate entity, partnership or

other similar business or organization).  For each parcel, give a description of the property, and state its appraised value, its location, and the value of your interest in it.  If another party holds a mortgage or other interest in the property, state the name of the party and the amount of the interest held.

17.    Provide a separate statement of each item of damage claimed including a brief description of the item of damage, the dollar amount claimed, and the method or formula used to compute the amount, including the time period over which the amount was computed.  If the dollar amount of any item of damage is not yet known, state the method or formula by which you contend such amount should be computed, and the time period over which you contend such sum should be computed.

18.    Please identify the name, address, and telephone number of each employer with whom you have applied for employment or from whom you have sought employment during or subsequent to your employment with Dolgencorp, and for each employer, specify the date of each application and/or interview, and the identity of the person to whom you submitted the application or had an interview.

19.    Please describe any and all efforts you have taken in order to mitigate your alleged damages which are the basis of your claims in this matter.

20.    State whether you have applied for any assistance or benefits of any kind, including, but not limited to unemployment, disability, worker's compensation or social security benefits, pension or annuity, alimony or other court-ordered payments.  If so, please state:

(a)    application dates for each source of support sought;

(b)    the disposition of each application; and

(c)     whether you appealed such decision.

21.     State whether you have received any income of any kind since the date you left the employment of Dolgencorp.  If so, please state:

(a)     each source of income, including employment, self employment, unemployment, disability, workers compensation or social security benefits; pension or annuity; alimony or other court-ordered payments;

(b)     the position held, if any;

(c)     the duties of such position;

(d)     dates during which you were employed in such position;

(e)     the name, address and telephone number of each employer; and

(f)     the total amount of income received by you from each source.

22.     If you have ever been arrested or convicted of a crime other than a traffic violation, but including any DUIs, identify the alleged crime, date of arrest, the court hearing the case, case number, jurisdiction, and outcome of the proceeding.

23.     If you have, or anyone on your behalf has, ever filed for bankruptcy protection, identify the date of each such filing, the place where the filing was made, the lawyer representing you, if any, and the case number.

24.     Identify all attorneys, law firms, and/or any other person or entity you consulted regarding your representation in this action, including but not limited to the date on which you first spoke to such attorney, law firm, person, or entity regarding your representation in this action.

25.     Identify by name, address, and occupation all of your living relatives (including your spouse, grandparents, parents, siblings, children, aunts, uncles and cousins,

and all of their spouses) who are over the age of 18 and who reside within the counties which comprise the Middle District of Alabama.

Respectfully submitted,

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
*Attorneys for Defendant – Dolgencorp, Inc.*

**OF COUNSEL:**
**Ogletree, Deakins, Nash,**
**Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon counsel of record in this action by U. S. Mail, postage prepaid, on this the _13th_ day of _February_, 2007, properly addressed as follows:

    Lateefah Muhammad
    P.O. Box 1096
    Tuskegee Institute, Alabama 36087

                OF COUNSEL

EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>REQUESTS FOR PRODUCTION TO PLAINTIFF KINERA LOVE</u>

COMES NOW Dolgencorp Inc. ("Dolgencorp") pursuant to Rule 34 of the Federal

Rules of Civil Procedure, and propounds the following Requests for Production upon

Plaintiff Kinera Love ("Plaintiff"):

### INTRODUCTION

(a)    Each discovery request seeks information available to Plaintiff, her attorneys

or agents and all persons acting on her behalf.  Each discovery request shall be deemed to be

continuing in the manner provided by law.

(b)    If any document or identification of any document is withheld under a claim

of privilege, in order that the Court and the parties may determine the validity of the claim of

privilege, Plaintiff should provide sufficient information to determine the identity of the

document and, as well, state the basis for any asserted claim of privilege.

(c)    If Plaintiff objects to part of a discovery request and refuses to answer that

part, she should state her objection and answer the remaining portion of that discovery

to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)     "Electronic data transmission" and "electronic data transmissions" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data or any other type of electronically transmitted material (see Notice at p.4 infra).

(e)     "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the discovery request subject.

(f)     "Identify" when used in reference to a natural person shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound

reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(g)    "Person" or "individual" includes individuals, corporations, firms, sole propri-etorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(h)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(i)    "You" and "your" shall mean Kinera Love, or any persons, entities, agents, or representatives acting or purporting to act for or on her behalf.

(j)    The term "this case" or "this litigation" means the above styled case, bearing Civil Action No. 3:06-CV-1147-MHT

NOTICE: When a request calls for an "electronic data transmission" or "electronic data transmissions," please produce a hard copy of same and identify same apart from other produced documents.

