## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

KINERA LOVE,                          )
     Plaintiff,                     )
                          )
v.                                    )    CASE NO.: 03-06cv1147-MHT-SRW
                          )
DOLLAR GENERAL CORPORATION, )
 d/b/a DOLGENCORP, INC.,              )
     Defendant.                     )

### NOTICE OF PLAINTIFF'S RESPONSES TO
### DEFENDANT'S DISCOVERY REQUESTS

The Plaintiff, by and through her attorney of record, files this Notice of Plaintiff's Responses to Defendant's Discovery Requests, including Plaintiff's Initial Disclosures (amended), and responses to the Defendant's Interrogatories and Request for Production were sent to the Defendant's attorney of record on 2 May 2007.

Further, the Plaintiff gives notice that on 25 April 2007, an unsigned copy of Plaintiff's Responses to Defendant's Interrogatories and Plaintiff's Initial Disclosures, with a cover letter, were sent by regular mail to the Defendant's attorney of record, Ryan M. Aday, as shown by the attached **Exhibits A, B and C**.

Respectfully submitted,


        s/Lateefah Muhammad
Lateefah Muhammad  (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com
ASB-2673-A58L

## **CERTIFICATE OF SERVICE**

I hereby certify that on 4 May 2007, I electronically filed the foregoing Notice of Plaintiff's Response to Defendant's Discovery Requests with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ryan M. Aday, Esquire, and Christopher W. Deering, Esquire, attorneys for Defendant.


s/Lateefah Muhammad
Lateefah Muhammad

# EXHIBIT A

# LATEEFAH MUHAMMAD, ATTORNEY AT LAW, P.C.

**3805 WEST MARTIN LUTHER HIGHWAY**
**TUSKEGEE, ALABAMA 36083**
**MAILING ADDRESS:**
**POST OFFICE BOX 1096**
**TUSKEGEE INSTITUTE, ALABAMA 36087**
**(334) 727-1997 TELEPHONE/FACSIMILE**
**lateefahmuhammad@aol.com**

25 April 2007

Ryan M. Aday, Esquire
OGLETREE DEAKINS, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

**RE:  OUR CLIENT FILE #06-0154/KINERA LOVE**
     _**LOVE v. DOLLAR GENERAL STORES**_, 3:06cv1147-MHF-SRW

Dear Mr. Aday:

Enclosed is an unsigned copy of the Plaintiff's Responses to Defendant's Interrogatories in the above case.  The signed copy will be sent to you as soon as Ms. Love signs it.  I am also sending to you the Plaintiff's Initial Disclosures.  The rest of the discovery requests, namely, the Defendant's Request for Production, will be sent to you when I receive from Ms. Love the items to be produced.

Thank you for your cooperation.

Very truly yours,

Lateefah Muhammad

cc:  Ms. Kinera Love

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,               )
      Plaintiff,         )
                     )
v.                    )  CASE NO.: 03-06cv1147-MHT-SRW
                     )
DOLLAR GENERAL CORPORATION, )
  d/b/a DOLGENCORP, INC.,    )
      Defendant.      )

**PLAINTIFF'S RESPONSE TO DEFENDANT' S INTERROGATORIES**

The Plaintiff offers the following responses:

1. The Plaintiff objects to this interrogatory, in part, regarding the request for her to state her social security number. With this objection, the Plaintiff cites the Privacy Act. Without waiving said objection, the Plaintiff states the following:

Name: Kinera La'Shun Love;

Date and place of birth: September 26, 1979, Lee County Hospital (now East Alabama Medical Center), Opelika, Alabama;

Social Security Number: XXX-XX-6715

Telephone number: 334-737-0800;

Present home address: 409-A Toomer Circle, Opelika, Alabama 36801, same address on the dates of the occurrences made the basis of this suit;

Driver's license state and number: Alabama, 7185224;

2. Each person identified in the Plaintiff's Complaint has knowledge of the relevant facts concerning the issues, claims and defenses in this lawsuit. Additional witnesses whom the Plaintiff can presently identify are: Jean Love, Post Office Box 236, Loachapoka, Alabama

36865; Tiffany Cross, 186 Lee Road, Opelika, Alabama 36804, 334-750-0206; Marcie McGhee, 454 South Tenth Street, Opelika, Alabama 36801, 334-660-6902; Jo Ann S. Holder, administrative hearing officer, Alabama Department of Industrial Relations; Jean Walker, federal investigator, Equal Employment Opportunity Commission, Birmingham, Alabama, 205-212-2100; present and/or former employees of Dollar General, namely, Jamie Jennings, Johnnie, Julie Morrison, Tammy Stevenson and Donna Taffy.    Contact information for each employee is unknown at this time;

3.    The Plaintiff identifies the following persons: Jean Love, Tiffany Cross, Marcie McGhee, Marcus Ware.  The Plaintiff does not presently recall the details of each discussion.  If and when she is able to do so, this answer will be supplemented.

