## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **KINERA LOVE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **DOLLAR GENERAL** | ) | **3:06-CV-1147-MHT** |
| **CORPORATION,** | ) | |
| **d/b/a DOLGENCORP, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO COMPEL

COMES NOW Defendant Dolgencorp, Inc. ("Dolgencorp"), incorrectly named in the complaint as "Dollar General Corporation, d/b/a Dolgencorp, Inc.," and files its Motion to Compel Plaintiff Kinera Love ("Plaintiff") to produce complete responses to Dolgencorp's Interrogatories and Requests for Production of Documents. In support hereof, Dolgencorp states as follows:

## I.    INTRODUCTION AND BACKGROUND:

Dolgencorp served Plaintiff with Interrogatories and Requests for Production via U.S. Mail on February 13, 2007. *See* Interrogatories to Plaintiff, attached hereto as Exhibit "1"; Requests for Production to Plaintiff, attached hereto as Exhibit "2." Accordingly, Plaintiff's discovery responses were due on March 19, 2007.

Having received no responses on March 19, 2007, Dolgencorp made efforts to procure discovery responses without the Court's intervention without success. On April 25, 2007, Dolgencorp filed a Motion to Compel with this Court. The Court entered an Order granting

the Motion to Compel, ordering Plaintiff to provide discovery response on or before May 3, 2007. *See* Order, attached hereto as Exhibit "3." Plaintiff served discovery responses on May 2, 2007. *See* Plaintiff's Interrogatory Responses, attached hereto as Exhibit "4"; Plaintiff's Request for Production Responses, attached hereto as Exhibit "5."

In accordance with Fed. R. Civ. P. 37, on June 21, 2007, the undersigned counsel wrote Plaintiff's counsel a letter detailing each deficient discovery response from Plaintiff and allowing Plaintiff's counsel until July 2, 2007, to provide complete responses. *See* Correspondence dated June 21, 2007, attached hereto as Exhibit "6." To date, the undersigned counsel has not received any supplemental responses from Plaintiff.

## II.    ARGUMENT:

Dolgencorp contends that it is entitled to certain information from Plaintiff which has not been provided. Each specific deficient discovery response is addressed as follows:

### A.    Interrogatory Responses:

<u>Interrogatory No. 3</u>: *Identify every person, other than your attorneys, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and state in detail the substance of each and every discussion, stating when each discussion took place, what was said by all persons, and to whom each statement was made.*

<u>Plaintiff's Response</u>: The Plaintiff identifies the following persons: Jean Love, Tiffany Cross, Marcie McGhee, Marcus Ware. The Plaintiff does not presently recall the details of each discussion. If and when she is able to do so, this answer will be supplemented.

This response is incomplete as it does not provide the substance of each conversation Plaintiff had with the individuals listed. Dolgencorp asks that the Plaintiff either provide the details of Plaintiff's conversations with each person identified or confirm that she cannot remember the details.

<u>Interrogatory No. 9</u>: *Please identify (by name, address, telephone number and any business affiliation) all physicians, osteopaths, chiropractors, psychologists, counselors, therapists, or other*

*health professionals or providers of health services, and each hospital, infirmary, sanitarium, nursing home, clinic or other institution or facility from which you have sought or received treatment, advice, therapy or counseling within the past ten (10) years, and for each state what mental, emotional or physical illness, injury or condition for which you were treated, advised or counseled, whether the illness, injury or condition was found to be related to your employment with Dolgencorp (and, if so, how it was related), on what date or dates you were treated, advised or counseled, what diagnosis or prognosis was given, the result of any such treatment and whether you still suffer from the illness, injury or condition.*

Plaintiff's Response: This answer will be supplemented upon receipt of documents.

This response is incomplete as it provides none of the requested information. Additionally, to date, the undersigned counsel has not received any documents which Plaintiff indicates would be responsive to this request.

Interrogatory No. 12: *Please identify (by name, address, telephone number, and any business affiliation) all employees of Dolgencorp to whom you complained and/or reported any of the allegations contained in your Complaint (including, without limitation, information concerning any events, events, occurrences, incidents or statements, and any damages you may claim) and, for each such complaint and/or report, please provide the substance of the communication by you, and describe any and all documents in which communications with such persons are described or referenced.*

Plaintiff's Response: The Plaintiff complained and reported to Wendy, human resource director at ERC with Dolgencorp business office in Columbus, Georgia.

This response is incomplete as it does not provide the substance of each communication, when each communication occurred, what Plaintiff said in each communication, and in what manner each communication was made. This information is clearly relevant with respect to Plaintiff's discrimination and retaliation claims.

Interrogatory No. 13: *Did you maintain a diary, journal, notebook, log, appointment book, calendar, videotape, audiotape, or similar documents concerning your employment with Dolgencorp, or which are otherwise relevant to your claims or any of Dolgencorp's defenses?*

Plaintiff's Response: The Plaintiff maintained an assignment notebook in the store during her employment at Dolgencorp. At the point of separation, she requested it or a copy and management refused to give either.

While Plaintiff may have requested the original or a copy from management, Dolgencorp asks that Plaintiff confirm that she does not have a copy of the assignment notebook in her possession, and that if she has a copy, to please produce it.

Interrogatory No. 19: *Please describe any and all efforts you have taken in order to mitigate your alleged damages which are the basis of your claims in this matter.*

Plaintiff's Response: The Plaintiff states that she inquired about employment opportunities with various entities; no applications submitted because none were hiring.

Dolgencorp asks that Plaintiff provide the names of the entities with whom Plaintiff inquired as to employment opportunities, when she inquired, and the manner in which she inquired with each. Such information is relevant with respect to Plaintiff's duty to mitigate her alleged damages.

Interrogatory No. 24: *Identify all attorneys, law firms, and/or any other person or entity you consulted regarding your representation in this action, including but not limited to the date on which you first spoke to such attorney, law firm, person, or entity regarding your representation in this action.*

Plaintiff's Response: The Plaintiff objects to this question on the basis of relevance. Without waiving said objections, the Plaintiffs [*sic*] states that she only consulted with her present attorney of record; and

Plaintiff's response to this interrogatory ends with the word "and". Dolgencorp asks that Plaintiff provide a complete response to this interrogatory.

**B.    Request for Production Responses:**

Request for Production No. 2: *Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and/or any agent acting on your behalf, of the one hand, and Dolgencorp and/or any of its agents and/or employees, on the other hand, concerning or relating in any way to the subject matter of this action.*

Plaintiff's Response: The Plaintiff objects to this request in that it requests documents and/or information that may be privileged and/or attorney work product. Without waiving said objection, the Plaintiff responds to produce documentation that is not considered privileged or an attorney work product.

Dolgencorp asks that Plaintiff please confirm that all such documents have been produced, or whether additional responsive documents exist. If additional documents exist, please produce them as soon as possible.

Request for Production No. 6: *All documents (including but not limited to diaries, journals, notebooks, logs, appointment books, calendars, letters, notes, or memoranda) created, prepared or maintained by you which concern your employment with Dolgencorp, or which are otherwise related to your claims or any of Dolgencorp's defenses.*

Plaintiff's Response: The Plaintiff responds that these documents were maintained at Dolgencorp and, despite her requests, were not released to her upon separation.

While responsive documents may be maintained by Dolgencorp, and while Plaintiff may have requested same, Dolgencorp asks that Plaintiff confirm whether or not Plaintiff has any responsive documents in her possession.

Request for Production No. 9: *All documents which contain, or which refer to or otherwise concern any complaint which you made to any co-worker, supervisor, officer, agent or any employee of Dolgencorp relating to or concerning any of the matters alleged in your Complaint.*

Plaintiff's Response: Produced. See response to item #1 above.

