IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| DOLLAR GENERAL ) | 3:06-CV-1147-MHT |
| CORPORATION, ) | |
| d/b/a DOLGENCORP, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT DOLGENCORP, INC.'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Dolgencorp, Inc.[1] ("Dolgencorp"), incorrectly named in the complaint as "Dollar General Corporation, d/b/a Dolgencorp, Inc.," and respectfully moves this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure, to grant summary judgment in its favor on all of Plaintiff Kinera Love's ("Plaintiff" or "Love") claims against it. Dolgencorp bases this motion upon the following separate, severable, and alternative grounds:

1.  Plaintiff's discriminatory failure to promote claim under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") fails as a matter of law because:

    a.  she cannot establish a *prima facie* case of discriminatory failure to promote under Title VII;

---

[1] Defendant Dollar General Corporation was not Plaintiff's employer and, therefore, is incorrectly named in the Complaint. Plaintiff's employer was Dolgencorp, Inc., and accordingly, Dolgencorp's Motion for Summary Judgment is on behalf of Dolgencorp and Dollar General Corporation to the extent required, if at all.

      b.    Plaintiff cannot show that she was qualified for the Assistant Store Manager Position;

      c.    Plaintiff cannot show that any equally or less qualified non-African-American individual was promoted to Assistant Store manager; and

      d.    even if Plaintiff could demonstrate a *prima facie* case, she has no evidence that Dolgencorp's legitimate, nondiscriminatory reasons for not promoting Plaintiff to the Assistant Store Manager position were pretext for discrimination.

    2.    Plaintiff's Title VII retaliatory discharge claim also fails as a matter of law because:

      a.    She cannot establish a *prima facie* case of retaliatory discharge under Title VII;

      b.    Plaintiff has admitted that Dolgencorp's legitimate, nondiscriminatory reasons for her termination are true; and

      c.    even if Plaintiff could demonstrate a *prima facie* case, she has no evidence that Dolgencorp's legitimate, nondiscriminatory reasons for her termination were pretext for retaliation.

    3.    In support of its Motion for Summary Judgment, Dolgencorp relies on its Brief in Support of its Motion for Summary Judgment and its Evidentiary Submission in Support of its Motion for Summary Judgment, both of which are filed contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully requests that the Court grant its Motion for Summary Judgment upon all of Plaintiff's claims against it, or provide such other relief as the Court deems appropriate.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

s/Ryan M. Aday
Bar No.: ASB-3789-A54A

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

*Attorneys for Defendant
Dolgencorp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 21st 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateffah Muhammad – lateefahmuhammad@aol.com

s/Christopher W. Deering
Christopher W. Deering
Bar Number: ASB-5555-I7IC
Attorney for Defendant,
Dolgencorp, Inc.

3