IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **KINERA LOVE,** | ) |
|     **Plaintiff,** | ) |
| | )   **CASE NO.:** |
| **v.** | )   **03-06cv1147-MHT-SRW** |
| | ) |
| **DOLLAR GENERAL CORPORATION,** | ) |
|   **d/b/a DOLGENCORP, INC.,** | ) |
|     **Defendant.** | ) |

**MOTION TO DELAY RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT TO ALLOW
DISCOVERY RESPONSES TO BE SUBMITTED**

Pursuant to **Rule 56(f)** of the ***Federal Rules of Civil Procedure***,[1] the Plaintiff, Kinera Love, by and through her attorney of record, submits this Motion to Delay Response to Defendants' Motion for Summary Judgment (**Doc. No. 14)** As grounds, she offers the following:

1.  The Plaintiff has a response opposing the Defendant's Motion for Summary Judgment; however, said response needs to be prepared and supported by more evidence than what the Plaintiff presently has. The Plaintiff has not received the responses to the discovery requests she propounded on the Defendants on 14 December 2007. She had anticipated the responses by 14 January 2008; however, she did not and has not received said responses

---

[1] Rule 56(f) states: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

which she believes will aid and assist her in defending the Defendant's Motion for Summary Judgment (**See attached Exhibit A – Plaintiff's Affidavit in Support of Motion to Delay**).  Further, the Plaintiff avers that had she received the responses, she would have submitted a timely response.  Still further, she submits that she will consent to a protective order being issued if required by the Defendant and ordered by the Court; and,

2.  The undersigned attorney has discussed this request with the opposing counsel and received no opposition to it;

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that this Honorable Court will grant this Motion to Delay Response to Defendant's Motion for Summary Judgment to Allow Discovery Responses to be Submitted in the above case.

*s/Lateefah Muhammad*
Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com


**CERTIFICATE OF SERVICE**

I hereby certify that on 18 January 2008, I electronically filed the foregoing Motion to Delay Response to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Ryan Aday, Esquire, attorney for Defendant.

*s/Lateefah Muhammad*
Lateefah Muhammad

2

# EXHIBIT A

Case 3:06-cv-01147-MHT-SRW   Document 18-2   Filed 01/19/2008   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>DOLLAR GENERAL CORPORATION, )<br>  d/b/a DOLGENCORP, INC., )<br>    Defendant. ) | CASE NO.:<br>03-06cv1147-MHT-SRW |

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION TO DELAY RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Affiant, being first duly sworn, says and affirms the following:

1. That she is the Plaintiff in the above case;

2. That she has asked her attorney of record, Lateefah Muhammad, to request a delay in responding to the Defendant's Motion for Summary Judgment in this case;

3. That because the Defendant has made certain allegations, she knows that the discoverable and admissible evidence is needed to refute them. Particularly, the claim that the Plaintiff cannot establish a prima facie case of discriminatory failure to promote under Title VII can be overcome by the discoverable and admissible evidence of her qualifications for the promotion which is contained in her personnel file with the Defendant, and by the discoverable and admissible evidence of the promotion of a less qualified employee not a member of the protected minority. This evidence is also contained in the personnel file of said employee with the Defendant;



In addition, the Plaintiff will be able to show that her in-house complaint of racial discrimination was made to the proper authority by presenting direct evidence of the telephone records, department log of calls made on the date(s) submitted by the Plaintiff, and the telephone and other recordings made during the course of business of the Defendant. There is also a record of the racial discriminatory complaint made by the Plaintiff and a record of the investigation which followed the racial discriminatory complaint as conducted by the Defendant that shows the Plaintiff made a legitimate claim, as well as the record of her termination which came shortly thereafter;

4. That she expects the discoverable and admissible evidence to show a videotape from the monitoring system in the store which will refute the Defendant's allegation of what occurred on the date of the alleged investigation during which the Plaintiff allegedly refused to participate, as well as all other occasions when the Plaintiff was in the Defendant's facility; and,

5. That she cannot effectively defend the Defendant's Motion for Summary Judgment without the Defendant's responses to her discovery requests.

The Affiant further saith not.

_____
Kinera Love, Affiant

**STATE OF ALABAMA** )
)
**MACON COUNTY** )

    Before me, a Notary Public in and for said County and State, personally appeared Kinera Love, who, being first duly sworn, deposes and says that she has read the foregoing Affidavit, that the facts herein are true and correct to the best of her knowledge and ability.

    **SWORN TO AND SUBSCRIBED BEFORE ME** this ___18th___ day of January, 2008.

_____
Notary Public

My Commission expires: 12/03/08