IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT DOLGENCORP, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING PLAINTIFF'S MOTION TO DELAY RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Dolgencorp, Inc. ("Dolgencorp"), incorrectly named in the complaint as "Dollar General Corporation, d/b/a Dolgencorp, Inc.," and files its Opposition to Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Delay Response to Defendant's Motion for Summary Judgment. In support hereof, Dolgencorp states as follows:

1.    On January 19, 2008, a Saturday, Plaintiff filed a Motion to Delay Response to Defendant's Motion for Summary Judgment to Allow Discovery Responses to be Submitted (the "Motion to Delay"). Plaintiff's Opposition to Dolgencorp's Motion for Summary Judgment was due to be filed on Tuesday, January 22, 2008, as Monday, January 21, 2008, was a federal holiday and the Court was closed. Plaintiff incorrectly stated in the Motion to Delay that she had not received Dolgencorp's discovery responses and that she had anticipated receiving them on January 14, 2008. *See*

Motion to Delay at ¶ 1. This contention is incorrect. Dolgencorp timely served Plaintiff with discovery responses via facsimile and mail on January 16, 2008. *See* Dolgencorp's Discovery Responses with Facsimile Confirmation attached hereto as Exhibit "1." Plaintiff's discovery requests were served on December 17, 2008. *See* Plaintiff's Discovery Requests with Receipt Date Stamp attached hereto as Exhibit "2." Accordingly, Dolgencorp's discovery responses were served within 30 days, as provided by the Rules.

2.    This Court denied the Motion to Delay on January 22, 2008, and Plaintiff, on that same day, filed a Motion for Reconsideration of the Order (the "Motion for Reconsideration"). In the Motion for Reconsideration, Plaintiff again incorrectly states that Dolgencorp did not serve its discovery responses in a timely manner, and that she did not receive the discovery responses before filing the Motion to Delay. *See* Motion for Reconsideration at ¶ 1-2, 5. Exhibit "1" attached hereto shows that Plaintiff, in fact, received the discovery responses on time and prior to filing her Motion to Delay.

3.    In addition to the misstatements made in Plaintiff's Motions, it is important to note that this Court's Scheduling Order was entered on February 13, 2007, nearly one year ago. Since that time, Plaintiff has had more than ample time to conduct discovery in this case and has chosen not to do so until the "eleventh hour." The present circumstances in which Plaintiff now finds herself could have been avoided by engaging in the discovery process earlier, and as the Court stated in its January 22, 2008, Order, "'[a]bsent stated unforeseen and unavoidable circumstances beyond the control of the movant, . . . eleventh hour extension requests and motions will be denied outright.'" Clearly, the present circumstances are not "unforeseen and unavoidable

2

circumstances beyond the control of the movant." Rather, these circumstances could have been avoided altogether had Plaintiff chosen to engage in the discovery process at a reasonable time rather than waiting to the Saturday before her Opposition to Summary Judgment was due to file her Motion to Delay.

WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully requests that the Court deny Plaintiff's Motion for Reconsideration and treat Dolgencorp's Motion for Summary Judgment as unopposed.

Respectfully submitted,

s/Ryan M. Aday

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,**
    **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateffah Muhammad – lateefahmuhammad@aol.com

s/Ryan M. Aday
Ryan M. Aday
Attorney for Defendant,
Dolgencorp, Inc.

# EXHIBIT 1

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            4246
RECIPIENT ADDRESS   13347271997#6881
DESTINATION ID
ST. TIME            01/16 16:41
TIME USE            05'34
PAGES SENT          29
RESULT              OK
```



**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118

Phone: 205-328-1900
Fax: 205-328-6000
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| DATE: | January 16, 2008 | TOTAL PAGES: | 29 (includes cover page) |
| TO: | Lateefah Muhammad, Esq. | FROM: | Ryan M. Aday, Esq. |
| COMPANY: | | PHONE: | 205-.986-1023 |
| FAX: | 334-727-1997 | CLIENT/MATTER NO.: | 000596-000170 |
| PHONE: | 334-727-1997 | PHONE CODE: | 81861 |

Original to follow in mail:   Yes ☐   No ☒

If problems arise with receipt of this transmission, please contact:   **Jada J. Williams 205-986-1027.**

**NOTES:**



**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118

Phone: 205-328-1900
Fax: 205-328-6000
www.ogletreedeakins.com

ATTORNEYS AT LAW

## FACSIMILE TRANSMITTAL

| | | | |
|---|---|---|---|
| **DATE:** | January 16, 2008 | **TOTAL PAGES:** | 29 (includes cover page) |
| **TO:** | Lateefah Muhammad, Esq. | **FROM:** | Ryan M. Aday, Esq. |
| **COMPANY:** | | **PHONE:** | 205-.986-1023 |
| **FAX:** | 334-727-1997 | **CLIENT/MATTER NO.:** | 000596-000170 |
| **PHONE:** | 334-727-1997 | **PHONE CODE:** | 81861 |

Original to follow in mail:    Yes ☐    No ☒

If problems arise with receipt of this transmission, please contact:    **Jada J. Williams 205-986-1027.**

**NOTES:**

---

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Columbia, SC • Dallas TX
Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO • Los Angeles, CA • Miami, FL
Morristown, NJ • Nashville, TN • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Washington, DC

*CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*Attorneys at Law*

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

Ryan M. Aday
(205) 986-1023
ryan.aday@ogletreedeakins.com

January 16, 2008

**VIA FACSIMILE AND E-MAIL ATTACHMENT**
Lateefah Muhammad, Esq.
P.O. Box 1096
Tuskegee, AL  36087

      **Re:**   *Kinera Love v Dolgencorp, Inc.*

Dear Lateefah:

      Please find enclosed Dolgencorp's Responses and Objections to Plaintiff's First Interrogatories and Requests for Production.  Dolgencorp's Interrogatory Responses are unverified; however, we will forward you verified responses in the very near future.

      Sincerely,

      **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

      Ryan M. Aday

RMA/rma/5438811.1

Enclosures

cc:    Christopher W. Deering, Esq. (Via Hand Delivery w/o Enclosures)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT DOLGENCORP, INC.'S ANSWERS TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, and submits its answers and objections to Plaintiff's First Interrogatories as follows:

### GENERAL OBJECTIONS

1.    Dolgencorp's objections to Plaintiff's interrogatories are made without waiver of, or prejudice to, any additional objections Dolgencorp may make.

2.    All objections are hereby expressly preserved, as is the right to request or move for a protective order.

3.    Dolgencorp reserves all objections as to the admissibility at trial of any information provided herein.

4.    The supplying of any information does not constitute an admission by Dolgencorp that such information is relevant in this lawsuit.  All information provided by Dolgencorp is for use in this litigation and for no other purpose.