## REQUESTS FOR PRODUCTION

1.    Produce copies of any recordings of any type of any communications between you and/or any agent acting on your behalf, on the one hand, and Dolgencorp and/or any agent or employee acting on its behalf, on the other hand.

2.    Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and/or any agent acting on your

behalf, of the one hand, and Dolgencorp and/or any of its agents and/or employees, on the other hand, concerning or relating in any way to the subject matter of this action.

3.    Produce all diaries, notes, e-mails, tape-recordings, photographs, videotapes, books, notes, memoranda, letters, files, or other documents made or kept by you concerning:

    (a)    the matters alleged in your Complaint or your EEOC charge of discrimination;

    (b)    your employment with Dolgencorp; and

    (c)    any purported harassment, discrimination, retaliation, or any other unlawful conduct toward you or any other employee of Dolgencorp.

4.    Produce all documents that reflect or relate to the terms, conditions or benefits of your employment with Dolgencorp, including but not limited to, handbooks, acknowledgment forms, manuals, policies, job descriptions, and job procedures.

5.    Produce all documents identified or referred to in responding to Dolgencorp's First Interrogatories to Plaintiff.

6.    All documents (including but not limited to diaries, journals, notebooks, logs, appointment books, calendars, letters, notes, or memoranda) created, prepared or maintained by you which concern your employment with Dolgencorp, or which are otherwise related to your claims or any of Dolgencorp's defenses.

7.    All handbooks, procedures, policies, job descriptions, job procedures or any other documents in your or your attorney's possession relating to your employment with Dolgencorp.

8.    All documents which contain, or which refer to or otherwise concern, any communications of any kind between you and Dolgencorp, or between you and any former

or present employee or representative of Dolgencorp, concerning the claims alleged in your complaint against Dolgencorp.

9.    All documents which contain, or which refer to or otherwise concern any complaint which you made to any co-worker, supervisor, officer, agent or any employee of Dolgencorp relating to or concerning any of the matters alleged in your Complaint.

10.    All documents or records that refer to or otherwise are concerned with any medical, psychiatric, psychological, or physical illnesses, injuries or conditions suffered by you within the last ten (10) years, including, but not limited to all intake notes, intake summaries, prescriptions, diagnoses or treatment records, hospital or other medical bills, and records of payment including cancelled checks and receipts of any kind.

11.    All documents that you (or your attorney(s)) provided to any federal, state and/or local agencies, and any and all correspondence or other documents sent from the federal, state and/or local agencies to you (or your attorney(s)) regarding your claims against Dolgencorp.

12.    All business records of Dolgencorp or other documents obtained from Dolgencorp which are in your possession, custody or control.

13.    All documents that refer to or otherwise concern the amount and source of any income received by or accruing to you other than those amounts paid by Dolgencorp including, but not limited to, business licenses, federal and state income tax returns, W-2 forms, estimated tax payments, payroll check stubs, bank deposit slips, bank statements, unemployment and workers' compensation documents, and state or federal welfare benefits documents.

14.    All documents (including without limitation, any statements, summaries,

transcripts or tape recordings) which record, preserve or memorialize the substance or details of any communications between or among any persons concerning your allegations against Dolgencorp.

15.    Produce all documents provided to any expert witness whom you expect to call at trial as well as any and all reports, correspondence or memoranda from any experts retained by you concerning your claims in this lawsuit.

16.    Produce all documents containing, evidencing, or referring to any of your efforts to mitigate your alleged damages.

17.    Produce a copy of any pleadings in any lawsuit previously filed by or against you in the last ten years.

18.    Produce every document which evidences, refers or relates to communications between you and any other individual, other than the parties to this lawsuit and your lawyers, with whom you have consulted about the subject of this lawsuit.

19.    Produce each and every document which supports, rebuts, or relates to your claims for alleged damages in this lawsuit.

20.    Produce copies of your income tax returns, federal and state, with all attachments and schedules thereto and all W-2 forms for the last five (5) years.

21.    Produce any and all documents and/or materials received during your employment with Dolgencorp, including but not limited to, employment records, worker's compensation files, personnel records, performance records, notes, e-mails, tapes, cassettes, videos, and memoranda.

22.    Produce copies of any and all employee evaluations, disciplinary, reprimands and/or counseling forms received from your previous five employers, including Dolgencorp.

23.    Produce a copy of any document that you intend to introduce or refer to at the trial of this case.

24.    Produce any and all documents reflecting prescription medications taken by you in the last five (5) years.

25.    Produce copies of any and all documents which you provided or received as part of your application or request for benefits, including but not limited to unemployment, disability, worker's compensation or social security benefits, pension or annuity; alimony or other court-ordered payments.