4.    The Plaintiff was a party in a lawsuit against Winn-Dixie.  It was a slip and fall action, styled Kinera Love v. Winn-Dixie.  The case was filed in the Lee County Circuit Court.

5.    The Plaintiff objects to this interrogatory in that it requests documents that are privileged and a part of the attorney work product.  Without waiving said objection, the Plaintiff answers that she has affidavits that support her claims and a copy of each is attached here.  This answer will be supplemented should any additional documents which are not considered privileged become known.

6.    The Plaintiff answers that the charge of discrimination filed against Dolgencorp on 16 March 2006 is the only complaint she has filed with the Equal Employment Opportunity Commission.

7.    The Plaintiff answers that, in the last ten years, she has worked at the following;

  a. Burger King; cashier; 1997-1998; $5.15-$5.35; not enough hours; does not recall name of supervisor; no supervisory capacity;

2

$5.45; lack of transportation; Greg Philpot, supervisor; no supervisory capacity;

c. Health Data, Inc.; data input operator; filed auto accident reports; July 1998-December 1998; $5.75-$6.00; relocated; Jody, supervisor; no supervisory capacity;

D. Taco Bell; lead cashier; April 1999; $5.25-$6.05; relocated; Fred Owens; supervised other cashiers;

e. Tuskegee University (OneSource and Sodexho); custodian; July 2000-February 2005; $5.15-$6.35; medical reasons regarding my Mother; Ms. Butler, supervisor; no supervisory capacity;

f. Dollar General Store; cashier; April 2005-October 2005; $5.25-$7.25

g. Southern Management; custodian/crew leader; October 2006-Present; $6.95; Brad Campbell and Marcus Ware, supervisors; supervisory capacity;

8. The Plaintiff answered this Interrogatory in Item #5 above;

9. This answer will be supplemented upon receipt of documents;

10. The Plaintiff has not identified any expert whom she expects to be called at the trial. This answer will be supplemented if and when any such expert is identified;

11. Neither the Plaintiff nor her attorney or any other person acting on the Plaintiff's behalf has contacted any employee of Dolgencorp. The Plaintiff has contacted former employee Tiffany Cross for her current contact information as shown in Item #2 above;

12. The Plaintiff complained and reported to Wendy, human resource director at ERC with Dolgencorp business office in Columbus, Georgia;

3

13.  The Plaintiff maintained an assignment notebook in the store during her employment at Dolgencorp.  At the point of separation, she requested it or a copy and management refused to give either;

14.  The Plaintiff recalls the first incident was when management overlooked the Plaintiff when the assistant manager's position given to his niece, Donna Taffy.  To add insult to injury, she recalls that management required her to train Donna Taffy in various management duties that she did not know but the Plaintiff did.  The Plaintiff recalls the second  incident occurred when management refused to consider her for the assistant manager's position at another store where an opening occurred.  The Plaintiff recalls the third incident was on her birthday, September 26, 2005, when management came into the store and began verbally attacking her and threatening to replace her for no apparent reason.  The Plaintiff recalls the next incident occurred when she was suspended by management from her position without any reason given.  The Plaintiff recalls the next incident occurred when she was terminated from the position without any reason given. Each incident was reported to ERC with no results;

15.  The Plaintiff recalls being retaliated against by management because she filed a complaint with ERC for unfair and discriminatory practices in the workplace.  The Plaintiff recalls Tiffany Cross was one of the witnesses to the incident.  The Plaintiff recalls that on October 11, 2005, Jack Traywick ("Traywick) came into Dollar General Store where she worked and told her he wanted to talk with her. The Plaintiff recalls going into the back of the store with Traywick, along with another store manager, a female named Johnnie.  The Plaintiff recalls inquiring about Traywick's need to talk with her and that he told her he wanted to get to know her better.  The Plaintiff further recalls Traywick asking her various personal questions.  As he

continued to interrogate her, the Plaintiff recalls informing him that she did not feel comfortable with his inquiries and wanted to have a witness or an attorney present. The Plaintiff recalls that at that point, Traywick snatched her keys from her hand, took the store keys from the keychain, and threw the remaining key to her. The Plaintiff recalls that Traywick then ordered her to leave the premises. The Plaintiff recalls asking what had she done to deserve such treatment and Traywick threatened to call the police. The Plaintiff recalls leaving the store in tears and feeling extremely hurt and disrespected;