This response is ambiguous and confusing. In response to Request for Production No. 1, Plaintiff responds "The Plaintiff objects to this request on the grounds of vagueness and that it is too broad. Without waiving said objection, the Plaintiff responds that she has no such recordings." However, in response to Request for Production No. 9, Plaintiff responds that she has produced the requested documents, but refers to her response to Request for Production No. 1, in which she states she has "no such recordings." Clearly, this Response is nonsensical and requires clarification and/or supplementation. Additionally, the undersigned counsel has not received any documents responsive to this request. Dolgencorp requests that Plaintiff clarify this response and produce any responsive documents.

Request for Production No. 10: *All documents or records that refer to or otherwise are concerned with any medical, psychiatric, psychological, or physical illnesses, injuries or conditions suffered by you within the last ten (10) years, including, but not limited to all intake notes, intake summaries, prescriptions, diagnoses or treatment records, hospital or other medical bills, and records of payment including cancelled checks and receipts of any kind.*

Plaintiff's Response: The Plaintiff objects to this request in that it is too broad and vague. The Plaintiff also cites HIPA [*sic*] confidentiality. Without waiving said objection, the Plaintiff has requested medical documents from her physician during the past three years and will produce them upon receipt.

To date, the undersigned counsel has not received any documents responsive to this request. As Plaintiff is claiming mental anguish damages, this information is certainly discoverable.

Request for Production No. 18: *Produce every document which evidences, refers or relates to communications between you and any other individual, other than the parties to this lawsuit and your lawyers, with whom you have consulted about the subject of this lawsuit.*

Plaintiff's Response: The Plaintiff objects to this request in that it seeks documents and/or information that may be privileged and/or an attorney work product.

Dolgencorp asks that Plaintiff provide a privilege log for the documents referred to in Plaintiff's response to this request.

5

     <u>Request for Production No. 20</u>: *Produce copies of your income tax returns, federal and state, with all attachments and schedules thereto and all W-2 forms for the last five (5) years.*

     <u>Plaintiff's Response</u>: Copy of 2005 W-2 form and 2005 federal income tax return is attached. This response will be supplemented if and when the Plaintiff obtains any additional documents.

     This response is incomplete as the undersigned counsel has not received all the requested documents. Dolgencorp asks that Plaintiff produce her state and federal tax returns for the years 2002, 2003, 2004, and 2006, and her state tax return for 2005.

## III.    CONCLUSION:

     WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully requests that this Court grant its Motion to Compel and order Plaintiff to produce the information detailed herein.

                                   Respectfully submitted,

                                   /s/ Ryan M. Aday
                                   Christopher W. Deering
                                   Ryan M. Aday
                                   ***Attorneys for Defendant***
                                   ***Dolgencorp, Inc.***

**<u>OF COUNSEL:</u>**
**Ogletree, Deakins, Nash,**
   **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel of record in this action via Electronic Filing on this the 10th day of July, 2007.

Lateefah Muhammad
P.O. Box 1096
Tuskegee, Alabama 36087

/s/ Ryan M. Aday
OF COUNSEL

# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

KINERA LOVE,                              )
                                )
      Plaintiff,                         )
                                )
vs.                                      )      CIVIL ACTION NO.:
                                )
DOLLAR GENERAL                           )      3:06-CV-1147-MHT
CORPORATION,                             )
d/b/a DOLGENCORP, INC.                   )
                                )
      Defendant.                         )
                                )

## INTERROGATORIES TO PLAINTIFF KINERA LOVE

COMES NOW Dolgencorp, Inc. ("Dolgencorp") pursuant to Rule 33 of the Federal Rules of Civil Procedure, and propounds the following Interrogatories upon Plaintiff Kinera Love ("Plaintiff"):

### INTRODUCTION

(a)     Each discovery request seeks information available to Plaintiff, her attorneys or agents and all persons acting on her behalf. Each discovery request shall be deemed to be continuing in the manner provided by law.

(b)     If any document or identification of any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, Plaintiff should provide sufficient information to determine the identity of the document and, as well, state the basis for any asserted claim of privilege.

(c)     If Plaintiff objects to part of a discovery request and refuses to answer that part, she should state her objection and answer the remaining portion of that discovery

1

request. If Plaintiff objects to the scope or time period of a discovery request and refuses to answer for that scope or time period, she should state her objection and answer the discovery request for the scope or time period Plaintiff believes is appropriate.

(d)      If any of the following discovery requests cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in any particular, the details of such qualification should be set forth.

## DEFINITIONS

For purposes of these discovery requests and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(a)      "Communication" means any e-mail, correspondence, contact, discussion, or written or oral exchange between any two or more persons. Without limiting the foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits and conferences.

(b)      "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)      "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, electronic data transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used

to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)    "Electronic data transmission" and "electronic data transmissions" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data or any other type of electronically transmitted material (see Notice at p.4 infra).

(e)    "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the discovery request subject.

(f)    "Identify" when used in reference to a natural person shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound

reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(g)    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(h)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(i)    "You" and "your" shall mean Kinera Love, or any persons, entities, agents, or representatives acting or purporting to act for or on her behalf.

1.    The term "this case" or "this litigation" means the above styled case, bearing Civil

Action No. 3:06-CV-1147-MHT

NOTICE: When a request calls for an "electronic data transmission" or "electronic data transmissions," please produce a hard copy of same and identify same apart from other produced documents.


## INTERROGATORIES

1.    Please state your full name (and every name you have ever been known by), date and place of birth, social security number, telephone number, present home address,

residence address on the date(s) of the occurrences made the basis of this suit, length of residence there, driver's license state and number.

2.    Please identify all persons having knowledge, directly or indirectly, of relevant facts concerning the issues, claims and defenses in this lawsuit, and with respect to each such person, please set forth those facts of which the person has knowledge.  This list is not limited to the witnesses who will testify on your behalf at trial, but necessarily includes such witnesses.  This list should include last known addresses and telephone numbers.  This discovery request is continuing in nature pursuant to the Federal Rules of Civil Procedure.

3.    Identify every person, other than your attorneys, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and state in detail the substance of each and every discussion, stating when each discussion took place, what was said by all persons, and to whom each statement was made.

4.    Please identify every lawsuit or claim, including any divorce proceeding, in which you have participated or are currently participating whether as a witness, party, expert, or other type of participant, and with respect to each lawsuit, please state:

      (a)    the nature of your participation in the legal proceedings; and

      (b)    the style of the case, including the name of the court and jurisdiction where the case was filed.

5.    Please identify any and all documents you contend support or rebut your claims in this action and describe in detail (including, but not limited to, the date, author, recipient, whereabouts if known, and substance) each and every document of which you are aware that reflects in any way the damages suffered by you related to your claims in this lawsuit, or in the alternative, attach a copy of each document to your response to these

discovery requests.

6.    Please identify every complaint of discrimination filed with the Equal Employment Opportunity Commission, or the Office of Federal Contract Compliance Programs, or any other federal or state agency by you, alleging sex/gender, race, age, disability or any other form of discrimination, harassment or retaliation, and with respect to each such complaint, please state:

(a)    the party and/or persons against whom the complaint was filed;

(b)    the agency with which the complaint was filed;

(c)    the date of the complaint;

(d)    the nature of the discrimination alleged; and

(e)    the outcome of the complaint.