5.    Dolgencorp objects to each and every interrogatory to the extent the information called for, if any, was obtained and prepared in anticipation of litigation or for trial.  Plaintiff has not made, and cannot make, any showing that she has a substantial need for the materials in the preparation of this case and that she is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.  Dolgencorp further objects to each and every interrogatory and request for production to the extent that the information called for is privileged and is not discoverable under Federal Rule of Civil Procedure 26(b)(3).

6.    Dolgencorp objects to each and every interrogatory to the extent that the information called for is protected from discovery by the attorney-client privilege.

7.    Dolgencorp objects to each and every interrogatory to the extent that Plaintiff seeks to vary the obligations imposed upon Dolgencorp under the Federal Rules of Civil Procedure or to circumvent the limitations on discovery.

8.    Dolgencorp objects to each and every interrogatory to the extent that Plaintiff seeks information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

9.    Dolgencorp objects to each and every interrogatory to the extent that Plaintiff seeks information that is equally available to Plaintiff and the burden on the Dolgencorp to obtain the requested information is no greater than the burden on Plaintiff.

10.    Dolgencorp objects to each and every interrogatory to the extent that it is vague, not stated with requisite particularity, overly broad, oppressive, unduly burdensome and

2

expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

11.    Dolgencorp objects to each and every interrogatory to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

12.    Dolgencorp objects to the extent that Plaintiff requests that documents be made available at Plaintiff's attorney's office or in any particular format.   Any document that is produced will be made available at Dolgencorp's attorney's office.

13.    Dolgencorp objects to each of Plaintiff's interrogatories to the extent that said requests seek information outside the applicable statute of limitations.

14.    Dolgencorp reserves the right to timely supplement its responses to these interrogatories.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

If you terminated Kinera Love's employment, please identify following:

(a)    The employment procedure relied upon in the decision to terminate Love's employment;
(b)    Each person who provided any information relied upon in the decision to terminate Love's employment; and,
(c)    All documents relied upon in the decision to terminate Love's employment.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 1, including its discrete subparts, to the extent that it is overly broad and unduly burdensome, and protected by the attorney-client privilege and/or work product doctrine.  Dolgencorp further objects to this interrogatory to the extent that it is vague and ambiguous with respect to the phrases "employment procedure" and "relied upon".  Notwithstanding these objections, Dolgencorp terminated Love's employment for violation of company policy and procedure and inappropriate conduct.  More specifically, Plaintiff was terminated for refusing to participate in an internal company investigation in violation of company policy.  Please refer to Dolgencorp's Initial Disclosures as to those individuals who have knowledge of the facts and circumstances surrounding Love's termination.

3

Documents relating to Plaintiff's termination have been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## INTERROGATORY NO. 2:

If your decision to terminate Love's employment was based in whole or in part on the Love's job performance, please:

    (a)    Identify Love's specific job performance that played a role in the decision to terminate her performance;

    (b)    State whether you have terminated the employment of any other person for engaging in this same type of conduct;

    (c)    State whether any other person has engaged in this same type of conduct and did not have their employment terminated; and,

    (d)    State whether any other person has engaged in this same type of conduct and was given verbal and/or written warnings.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 2, including its discrete subparts, to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome.  Notwithstanding these objections, Love was terminated for violating company policy and procedure and for inappropriate conduct. Specifically, Love was terminated for refusing to cooperate in an internal company investigation in violation of company policy.

## INTERROGATORY NO. 3:

If anyone was hired to replace Love, please identify the person's name, age, race, qualifications, and the date the person was hired.

**RESPONSE:**  Dolgencorp objects to this Interrogatory No. 3 to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and overly broad.

## INTERROGATORY NO. 4:

If there are any communications between you and Love about Love's complaint of discrimination and/or harassment, please:

    (a)    Identify each person who made or received the communications; and

    (b)    Identify each person who witnessed the communications.

**RESPONSE:**  Dolgencorp denies that Plaintiff complained of unlawful discrimination and/or harassment to Dolgencorp during her employment.  Plaintiff complained to the ERC that her District Manager was not being fair to her and that the district manager overlooked her for an Assistant Store Manager position and gave it to his niece.

4

**INTERROGATORY NO. 5:**

If you conducted an investigation into Love's complaint of discrimination and/or harassment, please state in full and complete detail the results of your investigation.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 5 to the extent it is vague, ambiguous, and protected by the attorney-client privilege and/or work product doctrine.  Dolgencorp denies that Plaintiff complained of unlawful discrimination and/or harassment to Dolgencorp during her employment.  Plaintiff complained to the ERC that her District Manager was not being fair to her and that the district manager overlooked her for an Assistant Store Manager position and gave it to his niece.  After Plaintiff made this complaint to ERC, it was forwarded to Jeff Weaver, the Regional Manager.  Mr. Weaver then contacted District Manager Charles McDonald and discussed Plaintiff's complaint.  Mr. McDonald explained that Store Manager Jeff Jennings had recommended Donna Tally for the Assistant Store Manager position based on her prior retail management experience.  Based on Mr. Jennings' recommendation, Mr. McDonald approved his request to promote Ms. Tally.

**INTERROGATORY NO. 6:**

Except for Love's present lawsuit against you, if, in the past 10 years, any employee has filed a civil action and/or filed a charge of discrimination with the Equal Employment Opportunity Commission against you charging and/or alleging racial discrimination, harassment, retaliation and/or age discrimination, please:

(a)    Identify each employee who filed the action;
(b)    State the court, where applicable, names of the parties, and case number of the civil action;
(c)    State whether the action has been resolved or is pending.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 6 to the extent it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, harassing, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine.  There exist more than 8,000 Dollar General stores with over 60,000 employees working in those stores.

**INTERROGATORY NO. 7:**

Identify each type of benefit to which Love would have been entitled, from the date of the adverse employment action to present, if the adverse employment action had not happened and Love had been promoted  to the position of assistant manager.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 7 to the extent that it is irrelevant, not reasonably  calculated  to  lead  to  the  discovery  of  admissible  evidence,  and  excessively

5

speculative.  Dolgencorp also objects to the use of the work "entitle" as used in this interrogatory.

## INTERROGATORY NO. 8:

For each type of benefit, state the amount you would have paid to provide the benefit for Love during this time period and the value of the benefit to her.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 8 to the extent that it is vague and ambiguous, excessively speculative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

## INTERROGATORY NO. 9:

If you contend that Love has not made reasonable efforts to minimize the amount of her lost income, please describe in full and complete detail what more you contend Love should have done.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 9 to the extent that it is vague, ambiguous, excessively speculative, and calls for information protected by the attorney client privilege and/or work product doctrine.

## INTERROGATORY NO. 10:

If you contend that any of the lost income claimed by Love as disclosed in discovery thus far in this case, is unreasonable or was not caused by the adverse employment action, please state the amount of claimed lost income which you dispute and state all facts upon which you base your contention.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 10 to the extent it is vague and ambiguous, confusing, excessively speculative, and calls for information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding these objections, Dolgencorp denies that Plaintiff has been damaged as a result of any act or omission on the part of Dolgencorp.  Furthermore, Plaintiff has not met her burden under FRCP 26(a)(1), and therefore, it is impossible for Dolgencorp to respond to this interrogatory.