26.    Produce any and all documents, including but not limited to resumes, applications for employment, personnel files, benefits and payroll records, relating to your employment with your current employer and any other employers that you have worked with since your employment was terminated by Dolgencorp.

27.    Produce any and all documents reflecting any involvement by you with the bankruptcy court or regarding any filings by you for protection under any bankruptcy laws.

28.    Produce all documents that reflect or relate to any complaint, objection, grievance, protest, or other indication of dissatisfaction expressed by you to any other person or entity, including but not limited to Dolgencorp, concerning harassment, discrimination, retaliation, or any other unlawful conduct and/or any of the matters alleged in your Complaint.

29.    Produce all documents that reflect or relate to any EEOC charge or claim of harassment, discrimination, retaliation, or any other unlawful conduct against any entity or individual other than Dolgencorp.

30.    Produce any other documents not encompassed by any other request above which reflect or relate to each, any and all of your factual allegations and/or purported claims against Dolgencorp or any other matter alleged in or related to any allegation in your Complaint.

Respectfully submitted,

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
*Attorneys for Defendant – Dolgencorp, Inc.*

**OF COUNSEL:**
**Ogletree, Deakins, Nash,**
    **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon counsel of record in this action by U. S. Mail, postage prepaid, on this the ___13th___ day of ___February___, 2007, properly addressed as follows:

Lateefah Muhammad
P.O. Box 1096
Tuskegee Institute, Alabama 36087

OF COUNSEL

# EXHIBIT 4



**Ogletree Deakins**
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile:  205.328.6000
www.ogletreedeakins.com

Writer's Direct Dial: (205) 986-1023
Writer's Email: Ryan.Aday@odnss.com

March 29, 2007

**VIA FACSIMILE AND U.S. MAIL**
Lateefah Muhammad, Esq.
P.O. Box 1096
Tuskegee Institute, Alabama 36087

  **Re:** *Kinera Love v. Dolgencorp, Inc.*

Dear Lateefah:

  Please accept this letter as our attempt as Defendant's compliance with Rule 37 of the Federal Rules of Civil Procedure. Your client's responses to Defendant's First Interrogatories and Requests for Production were due on March 19, 2007. To date, we have received no responses. If we do not receive complete responses on or before April 6, 2007, we will have no choice but to file a Motion to Compel with the Court.

  Thank you for your attention and cooperation.

    Sincerely,

    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

    Ryan M. Aday

RMA/jjw/4744462.1

cc: Christopher W. Deering, Esq. (Via Hand Delivery)

# EXHIBIT 5



**Ogletree Deakins**
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile:  205.328.6000
www.ogletreedeakins.com

Writer's Direct Dial: (205) 986-1023
Writer's Email: Ryan.Aday@odnss.com

April 6, 2007

**VIA E-MAIL ATTACHMENT AND U.S. MAIL**
Lateefah Muhammad, Esq.
P.O. Box 1096
Tuskegee Institute, Alabama 36087

   Re:   *Kinera Love v. Dolgencorp, Inc.*

Dear Lateefah:

   I am writing to confirm our understandings as we discussed in our telephone conversation of April 5, 2007. As we discussed, your client's discovery responses and Rule 26 initial disclosures are overdue, and we agreed that you will provide us with those responses and disclosures no later than Friday, April 13, 2007.

   Please contact me with any questions.

                    Sincerely,

          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                    Ryan M. Aday

RMA/jjw/4761640.1

cc:   Christopher W. Deering, Esq. (Via Hand Delivery)

EXHIBIT 6

# LATEEFAH MUHAMMAD, ATTORNEY AT LAW, P.C.

**3805 WEST MARTIN LUTHER HIGHWAY**
**TUSKEGEE, ALABAMA 36083**
**MAILING ADDRESS:**
**POST OFFICE BOX 1096**
**TUSKEGEE INSTITUTE, ALABAMA 36087**
**(334) 727-1997 TELEPHONE/FACSIMILE**
**lateefahmuhammad@aol.com**

13 April 2007

Ryan M. Aday, Esquire
OGLETREE DEAKINS, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

**RE:  OUR CLIENT FILE #06-0154/KINERA LOVE**
   *LOVE v. DOLLAR GENERAL STORES*, 3:06cv1147-MHF-SRW

Dear Mr. Aday:

Unfortunately, the process of getting the discovery requests completed is taking a bit longer than I had anticipated.  My Client will need a few more days to get all of the documents together. Therefore, I expect it will be next Friday, 20 April 2007, before I will able to get the completed requests to you.

If you have any comments and/or questions regarding this correspondence, please let me know.

Thank you for your cooperation.

Very truly yours,

Lateefah Muhammad

cc:  Ms. Kinera Love

APR 16 2007