16. The Plaintiff does not have any ownership interest in real estate;

17. The Plaintiff has answered this interrogatory in a separate document. See Plaintiff's Initial Disclosures;

18. The Plaintiff identifies her current employer, Southern Management in Opelika, Alabama. She applied in October 2006;

19. The Plaintiff states that she inquired about employment opportunities with various entities; no applications submitted because none were hiring;

20. The Plaintiff states that she applied for unemployment compensation shortly after her termination at Dolgencorp, Inc. She was awarded compensation. She received a total of $607.00 from the Alabama Department of Industrial Relations between November 2005 and February 2006. The additional income that the Plaintiff has received is from her employment at Southern Management Company. She serves as a Crew Leader with duties to train and evaluate the completed work orders of those she supervises. The Plaintiff's total income ranges between $5,550.00 and $6,000.00. She was hired on or about October 15, 2006. The address of her employer is 1510 2nd Avenue, Opelika, Alabama 36801, 334-745-3822;

21.  See Item #20 above;

22.  The Plaintiff states that she has never been arrested or convicted of any crime;

23.  The Plaintiff states that she has never filed bankruptcy;

24.  The Plaintiff objects to this question on the basis of relevance.  Without waiving said objection, the Plaintiffs states that she only consulted with her present attorney of record; and,

25.  The Plaintiff identifies the following relatives who are over 18 and live in the Middle District of Alabama:

    a.  Jean Love, Mother, Post Office Box 236, Loachapoka, Alabama 36865, retired

    b.  John Ogletree, Father, address unknown, retired

    c.  Lonnie Love, Brother, 2860 Dogwood Street, Opelika, Alabama 36801, Interior Transformation;

    d.  Alvin Ogletree, Brother, 500 Crawford, Lot #700, Opelika, Alabama 36801, truck driver;

    e.  Salissa Love, Sister, address unknown, Fairfax Mill;

    f.  Barbara Love, Aunt, 1375 County Road 12, Waverly, Alabama, Valley Mill;

    g.  Lela Andrews, Aunt, 624 Westview Drive, Auburn, Alabama 36830, retired.

Respectfully submitted,

_____

Kinera Love

SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of _____, 2007.

_____

Notary Public

Seal

My Commission expires: 12/03/08

6

_Lateefah Muhammad_

Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Responses to Defendant's Interrogatories to Ryan M. Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid, on this 25th day of April, 2007.

_Lateefah Muhammad_

Lateefah Muhammad

7

STATE OF ALABAMA   )
                      )
MACON COUNTY     )

COPY

## AFFIDAVIT

I, the undersigned Affiant, hereby acknowledge the following:

My name is Marcie McGhee. I received a call from Ms. Kinera Love informing me of a job opening at the Dollar General in Auburn, Alabama. I told her that I was interested in the job because I needed work that would allow me to support my children. I asked her to bring an application for me to complete. When she got off work, Kinera brought the application to me, I filled it out and returned it to her to turn in to Mr. Jeff Jenning. I received a call from Jeff informing me of an interview for the position of 2 p.m. the same day. During the interview, I told Jeff that I had worked at Taco Bell as a cashier for two years. After the interview, he told me that he would get back with me after he spoke with some other person.

Two or three days later, I was told by Kinera that Jeff asked her to tell me that I was not qualified for the position because of the way I was dressed during the interview. He told her that I was dressed in flip-flaps and a bandana. However, that was not true. I was dressed very appropriately for the interview.

I believe that Jeff did not hire me because of my race, because I am African American. He hired his step-daughter, Jamie, instead and she did not have the experience for the job as I did.

The Affiant further saith not.

                                    _____
                                      Marcie McGhee, Affiant

Affidavit of Marcie McGhee
Page 2

**SWORN AND SUBSCRIBED BEFORE ME** this _____16th_____ day of March, 2006.

_Lateefah Muhammad_
Notary Public

SEAL

My Commission expires: ___12/03/08___

**STATE OF ALABAMA** )
)
**LEE COUNTY** )

### AFFIDAVIT

I, the undersigned Affiant, hereby acknowledge the following:

1. My name is Tiffany Cross. I am a former store manager of the Dollar General, Opelika, Alabama store at 1515 2nd Avenue. I am a white female. I am freely giving this statement in support of Kinera Love because it is the right thing to do.