7.    Identify all persons, firms or corporations, for whom you have worked, in the last ten years, including any that you worked for after working for Dolgencorp, and further state or identify with particularity and specificity:

(a)    the name of each employer;

(b)    the kind of work done for each such employer;

(c)    the date on which you began working for each such employer;

(d)    the amount of compensation received from each such employer for your services;

(e)    on what date you stopped working for each such employer;

(f)    the reason you stopped working for each such employer;

(g)    your immediate supervisor at each such place of employment; and

(h)     if you were in a supervisory capacity, the number of persons supervised for each employer.

8.     Identify any person from whom you, or anyone acting on your behalf, have obtained a written, recorded, or oral statement concerning or relating to the events alleged in your complaint, and state the date on which such statement was obtained and who has possession of each such statement.

9.     Please identify (by name, address, telephone number and any business affiliation) all physicians, osteopaths, chiropractors, psychologists, counselors, therapists, or other health professionals or providers of health services, and each hospital, infirmary, sanitarium, nursing home, clinic or other institution or facility from which you have sought or received treatment, advice, therapy or counseling within the past ten (10) years, and for each state what mental, emotional or physical illness, injury or condition for which you were treated, advised or counseled, whether the illness, injury or condition was found to be related to your employment with Dolgencorp (and, if so, how it was related), on what date or dates you were treated, advised or counseled, what diagnosis or prognosis was given, the result of any such treatment and whether you still suffer from the illness, injury or condition.

10.     Identify each person you expect to call as an expert at the trial of this action, and state the substance of that person's expected testimony including:

(a)     The subject matter of the expert's testimony;

(b)     The substance of the facts and opinions to which the expert is expected to testify;

(c)     A summary of the grounds for each opinion;

(d)     Data or other information considered by the witness in forming the opinions;

(e)     Exhibit to be used as a summary of or support for the opinions;

(f)     The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years measured from the date that this lawsuit was filed;

(g)     The compensation to be paid for the study and testimony;

(h)     A listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years measured from the date on which this lawsuit was filed;

(i)     an identification (by names of parties, court and case number) of any other cases in which the witness has testified as an expert at trial or by deposition within the last four (4) years;

(j)     the substance of the facts and opinions to which the expert is expected to testify in this case;

(k)     a summary of the grounds for each opinion to be given; and

(l)     a statement of any facts or factual assumptions upon which the expert is expected to rely in giving any such opinion in this case.

11.     If you have contacted (or any attorney, investigator or other person acting on your behalf has contacted) any current or former employee of Dolgencorp in connection with this lawsuit, please state with respect to each such person, his or her name, address and telephone number, the date, time, place and means of communication, the substance in

detail of any such communication, and describe any and all documents in which communications with such persons are described or referenced.

12. Please identify (by name, address, telephone number, and any business affiliation) all employees of Dolgencorp to whom you complained and/or reported any of the allegations contained in your Complaint (including, without limitation, information concerning any events, events, occurrences, incidents or statements, and any damages you may claim) and, for each such complaint and/or report, please provide the substance of the communication by you, and describe any and all documents in which communications with such persons are described or referenced.

13. Did you maintain a diary, journal, notebook, log, appointment book, calendar, videotape, audiotape, or similar documents concerning your employment with Dolgencorp, or which are otherwise relevant to your claims or any of Dolgencorp's defenses?

14. Please identify each and every act by an employee of Dolgencorp that you believe was discriminatory towards you, including the date and place of the incident, the substance of any communication that related to your race, all witnesses to the incident, all documents related to the incident, and when and to whom you reported the incident.

15. Please identify each and every act by an employee of Dolgencorp that you believe was retaliatory towards you, including the date and place of the incident, the substance of any such communication, all witnesses to the incident, all documents related to the incident, and when and to whom you reported the incident.

16. Please identify any and all real estate in which you have a present or future ownership interest (whether as an individual, jointly or as part of any group, including but not limited to, a trust, investment group, or as part of any corporate entity, partnership or

other similar business or organization). For each parcel, give a description of the property, and state its appraised value, its location, and the value of your interest in it. If another party holds a mortgage or other interest in the property, state the name of the party and the amount of the interest held.

17.     Provide a separate statement of each item of damage claimed including a brief description of the item of damage, the dollar amount claimed, and the method or formula used to compute the amount, including the time period over which the amount was computed. If the dollar amount of any item of damage is not yet known, state the method or formula by which you contend such amount should be computed, and the time period over which you contend such sum should be computed.

18.     Please identify the name, address, and telephone number of each employer with whom you have applied for employment or from whom you have sought employment during or subsequent to your employment with Dolgencorp, and for each employer, specify the date of each application and/or interview, and the identity of the person to whom you submitted the application or had an interview.

19.     Please describe any and all efforts you have taken in order to mitigate your alleged damages which are the basis of your claims in this matter.

20.     State whether you have applied for any assistance or benefits of any kind, including, but not limited to unemployment, disability, worker's compensation or social security benefits, pension or annuity, alimony or other court-ordered payments. If so, please state:

(a)     application dates for each source of support sought;

(b)     the disposition of each application; and

(c)     whether you appealed such decision.

21.     State whether you have received any income of any kind since the date you left the employment of Dolgencorp. If so, please state:

(a)     each source of income, including employment, self employment, unemployment, disability, workers compensation or social security benefits; pension or annuity; alimony or other court-ordered payments;

(b)     the position held, if any;

(c)     the duties of such position;

(d)     dates during which you were employed in such position;

(e)     the name, address and telephone number of each employer; and

(f)     the total amount of income received by you from each source.

22.     If you have ever been arrested or convicted of a crime other than a traffic violation, but including any DUIs, identify the alleged crime, date of arrest, the court hearing the case, case number, jurisdiction, and outcome of the proceeding.

23.     If you have, or anyone on your behalf has, ever filed for bankruptcy protection, identify the date of each such filing, the place where the filing was made, the lawyer representing you, if any, and the case number.

24.     Identify all attorneys, law firms, and/or any other person or entity you consulted regarding your representation in this action, including but not limited to the date on which you first spoke to such attorney, law firm, person, or entity regarding your representation in this action.

25.     Identify by name, address, and occupation all of your living relatives (including your spouse, grandparents, parents, siblings, children, aunts, uncles and cousins,

and all of their spouses) who are over the age of 18 and who reside within the counties which comprise the Middle District of Alabama.

Respectfully submitted,

_____
Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
*Attorneys for Defendant – Dolgencorp, Inc.*

**OF COUNSEL:**
**Ogletree, Deakins, Nash,**
    **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel of record in this action by U. S. Mail, postage prepaid, on this the _13th_ day of _February_, 2007, properly addressed as follows:

Lateefah Muhammad
P.O. Box 1096
Tuskegee Institute, Alabama 36087

OF COUNSEL

13

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### REQUESTS FOR PRODUCTION TO PLAINTIFF KINERA LOVE

COMES NOW Dolgencorp Inc. ("Dolgencorp") pursuant to Rule 34 of the Federal Rules of Civil Procedure, and propounds the following Requests for Production upon Plaintiff Kinera Love ("Plaintiff"):

### INTRODUCTION

(a)     Each discovery request seeks information available to Plaintiff, her attorneys or agents and all persons acting on her behalf.  Each discovery request shall be deemed to be continuing in the manner provided by law.

(b)     If any document or identification of any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, Plaintiff should provide sufficient information to determine the identity of the document and, as well, state the basis for any asserted claim of privilege.

(c)     If Plaintiff objects to part of a discovery request and refuses to answer that part, she should state her objection and answer the remaining portion of that discovery

to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)    "Electronic data transmission" and "electronic data transmissions" include, but are not limited to, all e-mail messages, e-mail attachments, digitally transmitted images, computer facsimiles, computer scanned images and/or text, internet downloaded data or any other type of electronically transmitted material (see Notice at p.4 infra).