## INTERROGATORY NO. 11:

Please identify each and every document that you removed from Dollar General Corporation that relates to Love during her the period of employment from March 2005 to October 2005.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 11 to the extent that it is vague, ambiguous and nonsensical with respect to the phrase "removed from Dollar General Corporation." Dolgencorp does not understand this interrogatory and cannot form a response.

## INTERROGATORY NO. 12:

For each document identified in response to interrogatory number 11, please describe with particularity what you have done with each such document (e.g., destroyed it, lost it, disclosed it to others, placed it on the internet, used it in a business activity).

**RESPONSE:** See Response to Interrogatory No. 11.

## INTERROGATORY NO. 13:

If you contend that any person gave you permission to remove the documents identified in response to interrogatory number 11, please identify each such person.

**RESPONSE:** See Response to Interrogatory No. 11.

## INTERROGATORY NO. 14:

If you contend that each such document removed is authentic and true, please identify each person who prepared each such document and when, including date and time.

**RESPONSE:** See Response to Interrogatory No. 11.

## INTERROGATORY NO. 15

Please identify the name, address, telephone number, position with Dollar General Corporation of the person providing the answers to these interrogatories and length of time such person has been employed with Dollar General Corporation.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 15 to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Dolgencorp further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. These interrogatories were answered with the assistance of counsel, and therefore, it cannot be answered without disclosing communications between Dolgencorp and its attorneys. Notwithstanding these objections, please see the attached Verification Page. For additional information, please refer to Dolgencorp's Initial Disclosures which have been previously produced.

**INTERROGATORY NO. 16:**

Please identify each of the persons who participated in Love's separation from your company, including their position held at the time of the separation.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 16 to the extent that it is vague and ambiguous as to the phrase "who participated in Love's separation". Notwithstanding these objections, please refer to Dolgencorp's Rule 26 Initial Disclosures which have been previously produced.

**INTERROGATORY NO. 17:**

Please identify the name, address, telephone number, position of the person(s) who made any accusations and/or allegations against Love regarding her employment practices, e. g., those who alleged she was involved in the taking of chips and sodas, and/or any other items.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 17 to the extent it is vague and ambiguous with respect to the phrase "her employment practices." Notwithstanding these objections, pursuant to FRCP 33(d) please refer to written statements from Candice Harrison, Store Clerk, and Donna Tally, Assistant Store Manager, which have been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**INTERROGATORY NO. 18:**

Please identify your policy on reporting such allegations as cited in item number 17 above, indicating evidence of the date said policy was adopted and made an official part of the company employee's handbook and indicate whether all employees were required to follow such policy.

**RESPONSE:** Please refer to Page 48 of the 2005 Dollar General Employee Handbook, a copy of which has been previously produced as part of Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**INTERROGATORY NO. 19:**

Please identify if there were written and/or verbal complaints to you by any employee about Love's employment, for and/or against, and indicate the name, address, telephone number, position held of each such complaining employee.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 19 to the extent that it is vague, ambiguous, and confusing. Notwithstanding these objections, for a list of persons with relevant

8

information, please refer to Dolgencorp's Initial Disclosures which have been previously produced.

## VERIFICATION

STATE OF ALABAMA            )
                           )
COUNTY OF _____  )

     Charles McDonald, being first duly sworn upon his oath makes this verification that he has read the foregoing Responses to Plaintiff's First Set of Interrogatories ("Responses"0 and knows the contents thereof; and that he does not have personal knowledge of all the facts and information requested herein; and that the Responses are based on and, therefore, necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Responses; that the Responses are thus based upon his personal knowledge and that, subject to the limitations set forth above, the Responses are true to the best of his knowledge, information, and belief.


     By: _____
            Charles McDonald


Sworn and subscribed before me this the _____ day of January, 2008.


     _____
     Notary Public
     My Commission Expires:_____

10

Respectfully submitted,

/s/ Ryan M. Aday
Christopher W. Deering
Ryan M. Aday

Attorneys for Defendant
Dolgencorp, Inc.

**OF COUNSEL:**
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing document has been served on all counsel of record on this the 16th day of January, 2008, by Electronic Mail and Facsimile.

Lateefah Muhammad
P.O. Box 1096
Tuskegee, Alabama 36087

/s/ Ryan M. Aday
OF COUNSEL

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KINERA LOVE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **DOLLAR GENERAL** | ) | **3:06-CV-1147-MHT** |
| **CORPORATION,** | ) | |
| **d/b/a DOLGENCORP, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT DOLGENCORP, INC.'S RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to <u>Fed</u>. <u>R</u>. <u>Civ</u>. <u>P</u>. 34, Defendant Dollar General Corporation d/b/a Dolgencorp, Inc. (referred to herein as "Defendant"), answers and objects to Plaintiff Kinera Love's ("Plaintiff") first set of request for production as follows:

**GENERAL OBJECTIONS**

1.      Defendant's objections to Plaintiff's requests for production are made without waiver of, or prejudice to, any additional objections Defendant may make.

2.      All objections are hereby expressly preserved, as is the right to request or move for a protective order.

3.      Defendant reserve all objections as to the admissibility at trial of any information provided herein.

4.      The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation and for no other purpose.

5.      Defendant objects to each and every request for production to the extent the information called for, if any, was obtained and prepared in anticipation of litigation or for trial. Plaintiff has not made, and cannot make, any showing that she has a substantial need for the materials in the preparation of this case and that she is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.  Defendant further object to each and every request for production to the extent that the information called for is privileged and is not discoverable under Federal Rule Of Civil Procedure 26(b)(3).

6.      Defendant objects to each and every request for production to the extent that the information called for is protected from discovery by the attorney-client privilege.

7.      Defendant objects to each and every interrogatory and request for production to the extent that Plaintiff seeks to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure or to circumvent the limitations on discovery.

8.      Defendant objects to each and every interrogatory and request for production to the extent that Plaintiff seeks information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

9.      Defendant objects to each and every request for production to the extent that Plaintiff seeks information that is equally available to Plaintiff and the burden on the Defendant to obtain the requested information is no greater than the burden on Plaintiff.

10.     Defendant objects to each and every interrogatory and request for production to the extent that it is vague, not stated with requisite particularity, overly broad, oppressive, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

11.     Defendant objects to each and every interrogatory to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

12.     Defendant objects to the extent that Plaintiff requests that documents be made available at Plaintiff's attorney's office or in any particular format.   Any document that is produced will be made available at Defendants' attorney's office.

13.     Defendant objects to all of Plaintiff's discovery requests to the extent that said requests seek information outside the applicable statute of limitations.