2. I recall an incident that occurred in the Phenix City store on an occasion when there was a managers' meeting. Jack Trawick had just returned from the Auburn store investigating a complaint that Kinera Love called into ERC because she did not get the position of assistant manager. Jack was talking to Charles McDonald and Jeff Jenning, and I heard him tell Jeff and Charles that they needed to get rid of Kinera because she could cause them some trouble.

3. I recall that instead of them hiring Kinera, whom I know was capable and qualified, for the assistant manager position, they hired a white female, Donna Talley, Charles' niece. I know that Donna had no managerial experience when they hired her. I know that she had been on the job at Dollar General for only two weeks before the position was given to her. I know that she came to Dollar General from a factory assembly line. I know that Kinera was in line to be promoted to the assistant manager position when she was sent to the Auburn store from the Opelika store, having been trained by Julie Morrison. I know that Kinera practically ran the Auburn store and that when they hired Donna, Kinera had to train her. I know Charles to be prejudice against Blacks.

4. I know Charles to be prejudice against a Black person on another occasion. A Black lady came into the Opelika store once and asked about a job, and Charles told her he was not hiring. That same day, he hired two white females.

Affidavit of Tiffany Cross
Page 2

The Affiant further saith not.

_____
Tiffany Cross, Affiant

**SWORN AND SUBSCRIBED BEFORE ME** this _____11th_____ day   of
October, 2006.

_____
Notary Public

SEAL

My Commission expires: 12/03/08

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 03-06cv1147-MHT-SRW |
| | ) | |
| DOLLAR GENERAL CORPORATION, | ) | |
|   d/b/a DOLGENCORP, INC., | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

The Plaintiff, by and through her attorney of record, submits this Plaintiff's Initial Disclosures to the Defendant, by and through its counsel of record, pursuant to Rule 26(a)(1)(A-D). The Plaintiff reserves the right to supplement these Disclosures.

1.  The following individuals are likely to have discoverable information relevant to disputed facts. The subject information is shown next to each name:

a.  Jean Love, Post Office Box 236, Lochapoka, Alabama 36865 - Plaintiff's emotional pain and suffering, mental anguish, loss of enjoyment of life and other noneconomic losses;

b.  Tiffany Cross, 186 Lee Road, Opelika, Alabama 36804, 334-750-0206 - Plaintiff's performance on job, emotional pain and suffering, mental anguish, loss of enjoyment of life and other noneconomic losses mistreatment and discriminatory practices by management of Dolgencorp, Inc.;

c.  Marcie McGhee, 454 South Tenth Street, Opelika, Alabama 36801, 334-660-6902 - Plaintiff's emotional pain and suffering, mental anguish, loss of enjoyment of life and other noneconomic losses, and Dolgencorp, Inc.'s mistreatment and discriminatory

practices in hiring;

d.  Jean Walker, federal investigator, Equal Employment Opportunity Commission, Birmingham, Alabama, 205-212-2100 - Can verify the Plaintiff's Charge of Discrimination to the Equal Employment Opportunity Commission;

e.  Jamie Jennings - Plaintiff's performance on the job at Dolgencorp, Inc.;

f.  Johnnie - Conference between Plaintiff and Jack Traywick in which she, as a store manager, attended and witnessed;

g.  Julie Morrison - Plaintiff's performance on the job;

h.  Tammy Stevenson - Plaintiff's performance on the job;

i.  Donna Taffy - Plaintiff's performance on the job;

j.  Wanda - Discriminatory practices by management of Dolgencorp, Inc.; and,

k.  Each person named and referred to in Plaintiff's Original Complaint.

2.  The Plaintiff has copies of her payroll stubs from employer since the termination from the Defendants' employment.  Further, the Plaintiff has medical records indicating health conditions, along with medical bills.  These copies will be supplemented by Plaintiff's counsel upon receipt from the Plaintiff.

3.  The Plaintiff's computation of damages claimed are as follows:

a.  Backpay- Based upon her earnings at the time of separation ($7.25/hour), the Plaintiff claims $45,000.00, plus interest at 12 per cent;

b.  Compensatory Damages - Plaintiff claims $45,000.00 for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses, plus interest at 12 per cent;

c.  Punitive Damages - Plaintiff claims $1,500,000.00 for punitive damages, plus interest.

Respectfully submitted,

*Lateefah Muhammad*

Lateefah Muhammad  (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Initial Disclosures to Ryan M. Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid, on this 25th day of April, 2007.

*Lateefah Muhammad*

Lateefah Muhammad