(e)    "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the discovery request subject.

(f)    "Identify" when used in reference to a natural person shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound

reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place each communication was made, the address and phone number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(g)      "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(h)      "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(i)      "You" and "your" shall mean Kinera Love, or any persons, entities, agents, or representatives acting or purporting to act for or on her behalf.

(j)      The term "this case" or "this litigation" means the above styled case, bearing Civil Action No. 3:06-CV-1147-MHT

NOTICE: When a request calls for an "electronic data transmission" or "electronic data transmissions," please produce a hard copy of same and identify same apart from other produced documents.

## REQUESTS FOR PRODUCTION

1.      Produce copies of any recordings of any type of any communications between you and/or any agent acting on your behalf, on the one hand, and Dolgencorp and/or any agent or employee acting on its behalf, on the other hand.

2.      Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and/or any agent acting on your

behalf, of the one hand, and Dolgencorp and/or any of its agents and/or employees, on the other hand, concerning or relating in any way to the subject matter of this action.

3.    Produce all diaries, notes, e-mails, tape-recordings, photographs, videotapes, books, notes, memoranda, letters, files, or other documents made or kept by you concerning:

> (a)    the matters alleged in your Complaint or your EEOC charge of discrimination;
>
> (b)    your employment with Dolgencorp; and
>
> (c)    any purported harassment, discrimination, retaliation, or any other

unlawful conduct toward you or any other employee of Dolgencorp.

4.    Produce all documents that reflect or relate to the terms, conditions or benefits of your employment with Dolgencorp, including but not limited to, handbooks, acknowledgment forms, manuals, policies, job descriptions, and job procedures.

5.    Produce all documents identified or referred to in responding to Dolgencorp's First Interrogatories to Plaintiff.

6.    All documents (including but not limited to diaries, journals, notebooks, logs, appointment books, calendars, letters, notes, or memoranda) created, prepared or maintained by you which concern your employment with Dolgencorp, or which are otherwise related to your claims or any of Dolgencorp's defenses.

7.    All handbooks, procedures, policies, job descriptions, job procedures or any other documents in your or your attorney's possession relating to your employment with Dolgencorp.

8.    All documents which contain, or which refer to or otherwise concern, any communications of any kind between you and Dolgencorp, or between you and any former

or present employee or representative of Dolgencorp, concerning the claims alleged in your complaint against Dolgencorp.

9.    All documents which contain, or which refer to or otherwise concern any complaint which you made to any co-worker, supervisor, officer, agent or any employee of Dolgencorp relating to or concerning any of the matters alleged in your Complaint.

10.    All documents or records that refer to or otherwise are concerned with any medical, psychiatric, psychological, or physical illnesses, injuries or conditions suffered by you within the last ten (10) years, including, but not limited to all intake notes, intake summaries, prescriptions, diagnoses or treatment records, hospital or other medical bills, and records of payment including cancelled checks and receipts of any kind.

11.    All documents that you (or your attorney(s)) provided to any federal, state and/or local agencies, and any and all correspondence or other documents sent from the federal, state and/or local agencies to you (or your attorney(s)) regarding your claims against Dolgencorp.

12.    All business records of Dolgencorp or other documents obtained from Dolgencorp which are in your possession, custody or control.

13.    All documents that refer to or otherwise concern the amount and source of any income received by or accruing to you other than those amounts paid by Dolgencorp including, but not limited to, business licenses, federal and state income tax returns, W-2 forms, estimated tax payments, payroll check stubs, bank deposit slips, bank statements, unemployment and workers' compensation documents, and state or federal welfare benefits documents.

14.    All documents (including without limitation, any statements, summaries,

transcripts or tape recordings) which record, preserve or memorialize the substance or details of any communications between or among any persons concerning your allegations against Dolgencorp.

15.     Produce all documents provided to any expert witness whom you expect to call at trial as well as any and all reports, correspondence or memoranda from any experts retained by you concerning your claims in this lawsuit.

16.     Produce all documents containing, evidencing, or referring to any of your efforts to mitigate your alleged damages.

17.     Produce a copy of any pleadings in any lawsuit previously filed by or against you in the last ten years.

18.     Produce every document which evidences, refers or relates to communications between you and any other individual, other than the parties to this lawsuit and your lawyers, with whom you have consulted about the subject of this lawsuit.

19.     Produce each and every document which supports, rebuts, or relates to your claims for alleged damages in this lawsuit.

20.     Produce copies of your income tax returns, federal and state, with all attachments and schedules thereto and all W-2 forms for the last five (5) years.

21.     Produce any and all documents and/or materials received during your employment with Dolgencorp, including but not limited to, employment records, worker's compensation files, personnel records, performance records, notes, e-mails, tapes, cassettes, videos, and memoranda.

22.     Produce copies of any and all employee evaluations, disciplinary, reprimands and/or counseling forms received from your previous five employers, including Dolgencorp.

23.    Produce a copy of any document that you intend to introduce or refer to at the trial of this case.

24.    Produce any and all documents reflecting prescription medications taken by you in the last five (5) years.

25.    Produce copies of any and all documents which you provided or received as part of your application or request for benefits, including but not limited to unemployment, disability, worker's compensation or social security benefits, pension or annuity; alimony or other court-ordered payments.

26.    Produce any and all documents, including but not limited to resumes, applications for employment, personnel files, benefits and payroll records, relating to your employment with your current employer and any other employers that you have worked with since your employment was terminated by Dolgencorp.

27.    Produce any and all documents reflecting any involvement by you with the bankruptcy court or regarding any filings by you for protection under any bankruptcy laws.

28.    Produce all documents that reflect or relate to any complaint, objection, grievance, protest, or other indication of dissatisfaction expressed by you to any other person or entity, including but not limited to Dolgencorp, concerning harassment, discrimination, retaliation, or any other unlawful conduct and/or any of the matters alleged in your Complaint.

29.    Produce all documents that reflect or relate to any EEOC charge or claim of harassment, discrimination, retaliation, or any other unlawful conduct against any entity or individual other than Dolgencorp.

30.    Produce any other documents not encompassed by any other request above which reflect or relate to each, any and all of your factual allegations and/or purported claims against Dolgencorp or any other matter alleged in or related to any allegation in your Complaint.

Respectfully submitted,

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
*Attorneys for Defendant – Dolgencorp, Inc.*

**OF COUNSEL:**
**Ogletree, Deakins, Nash,**
      **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon counsel of record in this action by U. S. Mail, postage prepaid, on this the _13th_ day of _February_ , 2007, properly addressed as follows:

Lateefah Muhammad
P.O. Box 1096
Tuskegee Institute, Alabama 36087

_____
OF COUNSEL

# EXHIBIT 3

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      CIVIL ACTION NO. 3:06cv1147-MHT
                                      )
DOLLAR GENERAL                        )
CORPORATION,                          )
d/b/a DOLGENCORP., INC.,              )
                                      )
            Defendants.               )

## ORDER

Upon consideration of defendant's motion to compel (Doc. # 8), filed April 25, 2007,

and for good cause, it is

ORDERED that the motion be and hereby is GRANTED.

Plaintiff shall provide initial disclosures and responses to discovery to defendants on

or before May 3, 2007.

DONE, this 26th day of April, 2007.