14.     Defendant reserves the right to timely supplement its responses to these written discovery requests.

## B.     ANSWERS AND OBJECTIONS TO REQUEST FOR PRODUCTION:

The following requests for production are answered and objected to as follows:

### REQUEST FOR PRODUCTION NO.1:

All personnel files which concern, refer to and/or describe the following Defendant's employees: Kinera Love, Tiffany Cross, Julie Morrison, Tammy Stevenson, Charles McDonald, Jeff Jennings, Candice Harrison, Donna Tally, Jack Traywick, Johnnie Todd, and Human Resource Representative(s)

**RESPONSE:**  Dolgencorp objects to Request for Production No. 1 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome.  Dolgencorp also objects to this Request for Production to the extent that it infringes on the privacy rights of individuals who are not a party to this litigation. Notwithstanding these objections, Dolgencorp will produce a copy of Plaintiff's personnel file. Additionally, to the extent such documents exist, Dolgencorp will produce copies of any written disciplinary records for McDonald and Jennings.  The documents referred to in this response will be produced at a mutually convenient time and place to be determined by the parties after entry of an appropriate Protective Order by the Court.

### REQUEST FOR PRODUCTION NO.2:

All writings which constitute or refer to your files regarding the termination of the Plaintiff's employment out of which this lawsuit arises.

**RESPONSE:** Dolgencorp objects to Request for Production No. 2 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine and is unduly burdensome. Notwithstanding these objections, all non-privileged responsive documents have been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO.3:

All writings which constitute or refer to your files regarding the qualifications, scores and job skills for the person(s) hired by you for the assistant manager's position at Dollar General, the same position for which the Plaintiff was not hired.

**RESPONSE:** Dolgencorp objects to Request for Production No. 3 to the extent that it is overly broad and unduly burdensome. Notwithstanding these objections, a copy of the Assistant Store Manager job description will be produced at a mutually convenient time and place to be determined by the parties.

## REQUEST FOR PRODUCTION NO.4:

All writings, manuals, booklets which describe, concern and/or refer to the criteria and qualifications for the position of assistant manager at Dollar General for which the Plaintiff was not hired.

**RESPONSE:** Dolgencorp objects to Request for Production No. 4 to the extent that it is overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, a copy of the Assistant Store Manager job description will be produced at a mutually convenient time and place to be determined by the parties.

## REQUEST FOR PRODUCTION NO.5:

All documents which constitute or refer to communications between you and any employee of Dollar General, pertaining or referring to any allegation by Plaintiff that you treated her unfairly in regard to her employment with Dollar General.

**RESPONSE:** Dolgencorp objects to Request for Production No. 5 to the extent that it is overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, copies of the ERC Incident Details will be produced at a mutually convenient time and place to be determined by the parties.

**REQUEST FOR PRODUCTION NO.6:**

All documents which constitute or refer to communications between you and any third party, pertaining or referring to the Plaintiff's jobs held, particularly each former and/or current employer from whom you have received employment records.

**RESPONSE:** Copies of subpoenaed documents received from Plaintiff's former employers will be produced at a mutually convenient time and place to be determined by the parties.

**REQUEST FOR PRODUCTION NO.7:**

All documents which constitute or refer to any contention you have that the Plaintiff has suffered no damages, in connection with her employment ending with Dollar General in October 2005.

**RESPONSE:** Dolgencorp objects to Request for Production No. 7 to the extent that it is vague and ambiguous as the use of the word "damages." Notwithstanding these objections, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO.8:**

Any and all documents that relate or pertain to the Plaintiff's attendance record while employed by you, including, but not limited to, time cards and computerized time sheets.

**RESPONSE:** Dolgencorp objects to Request for Production No. 8 to the extent it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

Any personnel or employment or other file on the Plaintiff in which notations or comments regarding the Plaintiff's job performance, honesty, ability, diligence and other similar factors were recorded from March 2005 to October 2005.

**RESPONSE:** Dolgencorp objects to Request for Production No. 9 to the extent that it is vague, ambiguous, overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to Love's personnel file.

**REQUEST FOR PRODUCTION NO. 10:**

The Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for the period of her employment with Dollar General.

**RESPONSE:**  Copies of Plaintiff's W-2 forms should be in Plaintiff's possession.  Copies of Plaintiff's payroll records will be produced at a mutually convenient time and place to be determined by the parties.

**REQUEST FOR PRODUCTION NO. 11:**

      Any and all documents that relate or pertain to any performance evaluations or job reviews of the Plaintiff during her employment with Dollar General.

**RESPONSE:**  No such documents exist because the position held by Plaintiff during her employment did not receive formal review or evaluations.

**REQUEST FOR PRODUCTION NO. 12:**

      Any and all documents that relate or pertain to your decision to terminate the Plaintiff's employment at Dollar General, including minutes of any meeting.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 12 to the extent that it is overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding these objections, to the extent such documents exist, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 13:**

      If you contend that the Plaintiff's work performance and attendance were less than satisfactory at any time during her employment with you, please produce any and all documents that relate or pertain to the work performance and attendance records of each of the employees, including Donna Tally, who worked in the same facility as the Plaintiff during the period of the Plaintiff's employment.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 13 to the extent that it is vague and ambiguous, overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding these objections, to the extent such documents exist, Dolgencorp will produce any written disciplinary records for Tally at a mutually convenient time and place to be determined by the parties after entry of an appropriate Protective Order.

**REQUEST FOR PRODUCTION NO. 14:**

If you contend that the Plaintiff's attendance record at work was less than satisfactory, please produce any and all documents that relate or pertain to such a contention.

**RESPONSE:** Dolgencorp objects to Request for Production No. 14 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Dolgencorp does not contend that Plaintiff's attendance record was a factor in the decision not to promote Plaintiff to Assistant Store Manager or her eventual termination.

**REQUEST FOR PRODUCTION NO. 15:**

All documents describing or referring to any application, hiring or promotion of African-American (or Black) and Caucasian (or White) employees, including the position of assistant manager, by Dollar General during the period of the Plaintiff's employment with you.

**RESPONSE:** Dolgencorp objects to Request for Production No. 15 to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, calls for information protected by the attorney-client privilege and/or work product doctrine, seeking irrelevant information and is not reasonably calculated to led to the discovery of admissible evidence. Notwithstanding these objections, no such documents exist with respect to the promotion to Assistant Store Manager at issue in this lawsuit.

**REQUEST FOR PRODUCTION NO. 16:**

All documents describing or referring to any firing or dismissal of African Americans (or Blacks) and Caucasians (or Whites) by Dollar General during the period of the Plaintiff's employment with you.

**RESPONSE:** Dolgencorp objects to Request for Production No. 16 to the extent that it is irrelevant, confusing, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 17:**

For each interrogatory set forth in the Plaintiffs' First Set of Interrogatories, produce all documents which the Defendant referred to, relied upon, consulted or used in any way in answering such interrogatory, indicating which document relates to each particular interrogatory.

**RESPONSE:** Dolgencorp objects to Request for Production No. 17 to the extent that it calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, all documents indicated in Dolgencorp's Response to

Plaintiff's First Interrogatories will be produced at a mutually convenient time and place to be determined by the parties.