                              /s/ Susan Russ Walker
                              SUSAN RUSS WALKER
                              UNITED STATES MAGISTRATE JUDGE

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

COPY

KINERA LOVE,　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　) CASE NO.: 03-06cv1147-MHT-SRW
　　　　　　　　　　　　　　　　　　)
DOLLAR GENERAL CORPORATION, )
　d/b/a DOLGENCORP, INC.,　　　　　)
　　　Defendant.　　　　　　　　　　)

## PLAINTIFF'S RESPONSE TO DEFENDANT' S INTERROGATORIES

The Plaintiff offers the following responses:

1. The Plaintiff objects to this interrogatory, in part, regarding the request for her to state her social security number. With this objection, the Plaintiff cites the Privacy Act. Without waiving said objection, the Plaintiff states the following:

Name: Kinera La'Shun Love;

Date and place of birth: September 26, 1979, Lee County Hospital (now East Alabama Medical Center), Opelika, Alabama;

Social Security Number: XXX-XX-6715

Telephone number: 334-737-0800;

Present home address: 409-A Toomer Circle, Opelika, Alabama 36801, same address on the dates of the occurrences made the basis of this suit;

Driver's license state and number: Alabama, 7185224;

2. Each person identified in the Plaintiff's Complaint has knowledge of the relevant facts concerning the issues, claims and defenses in this lawsuit. Additional witnesses whom the Plaintiff can presently identify are: Jean Love, Post Office Box 236, Loachapoka, Alabama

36865; Tiffany Cross, 186 Lee Road, Opelika, Alabama 36804, 334-750-0206; Marcie McGhee, 454 South Tenth Street, Opelika, Alabama 36801, 334-660-6902; Jo Ann S. Holder, administrative hearing officer, Alabama Department of Industrial Relations; Jean Walker, federal investigator, Equal Employment Opportunity Commission, Birmingham, Alabama, 205-212-2100; present and/or former employees of Dollar General, namely, Jamie Jennings, Johnnie, Julie Morrison, Tammy Stevenson and Donna Taffy.   Contact information for each employee is unknown at this time;

3.   The Plaintiff identifies the following persons: Jean Love, Tiffany Cross, Marcie McGhee, Marcus Ware.  The Plaintiff does not presently recall the details of each discussion.  If and when she is able to do so, this answer will be supplemented.

4.   The Plaintiff was a party in a lawsuit against Winn-Dixie.  It was a slip and fall action, styled Kinera Love v. Winn-Dixie.  The case was filed in the Lee County Circuit Court.

5.   The Plaintiff objects to this interrogatory in that it requests documents that are privileged and a part of the attorney work product.  Without waiving said objection, the Plaintiff answers that she has affidavits that support her claims and a copy of each is attached here. This answer will be supplemented should any additional documents which are not considered privileged become known.

6.   The Plaintiff answers that the charge of discrimination filed against Dolgencorp on 16 March 2006 is the only complaint she has filed with the Equal Employment Opportunity Commission.

7.   The Plaintiff answers that, in the last ten years, she has worked at the following;

   a.  Burger King; cashier; 1997-1998; $5.15-$5.35; not enough hours; does not recall name of supervisor; no supervisory capacity;

$5.45; lack of transportation; Greg Philpot, supervisor; no supervisory capacity;

c. Health Data, Inc.; data input operator; filed auto accident reports; July 1998-December 1998; $5.75-$6.00; relocated; Jody, supervisor; no supervisory capacity;

d. Taco Bell; lead cashier; April 1999-May 2000; $5.25-$6.05; relocated; Fred Owens; supervised other cashiers;

e. Tuskegee University (OneSource and Sodexho); custodian; July 2000-February 2005; $5.15-$6.35; medical reasons regarding my Mother; Ms. Butler, supervisor; no supervisory capacity;

f. Dollar General Store; cashier; April 2005-October 2005; $5.25-$7.25

g. Southern Management; custodian/crew leader; October 2006-Present; $6.95; Brad Campbell and Marcus Ware, supervisors; supervisory capacity;

8. The Plaintiff answered this Interrogatory in Item #5 above;

9. This answer will be supplemented upon receipt of documents;

10. The Plaintiff has not identified any expert whom she expects to be called at the trial. This answer will be supplemented if and when any such expert is identified;

11. Neither the Plaintiff nor her attorney or any other person acting on the Plaintiff's behalf has contacted any employee of Dolgencorp. The Plaintiff has contacted former employee Tiffany Cross for her current contact information as shown in Item #2 above;

12. The Plaintiff complained and reported to Wendy, human resource director at ERC with Dolgencorp business office in Columbus, Georgia;

3

13. The Plaintiff maintained an assignment notebook in the store during her employment at Dolgencorp. At the point of separation, she requested it or a copy and management refused to give either;

14. The Plaintiff recalls the first incident was when management overlooked the Plaintiff when the assistant manager's position given to his niece, Donna Taffy. To add insult to injury, she recalls that management required her to train Donna Taffy in various management duties that she did not know but the Plaintiff did. The Plaintiff recalls the second incident occurred when management refused to consider her for the assistant manager's position at another store where an opening occurred. The Plaintiff recalls the third incident was on her birthday, September 26, 2005, when management came into the store and began verbally attacking her and threatening to replace her for no apparent reason. The Plaintiff recalls the next incident occurred when she was suspended by management from her position without any reason given. The Plaintiff recalls the next incident occurred when she was terminated from the position without any reason given. Each incident was reported to ERC with no results;

15. The Plaintiff recalls being retaliated against by management because she filed a complaint with ERC for unfair and discriminatory practices in the workplace. The Plaintiff recalls Tiffany Cross was one of the witnesses to the incident. The Plaintiff recalls that on October 11, 2005, Jack Traywick ("Traywick) came into Dollar General Store where she worked and told her he wanted to talk with her. The Plaintiff recalls going into the back of the store with Traywick, along with another store manager, a female named Johnnie. The Plaintiff recalls inquiring about Traywick's need to talk with her and that he told her he wanted to get to know her better. The Plaintiff further recalls Traywick asking her various personal questions. As he

4

continued to interrogate her, the Plaintiff recalls informing him that she did not feel comfortable with his inquiries and wanted to have a witness or an attorney present. The Plaintiff recalls that at that point, Traywick snatched her keys from her hand, took the store keys from the keychain, and threw the remaining key to her. The Plaintiff recalls that Traywick then ordered her to leave the premises. The Plaintiff recalls asking what had she done to deserve such treatment and Traywick threatened to call the police. The Plaintiff recalls leaving the store in tears and feeling extremely hurt and disrespected;

16. The Plaintiff does not have any ownership interest in real estate;

17. The Plaintiff has answered this interrogatory in a separate document. See Plaintiff's Initial Disclosures;

18. The Plaintiff identifies her current employer, Southern Management in Opelika, Alabama. She applied in October 2006;

19. The Plaintiff states that she inquired about employment opportunities with various entities; no applications submitted because none were hiring;

20. The Plaintiff states that she applied for unemployment compensation shortly after her termination at Dolgencorp, Inc. She was awarded compensation. She received a total of $607.00 from the Alabama Department of Industrial Relations between November 2005 and February 2006. The additional income that the Plaintiff has received is from her employment at Southern Management Company. She serves as a Crew Leader with duties to train and evaluate the completed work orders of those she supervises. The Plaintiff's total income ranges between $5,550.00 and $6,000.00. She was hired on or about October 15, 2006. The address of her employer is 1510 2nd Avenue, Opelika, Alabama 36801, 334-745-3822;

5

21. See Item #20 above;

22. The Plaintiff states that she has never been arrested or convicted of any crime;

23. The Plaintiff states that she has never filed bankruptcy;

24. The Plaintiff objects to this question on the basis of relevance. Without waiving said objection, the Plaintiffs states that she only consulted with her present attorney of record; and,

25. The Plaintiff identifies the following relatives who are over 18 and live in the Middle District of Alabama:

    a. Jean Love, Mother, Post Office Box 236, Loachapoka, Alabama 36865, retired

    b. John Ogletree, Father, address unknown, retired

    c. Lonnie Love, Brother, 2860 Dogwood Street, Opelika, Alabama 36801, Interior Transformation;

    d. Alvin Ogletree, Brother, 500 Crawford, Lot #700, Opelika, Alabama 36801, truck driver;

    e. Salissa Love, Sister, address unknown, Fairfax Mill;

    f. Barbara Love, Aunt, 1375 County Road 12, Waverly, Alabama, Valley Mill;

    g. Lela Andrews, Aunt, 624 Westview Drive, Auburn, Alabama 36830, retired.