## REQUEST FOR PRODUCTION NO. 18:

Documents which refer or constitute communications between the Plaintiff and any supervisor or manager of Dollar General, during the Plaintiff's employment with you, including but not limited to documentation describing or constituting organizational charts, memos, letters, e-mails and the attachments, rebuttals, explanations, complaints.

**RESPONSE:** Dolgencorp objects to Request for Production No. 18 to the extent that it is overly broad, confusing, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, a copy of Dolgencorp's Employee Handbook has been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 19:

Any and all documents showing performance reviews or evaluations of the work performance of Donna Tally, Charles McDonald, Jeff Jennings and Jack Traywick since they were hired with the company.

**RESPONSE:** Dolgencorp objects to Request for Production No. 19 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, copies of any performance review or evaluations for Tally, to the extent such documents exist, will be produced at a mutually convenient time and place to be determined by the parties after the entry of an appropriate Protective Order.

## REQUEST FOR PRODUCTION NO. 20:

Any and all documents showing commendations or awards to the Plaintiff during her employment with you, whether from company itself, a customer, or from any source.

**RESPONSE:** Dolgencorp is unaware of the existence of any such documents.

## REQUEST FOR PRODUCTION NO. 21:

Any and all documents reflecting any e-mail sent by you during the Plaintiff's employment, to or concerning Plaintiff.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 21 to the extent it and calls for information protected by the attorney-client privilege and/or work product doctrine Notwithstanding this objection, to the extent such non-privileged documents exist, they will be produced at a mutually convenient time to be determined by the parties.

## REQUEST FOR PRODUCTION NO. 22:

All documents which you believe relate to any of the allegations contained in the Plaintiff's instant Complaint.

**RESPONSE:** Dolgencorp objects to Request for Production No. 22 to the extent that it is overly broad, unduly burdensome, vague and ambiguous, and not stated with particularity as required by FRCP 34.   Notwithstanding these objections, please refer to the documents referenced herein, in Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 23:

Each and every document which you believe supports any and all denials of the allegations in the Plaintiff's instant Complaint.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 22 to the extent that it is overly broad, unduly burdensome, vague and ambiguous, calls for information protected by the attorney-client privilege and/or work product doctrine, and is not stated with particularity as required by FRCP 34.   Notwithstanding these objections, please refer to the documents referenced herein, in Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 24:

Documents describing, summarizing or referring to conversations between or among agents or employees of yours regarding the Plaintiff's job performance and attendance.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 24 to the extent it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, to the extent such documents exist, please refer to Response to Request for Production No. 27 and to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 25:**

Documents describing, summarizing or referring to any investigation conducted by you, at any time referring in any way to any employee's allegations of discrimination against African Americans in employment, hiring and promotion.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 25 to the extent that it is irrelevant, overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding these objections, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 26**:

Documents describing, summarizing or referring to any complaints made against you by any employee of Dollar General, constituting or pertaining to allegations of wrongful termination, racial discrimination, age discrimination, harassment or retaliation, for the period from January 1995 to the present.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 26 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, and calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person, which mention, discuss or refer to the Plaintiff.

**RESPONSE**:  Dolgencorp objects to Request for Production No. 27 to the extent that it calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, copies of written statements and declarations will be made available for inspection and copying at a mutually convenient time and place to be determined by the parties.

**REQUEST FOR PRODUCTION NO. 28:**

Documents describing, constituting, summarizing, supporting or referring to each of your affirmative defenses to the Plaintiff's Complaint, set forth in your Answer.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 28 to the extent that it is overly broad, unduly burdensome, not stated with particularity as required by FRCP 34, and calls

for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to the documents referenced herein, in Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 29:**

      Documents describing, constituting, summarizing, supporting or referring to your defenses to the Plaintiff's Complaint, set forth in your Answer.

**RESPONSE:** Dolgencorp objects to Request for Production No. 28 to the extent that it is overly broad, confusing, vague and ambiguous, duplicative, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to the documents referenced herein, Dolgencorp's Response to Request for Production No. 28, Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 30:**

      Any and all documents that relate or pertain to the Defendant's policies regarding health insurance, retirement benefits, sick leave, vacation pay, part-time work, profit-sharing plans and/or other fringe benefits, including, but not limited to, all summary plan descriptions which were applicable to the Plaintiff's employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 30 to the extent that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, please refer to the 2005 Dollar General Employee Handbook, a copy of which has been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 31:**

      Any and all documents that relate or pertain to the Defendant's policies on how and when an employee may be disciplined (progressive or otherwise), terminated, given salary increases, promoted and/or severed with pay which were in effect at any time during the Plaintiff's employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 31 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this

request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents that relate or pertain to the Defendant's policies or procedures regarding performance evaluations which were in effect at any time during the Plaintiff's employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 32 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all photographs, negatives, recordings and/or videotapes of Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 33 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all photographs of the items made the subject of the allegations against the Plaintiff, e.g., the chips and soda, and any other items alleged.

**RESPONSE:** Dolgencorp objects to Request for Production No. 34 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all documents, reports and complaints, that relate or pertain to any actions taken by Dollar General and/or by any law enforcement agency regarding Request For Production Number 34 above.

12

**RESPONSE:** Dolgencorp objects to Request for Production No. 35 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all documents that relate or pertain to any conversations or communications by, among between any past or present employees, officers, agents or directors of the Defendant regarding the <u>possible</u> termination of the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 36 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all documents which in any way relate or pertain to any allegations made by the Plaintiff that she was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during her employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 37 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all documents which in any way relate or pertain to any conversations or communications by, among or between the Plaintiff and any past or present employee, officer, agent or director of the Defendant regarding any allegations made by the Plaintiff that she was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during her employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 38 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this

request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 39**:

Any and all documents supplied to any state or federal agency by you regarding the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 39 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 40:**

Original documents describing, constituting, summarizing, supporting or referring to the personnel notices, counseling reports, final notices and/or warnings that the Defendant claims bear the signature of the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 40 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 41:**

Original documents describing, constituting, summarizing, supporting or referring to personnel notices, counseling reports, final notices and/or warnings about the Plaintiff that the Defendant has that do not bear the signature of the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 41 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 42:**

Exact copies (i.e., bit-by-bit mirror image copies) of all hard drives on the desktop computers, laptop computers, notebook computers, personal digital assistant computers,

14

servers, and other electronic media related to this action from March 2005 to October 2005, including but not limited to, communications to and from the Plaintiff, communications to and from others about the Plaintiff, personnel notices, counseling reports, final notices and/or warnings that pertain to the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 42 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

## REQUEST FOR PRODUCTION NO. 43:

Exact copies of all relevant disks, CDs, DVDs and other removable media related to this action from March 2005 to October 2005, which include but not limited to, communications to and from the Plaintiff, communications to and from others about the Plaintiff, personnel notices, counseling reports, final notices and/or warnings that pertain to the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 43 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

## REQUEST FOR PRODUCTION NO. 44:

Any and all written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff during the period of her employment with you.