Respectfully submitted,

_Kinera Love_

Kinera Love

SWORN TO AND SUBSCRIBED BEFORE ME this _01_ day of _May_, 2007.

_Laleefah Muhammad_

Notary Public

My Commission expires: 12/03/08

Seal

6

_Lateefah Muhammad_

Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Responses to Defendant's Interrogatories to Ryan M. Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid, on this 2nd day of May, 2007.

_Lateefah Muhammad_

Lateefah Muhammad

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE,<br>        Plaintiff, | )<br>)<br>) |
| v. | ) CASE NO.: 03-06cv1147-MHT-SRW<br>) |
| DOLLAR GENERAL CORPORATION,<br>  d/b/a DOLGENCORP, INC.,<br>        Defendant. | )<br>)<br>) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

The Plaintiff offers the following responses:

1. The Plaintiff objects to this request on the grounds of vagueness and that it is too broad. Without waiving said objection, the Plaintiff responds that she has no such recordings;

2. The Plaintiff objects to this request in that it requests documents and/or information that may be privileged and/or an attorney work product. Without waiving said objection, the Plaintiff responds to produce documentation that is not considered privileged or an attorney work product;

3. The Plaintiff has none at this time. Should the Plaintiff obtain any such items in the future, this response will be supplemented;

4. Copy of handbook produced;

5. The Plaintiff objects to this request on the ground of vagueness. Without waiving said objection, the Plaintiff has produced all documents available to her at this time. Should she obtain any additional documents, this response will be supplemented;

6. The Plaintiff responds that these documents were maintained at Dolgencorp and, despite her requests, were not released to her upon separation;

7. See the above response at item #4;

8. See the Plaintiff's Initial Disclosures and response in item #1 above;

9. Produced. See response in item #1 above;

10. The Plaintiff objects to this request in that it is too broad and vague. The Plaintiff also cites HIPA confidentiality. Without waiving said objection, the Plaintiff has requested medical documents from her physician during the past three years and will produce them upon receipt;

11. Produced. This response will be supplemented if and when the Plaintiff obtains any additional documents;

12. Produced. This response will be supplemented if and when the Plaintiff obtains any additional documents;

13. Produced. This response will be supplemented if and when the Plaintiff obtains any additional documents;

14. The Plaintiff objects to this request in that it requests documents and/or information that may be privileged and/or an attorney work product. Without waiving said objection, the Plaintiff responds to produce documentation that is not considered privileged or an attorney work product. Without waiving said objection, the Plaintiff responds by referring to the production of documents given to the Defendants that were sent to the federal agency, Equal Employment Opportunity Commission;

15. None. This response will be supplemented if and when the Plaintiff obtains any such documents;

16. The Plaintiff objects to this request in that it is too broad and vague. Without waiving said objection, the Plaintiff submits a copy of her statements of earnings from employers. This

2

response will be supplemented if and when the Plaintiff obtains any additional documents;

17. See Plaintiff's response to defendant's interrogatory item #4. The Plaintiff responds that she has never been sued;

18. The Plaintiff objects to this request in that it seeks documents and/or information that may be privileged and/or an attorney work product;

19. See the Plaintiff's Initial Disclosure, item # 3;

20. Copy of 2005 W-2 form and 2005 federal income tax return is attached. This response will be supplemented if and when the Plaintiff obtains any additional documents;

21. Produced;

22. The Plaintiff does not have any such copies.

23. The Plaintiff objects to this request in that it seeks documents and/or information that may be privileged and/or an attorney work product. Without waiving said objection, the Plaintiff will produce any such copy that is discoverable under the existing Scheduling Order when it become due;

24. The Plaintiff objects to this request in that it is too broad and vague. The Plaintiff also cites HIPA confidentiality. Without waiving said objection, the Plaintiff produces a copy of prescription information;

25. The Plaintiff has produced documents available. This response will be supplemented if and when the Plaintiff obtains any additional documents;

26. See item #11;

27. Not applicable;

28. See Affidavits of the Plaintiff and witnesses already submitted;

29. Produced. This response will be supplemented if and when the Plaintiff obtains any

3

additional documents; and,

30.   None.   This response will be supplemented if and when the Plaintiff obtains any

additional documents.

_Lateefah Muhammad_

Lateefah Muhammad  (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Responses to Defendant's Request for Production to Ryan M. Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid, on this 2nd day of May, 2007.

_Lateefah Muhammad_

Lateefah Muhammad

4

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

ENTER CHARGE NUMBER

☐ FEPA
☒ EEOC

COPY

_____ and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) Ms. Kinera Love | HOME TELEPHONE NO. (Include Area Code) 334-737-0800 |
|---|---|

| STREET ADDRESS 409-A Toomers Court | CITY, STATE AND ZIP CODE Opelika, Alabama 36801 | COUNTY LEE |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Dollar General | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) 334-501-1319 |
|---|---|---|

| STREET ADDRESS 8666 Highway 29 | CITY, STATE AND ZIP CODE Auburn, Alabama 36830 |
|---|---|

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ AGE  ☒ RETALIATION  ☐ OTHER(Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year) October 17, 2005

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Please see attached.

My Commission expires: 12/03/08

☐ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

_Kinera Love_
Kinera Love

Date 3/16/2006     Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)
Lateefah Muhammad

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
_Kinera Love_

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
16th day of March, 2006

EEOC FORM 5 MAR 84     PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED



## EEOC INTAKE INFORMATION

1. Name of Claimant: **Kinera Love**
2. Address of Claimant- Post Office Box: **None**
   - Street: **409-A Toomers Cort**
   - City: **Opelika, Alabama**
   - County: **LEE**
   - State: **Alabama**
   - Zip Code: **36801**
3. Home Telephone Number: **334-737-0800**
4. Alternate Telephone Number (cell, etc.): **334-663-5969 cell**
5. Social Security Number: **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**
6. Date of Birth: **September 26, 1979**
7. Race: **African-American**
8. County Born In: **LEE**
9. Gender: **Female**
10. Name of Employer: **Dollar General Corporation**
11. Date of Hire: **April 2005**
12. Date Terminated: **October 17, 2005**
13. Name of Supervisor: **Manager Jeff Jenning**
14. Telephone Number: **334-502-1319**
15. Local Address of Employer: Post Office Box: **Unknown**
    - Street: **1655 South College Street**
    - City: **Auburn**
    - State: **Alabama**
    - Zip Code: **36832**
    - Telephone Number: **334-502-1319**
16. Corporate Address of Employer: Post Office Box: **34150**
    - Street: **Unknown**
    - City: **Louisville**
    - State: **Kentucky**
    - Zip Code: **40232**
    - Telephone Number: **800-297-5527**
16. Name of Assistant Supervisor: **District Manager Charles McDonald**
17. Telephone Number: **334-502-1319**
18. Name of Personnel or Human Resource Director: **Wendy (Last Name Unknown)**
19. Address of Personnel or Human Resource Office: Post Office Box: **Unknown**
    - Street: **Unknown**
    - City: **Unknown**
    - State: **Unknown**
    - Zip Code: **Unknown**
    - Telephone Number: **888-237-4114**

STATE OF ALABAMA     )
                           )
MACON COUNTY        )



### AFFIDAVIT

I, the undersigned Affiant, hereby acknowledge the following:

1. My name is Kinera Love. I was employed by Dollar General of Auburn-Opelika, Alabama from April 2005 to October 17, 2005. After I had worked for three months as a cashier at the store, Mrs. Julie Morrison, an assistant manager, trained Ms. Tammy Stephens and me for about three weeks prior to transferring me from Opelika store to the Auburn store. The first day that I was transferred to Auburn, I became a third-key manager, in two weeks after the then assistant manager, left. So when Terrell left, I approached Mr. Jeff Jenning and reminded him that I was interested in the position and that I was qualified. Jeff informed me that he would have to talk it over with Mr. Charles McDonald first and that he would get back with me. Jeff was fully aware of my training under Julie Morrison and that I was cross-trained. He also commented that he thought I would make a good assistant manager.