**RESPONSE**: Dolgencorp objects to Request for Production No. 44 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

Respectfully submitted,

/s/ Ryan M. Aday
Christopher W. Deering
Ryan M. Aday

Attorneys for Defendant
Dolgencorp, Inc.

**OF COUNSEL:**
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile:  (2085) 328-6000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record on this the 16th day of January, 2008, via Electronic Mail Attachment and Facsimile:

Lateefah Muhammad
P.O. Box 1096
Tuskegee, Alabama 36087

/s/ Ryan M. Aday
OF COUNSEL

16

EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,              )
    Plaintiff,        )
                    ) CIVIL ACTION NO.:
v.                   ) 03-06cv1147-MHT-SRW
                    )
DOLLAR GENERAL CORPORATION,  )
  d/b/a DOLGENCORP,      )
    Defendant.        )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT

The Plaintiff, by and through her attorney of record, propounds this Plaintiff's First Set of Interrogatories to the Defendant, by and through its counsel of record, pursuant to the provisions of *Federal Rules of Civil Procedure*, Rule 33.

### DEFINITIONS

1. As used herein, the terms "you," "your" and "the Defendant," refer to Defendant Dollar General Corporation, d/b/a Dolgencorp its officers, directors, agents, employees, attorneys, predecessors-in-interest, successors, subsidiaries, and all other persons acting or purporting to act on its behalf.

2. As used herein, the terms "document" or "documents," are defined to be synonymous in meaning and equal in scope to the usage of this term in *Federal Rule of Civil Procedure 34(a)*, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. As used herein, the term "Complaint," refers to the "Complaint" as filed in the above case, and as filed and/or made prior to this lawsuit being filed.

4. As used herein, the term "communication," means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. As used herein, the term "termination," means the actual or constructive termination of the Plaintiff's employment including any termination of employment, firing, discharge,

DEC 17 2007

reduction-in-force, layoff, resignation, or completion of the term of the employment agreement.

6. As used herein, the term "adverse employment action," means any termination, demotion, probation, suspension, reprimand, decrease in salary or wages, failure or refusal to promote, and/or failure or refusal to hire.

7. As used herein, the term "identify," means, when used in connection with a person or entity, to state the full and complete name, address, telephone and facsimile transmission number, and e-mail address of such person or entity.

8. As used herein, the term "identify," means, when used in connection with a document, to state the full and complete name, address, telephone of the author(s), recipient(s), and the person(s) currently in possession of the document.

9. As used herein, the term "person," means any individual, group of individuals, or business entity including, without any limitation whatsoever, any corporation, partnership, joint-venture, association, non-profit organization, for profit organization, educational institution, trust, limited liability company, or public entity.

## INTERROGATORIES

1. If you terminated Kinera Love's employment, please identify the following:
   (a)   The employment procedure relied upon in the decision to terminate Love's employment;
   (b)   Each person who provided any information relied upon in the decision to terminate Love's employment; and,
   (c)   All documents relied upon in the decision to terminate Love's employment.

2. If your decision to terminate Love's employment was based in whole or in part on the Love's job performance, please:
   (a)   Identify Love's specific job performance that played a role in the decision to terminate her performance;
   (b)   State whether you have terminated the employment of any other person for engaging in this same type of conduct;
   (c)   State whether any other person has engaged in this same type of conduct and did not have their employment terminated; and,
   (d)   State whether any other person has engaged in this same type of conduct and was given verbal and/or written warnings.

2

3. If anyone was hired to replace Love, please identify the person's name, age, race, qualifications, and the date the person was hired.

4. If there are any communications between you and Love about Love's complaint of discrimination and/or harassment, please:
   (a)    Identify each person who made or received the communications; and
   (b)    Identify each person who witnessed the communications.

5. If you conducted an investigation into Love's complaint of discrimination and/or harassment, please state in full and complete detail the results of your investigation.

6. Except for Love's present lawsuit against you, if, in the past 10 years, any employee has filed a civil action and/or filed a charge of discrimination with the Equal Employment Opportunity Commission against you charging and/or alleging racial discrimination, harassment, retaliation and/or age discrimination, please:
   (a)    Identify each employee who filed the action;
   (b)    State the court, where applicable, names of the parties, and case number of the civil action;
   (c)    State whether the action has been resolved or is pending.

7. Identify each type of benefit to which Love would have been entitled, from the date of the adverse employment action to present, if the adverse employment action had not happened and Love had been promoted to the position of assistant manager.

8. For each type of benefit, state the amount you would have paid to provide the benefit for Love during this time period and the value of the benefit to her.

9. If you contend that Love has not made reasonable efforts to minimize the amount of her lost income, please describe in full and complete detail what more you contend Love should have done.

10. If you contend that any of the lost income claimed by Love as disclosed in discovery thus far in this case, is unreasonable or was not caused by the adverse employment action, please state the amount of claimed lost income which you dispute and state all facts upon which you base your contention.

11. Please identify each and every document that you removed from Dollar General Corporation that relates to Love during her the period of employment from March 2005 to October 2005.

12. For each document identified in response to interrogatory number 11, please describe with particularity what you have done with each such document (e.g., destroyed it, lost it, disclosed it to others, placed it on the internet, used it in a business activity).

13. If you contend that any person gave you permission to remove the documents identified in response to interrogatory number 11, please identify each such person.

14. If you contend that each such document removed is authentic and true, please identify each person who prepared each such document and when, including date and time.

15. Please identify the name, address, telephone number, position with Dollar General Corporation of the person providing the answers to these interrogatories and length of time such person has been employed with Dollar General Corporation.

16. Please identify each of the persons who participated in Love's separation from your company, including their position held at the time of the separation.

17. Please identify the name, address, telephone number, position of the person(s) who made any accusations and/or allegations against Love regarding her employment practices, e.g., those who alleged she was involved in the taking of chips and sodas, and/or any other items.

18. Please identify your policy on reporting such allegations as cited in item number 17 above, indicating evidence of the date said policy was adopted and made an official part of the company employee's handbook and indicate whether all employees were required to follow such policy.

19. Please identify if there were written and/or verbal complaints to you by any employee about Love's employment, for and/or against, and indicate the name, address, telephone number, position held of each such complaining employee.

Respectfully submitted,

*Lateefah Muhammad*

Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

4

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's
First Set of Interrogatories to Defendant to Ryan Aday, Esquire,
attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C.,
One Federal Place, Suite 1000, 1819 Fifth Avenue North,
Birmingham, Alabama 35203, in the United States Mail, postage
prepaid and by facsimile on this 14th day of December, 2007.