Charles offered the assistant manager's position to Mrs. Donna Taffy, even though she told me she thought that I would get the position because she knew that I was more qualified than she, particularly since I had been there longer and was more capable than she. A couple of days later, I approached Jeff again and inquired about my request to be considered for the position of assistant manager. Jeff informed me that Charles assigned Donna to the position.

I was required to train Donna on the various management duties.

I became aware of another assistant manager position at another store. I called that store manager and asked him to consider me for the position. He informed me that he would have to talk it over with Charles and that he would get back with me. I called the store

Affidavit of Kinera Love
Page 2

manager back instead and he told me that Charles said I was not ready yet.

I reported the situation to ERC by filing a complaint against Charles, claiming that Charles had discriminated against me by not assigning me to the position of assistant manager. ERC sent Mr. Jack Traywick to investigate my complaint a couple of days later. Jack Traywick came into the store and asked me what was the problem. I told him that Charles was not being fair to me by overlooking me for the position of assistant manager. I told Jack that I was qualified for the position and was not hired for it. That instead Charles hired his niece, Donna, and that I trained her for the position.

After the investigation, Jack allegedly told Jeff and Charles that they needed to get rid of me because I could cause problems, according to Ms. Tiffany Cross.

About a week later, on Monday, September 26, 2005, my birthday, Charles told me he sat in the parking lot of the store for an hour-and-a-half, watching me. Then he came into the store and began fussing at me for no apparent reason. I had a composition booklet in the store in which I kept all of my assignments. I went into the back and brought the booklet out and showed it to Charles. The booklet detailed every assignment that I had completed that night. I walked with him through my work areas. He continued to fuss at me and to threaten me about my job and how he would replace me. I asked him did he have something against me because I was doing my job. He never answered me.

By October 11, 2005, Jack Traywick came back into the store. He said he wanted to talk with me when we went into the back of the store. He, along with another store manager,

Affidavit of Kinera Love
Page 3

a female named Johnnie (I had never worked with her before), and I were together. I asked him what did he need to talk to me about and he said "I just want to get to know you better." He asked me if I were married, how many children did I have, what are my plans for ten years from now. I responded that I hope to own a beauty salon. With all of the questions, I informed him that I did not feel comfortable answering his questions without having a witness or an attorney present. At that point, Jack snatched the keys out of my hand and took the store keys off of my key chain and then throw my keys back to me. Then he ordered me to leave the premises. When I asked him why, he said "You're being suspended." I asked him why was I being suspended and he said because I refused the investigation. I told him that I did not refuse the investigation; but instead I did not want to discuss my personal affairs with him. That he never asked me anything about Dollar General. At that point, Jack repeatedly yelled at me, in front of customers, "You need to leave this store right now before I call the officers to have you removed!" I left the store crying.

I called ERC and complained about the incident. I was told that ERC had no knowledge of my suspension. When I inquired about returning to work, I was told that the manager should be able to tell me when I am to return to work.

On October 17, 2005, Jeff called me at my home and told me that Charles wanted to have a meeting with me at 4 p.m. Charles asked me to clock in and come into Jeff's office. I clocked in and went into the back to Jeff's office. Charles told me "Kinera, we have to let you go because you refused to participate in the investigation." I objected to his assessment of the

Affidavit of Kinera Love
Page 4

situation, and told him that I did not refuse to participate in the investigation. I told him that Jack only asked me about my personal business; nothing about Dollar General. I also told him that when Jack snatched my keys from me, that stopped the conversation. However, he had already written the termination slip and asked that I sign it. I asked if I could get a copy and was told I had to sign it first. I signed it, but I was never given a copy. My signing the termination slip did not mean that I accept that my termination should occur nor for the reason Charles gave.

I believe I have been discriminated against because of my race. I believe my termination is based upon the fact that I filed a complaint against Charles for unfair and discriminatory treatment in the workplace and he retaliated against me. I believe that I was discriminated against in being denied the position of assistant manager because of my race.

The Affiant further saith not.

_Kinera Love_
Kinera Love, Affiant

**SWORN AND SUBSCRIBED BEFORE ME** this _16th_ _____ day of March, 2006.

_Lateefah Muhammad_
Notary Public

SEAL

My Commission expires: _12/03/08_

# EXHIBIT 6

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile:  205.328.6000
www.ogletreedeakins.com

**Ryan M. Aday**
Direct Dial: (205) 986-1023
Email: Ryan.Aday@odnss.com

June 21, 2007

**VIA E-MAIL ATTACHMENT AND U.S. MAIL**
Lateefah Muhammad, Esq.
P.O. Box 1096
Tuskegee, Alabama   36087

>    Re:    *Kinera Love v. Dolgencorp, Inc.*

Dear Lateefah:

   I am writing in regard to Plaintiff's Responses to Dolgencorp's First Interrogatories and Requests for Production of Documents. Many of the Responses are incomplete and/or require clarification. This letter complies with Rule 37 of the Federal Rules of Civil Procedure.

## I.    INTERROGATORY RESPONSES:

   Interrogatory No. 3: *Identify every person, other than your attorneys, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and state in detail the substance of each and every discussion, stating when each discussion took place, what was said by all persons, and to whom each statement was made.*

   Plaintiff's Response: The Plaintiff identifies the following persons: Jean Love, Tiffany Cross, Marcie McGhee, Marcus Ware. The Plaintiff does not presently recall the details of each discussion. If and when she is able to do so, this answer will be supplemented.

   This response is incomplete as it does not provide the substance of each conversation Plaintiff had with the individuals listed. Please either provide the details of Plaintiff's conversations with each person identified or confirm that she cannot remember the details. Please provide a complete response to this interrogatory no later than 10 days from the date of this letter to avoid a motion to compel.

   Interrogatory No. 9: *Please identify (by name, address, telephone number and any business affiliation) all physicians, osteopaths, chiropractors, psychologists, counselors, therapists, or other*

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO
Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA • Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC



Lateefah Muhammad, Esq.
*Love v. Dolgencorp, Inc.*
Page 2

---

*health professionals or providers of health services, and each hospital, infirmary, sanitarium, nursing home, clinic or other institution or facility from which you have sought or received treatment, advice, therapy or counseling within the past ten (10) years, and for each state what mental, emotional or physical illness, injury or condition for which you were treated, advised or counseled, whether the illness, injury or condition was found to be related to your employment with Dolgencorp (and, if so, how it was related), on what date or dates you were treated, advised or counseled, what diagnosis or prognosis was given, the result of any such treatment and whether you still suffer from the illness, injury or condition.*

Plaintiff's Response: This answer will be supplemented upon receipt of documents.