Lateefah Muhammad

5

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,                    )
    Plaintiff,               )
                     ) CIVIL ACTION NO.:
v.                              )  03-06cv1147-MHT-SRW
                     )
DOLLAR GENERAL CORPORATION,     )
  d/b/a DOLGENCORP,             )
    Defendant.               )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO THE DEFENDANT

The Plaintiff, by and through her attorney of record, propounds this Plaintiff's First Request for Production to the Defendant, by and through its counsel of record, pursuant to the provisions of **Federal Rules of Civil Procedure,** **Rule 34.** Request is hereby made upon you to produce to the Plaintiff the documents and tangible things described below, within thirty (30) days of service upon you, or as according to the Court's Order, or as agreed upon by the Parties. The place of inspection shall be the law office of Lateefah Muhammad, Attorney At Law, P.C., 3805 West Martin Luther King Highway, Tuskegee, Alabama 36083, or as otherwise agreed upon by the Parties.

### INSTRUCTIONS

The following instructions are to be considered applicable to this request with respect to each document sought herein:

1. ORIGINAL DOCUMENTS

In producing these documents, you are requested to produce originals, not copies, of the documents requested. You are also requested to furnish all documents known or available to you, regardless of whether these documents are held or produced directly by you or your agent, employees, representatives, investigators, partners, or by your attorneys or their agents,

DEC 17 2007

employees, representatives or investigators. The documents which are sought by this request for production shall include not only those documents which are in the dominion or control of yourself, or your representatives or agents, but also those which are held by anyone on your behalf, and not merely such documents as are known to you of your own personal knowledge.

2. COPIES

If a document were prepared in several copies, or if additional copies were thereafter made, and if such copies are not identical or are no longer identical by reason of subsequent notations or modifications of any kind whatsoever, including without limitation, notations on the front and the back of the pages thereof, then each such non-identical copy is a separate document and must be produced.

3. PREVIOUS COPIES PRODUCED

If a document is requested that has been previously produced, then there is no need to produce it again. However, a response indicating that it was previously produced and with a reference to the title of such document with the page number is required.

4. PRIVILEGES

In the event that you seek to withhold any documents on the basis that it is properly entitled to limitation of discovery, or is subject to an Insurance Policy of privilege, please identify each such document withheld by providing the following information:

A. The date of the document;

B. The subject to which the document relates;

C. The author of the document, and the author's address;

D. The name of the recipient, addressee, or party for whom such document was intended, and the name of all other persons to whom the document or copies thereof were furnished, as well as those to whom it, or copies thereof, became available at any time, together with the job title and address of each person so identified; and,

E. The basis for the Insurance Policy or privilege. If you assert a privilege as to any portion of any categories of materials described herein, please produce the remainder of that category as to which you do not assert a privilege.

5. LOST DOCUMENTS OR THINGS

If any document to be produced was, but is no longer in your possession and control, or is no longer in existence, state whether it is:

(1) Missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

2

(2) For each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition.

6. DEFINITIONS

A. As used in this Request, the term "document" means, without limitation, the following items: printed, recorded or produced by mechanical or computer generated process, or written or produced by hand, and includes without limitation, handwritings, typewritings, printing, photostating, photographing and every other means of recording or preserving a verbatim summary or record of any form of communication or representation, including letters, words, pictures, sounds, symbols or any combination thereof and/or all transcript copies thereof; all records, reports, papers, documents, books, logs, diaries, calendars letters, notes, memoranda, agreements, communications, brochures, correspondence, telegrams, computer diskettes, copies of computer diskettes, computer print-outs in any form, summaries of records of telephone conversations, summaries of records of meetings or conferences, summaries of reports of investigations, paste-ups, lay-outs, mock-ups statements, receipts, invoices, records of account and other writings as that term is defined by Evidence Code §§250.

B. The terms "refer or relating to" mean connected with, reflecting, having an association with, depicting, illustrating, discussing, mentioning or otherwise having some direct or indirect relation to the allegations contained in Plaintiff's Complaint in this matter.

C. "You" or "Dollar General" shall mean and include Defendant, Dollar General, its agents, representatives and employees.

D. "Plaintiff" shall mean the Plaintiff in this action, Kinera Love.

## DOCUMENTS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1:
All personnel files which concern, refer to and/or describe the following Defendant's employees: Kinera Love, Tiffany Cross, Julie Morrison, Tammy Stevenson, Charles McDonald, Jeff Jennings, Candice Harrison, Donna Tally, Jack Traywick, Johnnie Todd, and Human Resource Representative(s).

REQUEST FOR PRODUCTION NO. 2:
All writings which constitute or refer to your files regarding the termination of the Plaintiff's employment out of which this lawsuit arises.

REQUEST FOR PRODUCTION NO. 3:
All writings which constitute or refer to your files regarding the qualifications, scores and job skills for the person(s) hired

3

by you for the assistant manager's position at Dollar General, the same position for which the Plaintiff was not hired.

REQUEST FOR PRODUCTION NO. 4:
All writings, manuals, booklets which describe, concern and/or refer to the criteria and qualifications for the position of assistant manager at Dollar General for which the Plaintiff was not hired.

REQUEST FOR PRODUCTION NO. 5:
All documents which constitute or refer to communications between you and any employee of Dollar General, pertaining or referring to any allegation by Plaintiff that you treated her unfairly in regard to her employment with Dollar General.

REQUEST FOR PRODUCTION NO. 6:
All documents which constitute or refer to communications between you and any third party, pertaining or referring to the Plaintiff's jobs held, particularly each former and/or current employer from whom you have received employment records.

REQUEST FOR PRODUCTION NO. 7:
All documents which constitute or refer to any contention you have that the Plaintiff has suffered no damages, in connection with her employment ending with Dollar General in October 2005.

REQUEST FOR PRODUCTION NO. 8:
Any and all documents that relate or pertain to the Plaintiff's attendance record while employed by you, including, but not limited to, time cards and computerized time sheets.

REQUEST FOR PRODUCTION NO. 9:
Any personnel or employment or other file on the Plaintiff in which notations or comments regarding the Plaintiff's job performance, honesty, ability, diligence and other similar factors were recorded from March 2005 to October 2005.

REQUEST FOR PRODUCTION NO. 10:
The Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for the period of her employment with Dollar General.

REQUEST FOR PRODUCTION NO. 11:
Any and all documents that relate or pertain to any performance evaluations or job reviews of the Plaintiff during her employment with Dollar General.

REQUEST FOR PRODUCTION NO. 12:
Any and all documents that relate or pertain to your decision to terminate the Plaintiff's employment at Dollar General, including minutes of any meeting.

4

REQUEST FOR PRODUCTION NO. 13:

If you contend that the Plaintiff's work performance and attendance were less than satisfactory at any time during her employment with you, please produce any and all documents that relate or pertain to the work performance and attendance records of each of the employees, including Donna Tally, who worked in the same facility as the Plaintiff during the period of the Plaintiff's employment.

REQUEST FOR PRODUCTION NO. 14:

If you contend that the Plaintiff's attendance record at work was less than satisfactory, please produce any and all documents that relate or pertain to such a contention.

REQUEST FOR PRODUCTION NO. 15:

All documents describing or referring to any application, hiring or promotion of African-American (or Black) and Caucasian (or White) employees, including the position of assistant manager, by Dollar General during the period of the Plaintiff's employment with you.