This response is incomplete as it provides none of the requested information. Additionally, to date, we have not received any documents which you indicate would be responsive to this request. Please provide a complete response to this interrogatory within 10 days of the date of this letter to avoid a motion to compel.

Interrogatory No. 12: *Please identify (by name, address, telephone number, and any business affiliation) all employees of Dolgencorp to whom you complained and/or reported any of the allegations contained in your Complaint (including, without limitation, information concerning any events, events, occurrences, incidents or statements, and any damages you may claim) and, for each such complaint and/or report, please provide the substance of the communication by you, and describe any and all documents in which communications with such persons are described or referenced.*

Plaintiff's Response: The Plaintiff complained and reported to Wendy, human resource director at ERC with Dolgencorp business office in Columbus, Georgia.

This response is incomplete as it does not provide the substance of each communication, when each communication occurred, what Plaintiff said in each communication, and in what manner each communication was made. Please provide a complete response to this interrogatory within 10 days of the date of this letter to avoid a motion to compel.

Interrogatory No. 13: *Did you maintain a diary, journal, notebook, log, appointment book, calendar, videotape, audiotape, or similar documents concerning your employment with Dolgencorp, or which are otherwise relevant to your claims or any of Dolgencorp's defenses?*

Plaintiff's Response: The Plaintiff maintained an assignment notebook in the store during her employment at Dolgencorp. At the point of separation, she requested it or a copy and management refused to give either.



Lateefah Muhammad, Esq.
*Love v. Dolgencorp, Inc.*
Page 3
_____

   While Plaintiff may have requested the original or a copy from management, please confirm that Plaintiff does not have a copy of the assignment notebook in her possession. If she has it in her possession, please produce it immediately. Please provide a complete response to this interrogatory within 10 days of the date of this letter to avoid a motion to compel.

   Interrogatory No. 19: *Please describe any and all efforts you have taken in order to mitigate your alleged damages which are the basis of your claims in this matter.*

   Plaintiff's Response: The Plaintiff states that she inquired about employment opportunities with various entities; no applications submitted because none were hiring.

   Please provide the names of the entities with whom Plaintiff inquired as to employment opportunities, when she inquired, and the manner in which she inquired with each. Please provide a complete response to this interrogatory within 10 days of the date of this letter to avoid a motion to compel.

   Interrogatory No. 24: *Identify all attorneys, law firms, and/or any other person or entity you consulted regarding your representation in this action, including but not limited to the date on which you first spoke to such attorney, law firm, person, or entity regarding your representation in this action.*

   Plaintiff's Response: The Plaintiff objects to this question on the basis of relevance. Without waiving said objections, the Plaintiffs [*sic*] states that she only consulted with her present attorney of record; and

   As you can see, Plaintiff's response to this interrogatory ends with the word "and". Please provide a complete response to this interrogatory within 10 days of the date of this letter to avoid a motion to compel.

## II.    REQUESTS FOR PRODUCTION RESPONSES:

   Request for Production No. 2: *Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and/or any agent acting on your behalf, of the one hand, and Dolgencorp and/or any of its agents and/or employees, on the other hand, concerning or relating in any way to the subject matter of this action.*



Lateefah Muhammad, Esq.
*Love v. Dolgencorp, Inc.*
Page 4

———————————————

<u>Plaintiff's Response</u>: The Plaintiff objects to this request in that it requests documents and/or information that may be privileged and/or attorney work product. Without waiving said objection, the Plaintiff responds to produce documentation that is not considered privileged or an attorney work product.

Please confirm that all such documents have been produced, or whether additional responsive documents exist. If additional documents exist, please produce them as soon as possible. Please provide a complete response to this request within 10 days of the date of this letter to avoid a motion to compel.

<u>Request for Production No. 6</u>: *All documents (including but not limited to diaries, journals, notebooks, logs, appointment books, calendars, letters, notes, or memoranda) created, prepared or maintained by you which concern your employment with Dolgencorp, or which are otherwise related to your claims or any of Dolgencorp's defenses.*

<u>Plaintiff's Response</u>: The Plaintiff responds that these documents were maintained at Dolgencorp and, despite her requests, were not released to her upon separation.

While responsive documents may be maintained by Dolgencorp, and while Plaintiff may have requested same, please confirm whether or not Plaintiff has any responsive documents in her possession.

<u>Request for Production No. 9</u>: *All documents which contain, or which refer to or otherwise concern any complaint which you made to any co-worker, supervisor, officer, agent or any employee of Dolgencorp relating to or concerning any of the matters alleged in your Complaint.*

<u>Plaintiff's Response</u>: Produced. See response to item #1 above.

This response is ambiguous and confusing. In response to Request for Production No. 1, Plaintiff responds "The Plaintiff objects to this request on the grounds of vagueness and that it is too broad. Without waiving said objection, the Plaintiff responds that she has no such recordings." However, in response to Request for Production No. 9, Plaintiff responds that she has produced the requested documents, but refers to her response to Request for Production No. 1, in which she states she has "no such recordings." Clearly, this Response is nonsensical and requires clarification and/or supplementation. We have not received any documents responsive to this request. Please provide a complete response to this request within 10 days of the date of this letter to avoid a motion to compel.



Lateefah Muhammad, Esq.
*Love v. Dolgencorp, Inc.*
Page 5

_____

     <u>Request for Production No. 10</u>: *All documents or records that refer to or otherwise are concerned with any medical, psychiatric, psychological, or physical illnesses, injuries or conditions suffered by you within the last ten (10) years, including, but not limited to all intake notes, intake summaries, prescriptions, diagnoses or treatment records, hospital or other medical bills, and records of payment including cancelled checks and receipts of any kind.*

     <u>Plaintiff's Response</u>: The Plaintiff objects to this request in that it is too broad and vague. The Plaintiff also cites HIPA [*sic*] confidentiality. Without waiving said objection, the Plaintiff has requested medical documents from her physician during the past three years and will produce them upon receipt.

     To date, we have not received any documents responsive to this request. As Plaintiff is claiming mental anguish damages, this information is certainly discoverable. Please produce the requested documents within 10 days of the date of this letter to avoid a motion to compel.

     <u>Request for Production No. 18</u>: *Produce every document which evidences, refers or relates to communications between you and any other individual, other than the parties to this lawsuit and your lawyers, with whom you have consulted about the subject of this lawsuit.*

     <u>Plaintiff's Response</u>: The Plaintiff objects to this request in that it seeks documents and/or information that may be privileged and/or an attorney work product.

     Please provide a privilege log for the documents referred to in Plaintiff's response to this request.

     <u>Request for Production No. 20</u>: *Produce copies of your income tax returns, federal and state, with all attachments and schedules thereto and all W-2 forms for the last five (5) years.*

     <u>Plaintiff's Response</u>: Copy of 2005 W-2 form and 2005 federal income tax return is attached. This response will be supplemented if and when the Plaintiff obtains any additional documents.

     This response is incomplete. Please produce Plaintiff's state and federal tax returns for the years 2002, 2003, 2004, and 2006. Please produce Plaintiff's state tax return for 2005. Please provide the requested documents within 10 days of the date of this letter to avoid a motion to compel.



Lateefah Muhammad, Esq.
*Love v. Dolgencorp, Inc.*
Page 6
_____

      Please contact me with any questions.  I hope we can work this out without the Court's intervention.


                    Sincerely,

            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                    Ryan M. Aday

RMA/jjw

cc:    Christopher W. Deering, Esq. (Via Hand Delivery)