REQUEST FOR PRODUCTION NO. 16:

All documents describing or referring to any firing or dismissal of African Americans (or Blacks) and Caucasians (or Whites) by Dollar General during the period of the Plaintiff's employment with you.

REQUEST FOR PRODUCTION NO. 17:

For each interrogatory set forth in the Plaintiffs' First Set of Interrogatories, produce all documents which the Defendant referred to, relied upon, consulted or used in any way in answering such interrogatory, indicating which document relates to each particular interrogatory.

REQUEST FOR PRODUCTION NO. 18:

Documents which refer or constitute communications between the Plaintiff and any supervisor or manager of Dollar General, during the Plaintiff's employment with you, including but not limited to documentation describing or constituting organizational charts, memos, letters, e-mails and the attachments, rebuttals, explanations, complaints.

REQUEST FOR PRODUCTION NO. 19:

Any and all documents showing performance reviews or evaluations of the work performance of Donna Tally, Charles McDonald, Jeff Jennings and Jack Traywick since they were hired with the company.

REQUEST FOR PRODUCTION NO. 20:

Any and all documents showing commendations or awards to the Plaintiff during her employment with you, whether from the company itself, a customer, or from any source.

5

REQUEST FOR PRODUCTION NO. 21:
Any and all documents reflecting any e-mail sent by you during the Plaintiff's employment, to or concerning Plaintiff.

REQUEST FOR PRODUCTION NO. 22:
All documents which you believe relate to any of the allegations contained in the Plaintiff's instant Complaint.

REQUEST FOR PRODUCTION NO. 23:
Each and every document which you believe supports any and all denials of the allegations in the Plaintiff's instant Complaint.

REQUEST FOR PRODUCTION NO. 24:
Documents describing, summarizing or referring to conversations between or among agents or employees of yours regarding the Plaintiff's job performance and attendance.

REQUEST FOR PRODUCTION NO. 25:
Documents describing, summarizing or referring to any investigation conducted by you, at any time referring in any way to any employee's allegations of discrimination against African-Americans in employment, hiring and promotion.

REQUEST FOR PRODUCTION NO. 26:
Documents describing, summarizing or referring to any complaints made against you by any employee of Dollar General, constituting or pertaining to allegations of wrongful termination, racial discrimination, age discrimination, harassment or retaliation, for the period from January 1995 to the present.

REQUEST FOR PRODUCTION NO. 27:
Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person, which mention, discuss or refer to the Plaintiff.

REQUEST FOR PRODUCTION NO. 28:
Documents describing, constituting, summarizing, supporting or referring to each of your affirmative defenses to the Plaintiff's Complaint, set forth in your Answer.

REQUEST FOR PRODUCTION NO. 29:
Documents describing, constituting, summarizing, supporting or referring to your defenses to the Plaintiff's Complaint, set forth in your Answer.

REQUEST FOR PRODUCTION NO. 30:
Any and all documents that relate or pertain to the Defendant's policies regarding health insurance, retirement benefits, sick leave, vacation pay, part-time work, profit-sharing plans and/or other fringe benefits, including, but not limited to, all summary

6

plan descriptions which were applicable to the Plaintiff's employment with the Defendant.

REQUEST FOR PRODUCTION NO. 31:
Any and all documents that relate or pertain to the Defendant's policies on how and when an employee may be disciplined (progressive or otherwise), terminated, given salary increases, promoted and/or severed with pay which were in effect at any time during the Plaintiff's employment with the Defendant.

REQUEST FOR PRODUCTION NO. 32:
Any and all documents that relate or pertain to the Defendant's policies or procedures regarding performance evaluations which were in effect at any time during the Plaintiff's employment with the Defendant.

REQUEST FOR PRODUCTION NO. 33:
Any and all photographs, negatives, recordings and/or videotapes of Plaintiff.

REQUEST FOR PRODUCTION NO. 34:
Any and all photographs of the items made the subject of the allegations against the Plaintiff, e.g., the chips and soda, and any other items alleged.

REQUEST FOR PRODUCTION NO. 35:
Any and all documents, reports and complaints, that relate or pertain to any actions taken by Dollar General and/or by any law enforcement agency regarding Request For Production Number 34 above.

REQUEST FOR PRODUCTION NO. 36:
Any and all documents that relate or pertain to any conversations or communications by, among or between any past or present employees, officers, agents or directors of the Defendant regarding the possible termination of the Plaintiff.

REQUEST FOR PRODUCTION NO. 37:
Any and all documents which in any way relate or pertain to any allegations made by the Plaintiff that she was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during her employment with the Defendant.

REQUEST FOR PRODUCTION NO. 38:
Any and all documents which in any way relate or pertain to any conversations or communications by, among or between the Plaintiff and any past or present employee, officer, agent or director of the Defendant regarding any allegations made by the Plaintiff that she was being or had been harassed, discriminated

7

against, retaliated against and/or otherwise unfairly treated at
any time during her employment with the Defendant.

REQUEST FOR PRODUCTION NO. 39:
Any and all documents supplied to any state or federal agency by
you regarding the Plaintiff.

REQUEST FOR PRODUCTION NO. 40:
Original documents describing, constituting, summarizing,
supporting or referring to the personnel notices, counseling
reports, final notices and/or warnings that the Defendant claims
bear the signature of the Plaintiff.

REQUEST FOR PRODUCTION NO. 41: Original documents describing,
constituting, summarizing, supporting or referring to personnel
notices, counseling reports, final notices and/or warnings about
the Plaintiff that the Defendant has that do not bear the
signature of the Plaintiff.

REQUEST FOR PRODUCTION NO. 42:
Exact copies (i.e., bit-by-bit mirror image copies) of all hard
drives on the desktop computers, laptop computers, notebook
computers, personal digital assistant computers, servers, and
other electronic media related to this action from March 2005 to
October 2005, including but not limited to, communications to and
from the Plaintiff, communications to and from others about the
Plaintiff, personnel notices, counseling reports, final notices
and/or warnings that pertain to the Plaintiff.

REQUEST FOR PRODUCTION NO. 43:
Exact copies of all relevant disks, CDs, DVDs and other removable
media related to this action from March 2005 to October 2005,
which include but not limited to, communications to and from the
Plaintiff, communications to and from others about the Plaintiff,
personnel notices, counseling reports, final notices and/or
warnings that pertain to the Plaintiff.

REQUEST FOR PRODUCTION NO. 44:
Any and all written job descriptions or any other documents that
relate or pertain to the work duties and/or responsibilities of
each position held by the Plaintiff during the period of her
employment with you.


                          Respectfully submitted,

                          _Lateefah Muhammad_

                          Lateefah Muhammad (*Ala. Code* MUH001)
                          ATTORNEY FOR PLAINTIFF


                                                              8

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's First Request for Production to Defendant to Ryan Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid and by facsimile on this 14th day of December, 2007.

Lateefah Muhammad

9