IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,**
**Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

*Attorneys for Defendant*
*Dolgencorp, Inc.*

## TABLE OF CONTENTS

I. INTRODUCTION: ................................................................................1

II. ARGUMENT: ....................................................................................1

    A. Plaintiff's failure to promote claim fails as a matter of law. ...............1

        1. Plaintiff cannot establish a *prima facie* case of failure to promote because she cannot show that she was qualified for the Assistant Store Manager position. ..........................................................................1

        2. Plaintiff cannot show that any non-minority who was equally or less qualified was promoted to the Assistant Store Manager position and, therefore, she cannot sustain her *prima facie* case. ........................5

    B. Even if Plaintiff can somehow satisfy a *prima facie* case of discriminatory failure to promote, she has no evidence to show that Dolgencorp's legitimate, nondiscriminatory reason for promoting Ms. Tally to the Assistant Store Manager position is pretextual. ......................................................6

        1. Dolgencorp has met its burden of proffering a legitimate, nondiscriminatory reason for promoting Ms. Tally instead of Plaintiff to Assistant Store Manager. ...............................................6

        2. Dolgencorp has produced all discovery documents referenced in its discovery responses. ..............................................................................7

        3. Plaintiff cannot prove pretext because she cannot show that she was better qualified than Ms. Tally. .........................................8

        4. Evidence of nepotism cannot be used to show pretext. ...............9

        5. Plaintiff cannot use "stray remarks" or statements which show no racial bias as evidence of pretext. ................................................11

    C. Dolgencorp is entitled to summary judgment on Plaintiff's Title VII retaliatory discharge claim. .............................................................14

        1. Plaintiff did not engage in any statutorily protected conduct or expression because she never complained of race discrimination or engaged in any other type of protected activity prior to her termination. .14

2.  Plaintiff cannot show any "nexus or causal connection" between her complaint to ERC and her eventual termination because the undisputed evidence shows that she was terminated for refusing to participate in an internal investigation.........................................................16

3.  Even if Plaintiff could establish a *prima facie* case of retaliatory discharge, Plaintiff cannot show that Dolgencorp's legitimate, non-retaliatory reason for her termination was pretextual. ................................17

III. CONCLUSION  .........................................................................................................18

## I.    INTRODUCTION:

On December 21, 2007, Dolgencorp filed its Motion for Summary Judgment, along with a Brief in Support and an Evidentiary Submission (collectively referred to as the "Summary Judgment Motion"). After two extensions of time, Plaintiff filed her Brief in Opposition to Dolgencorp's Motion for Summary Judgment (the "Opposition Brief"). Plaintiff attempts to engineer disputes of material fact through inadmissible declaration testimony which lacks foundation, contains conclusory allegations, contradicts prior deposition testimony, and is due to be stricken. Accordingly, simultaneous with the filing of this Reply, Dolgencorp has filed a Notice of Objection. As discussed in the Summary Judgment Motion, in this Reply, and in the Notice of Objection, Dolgencorp remains entitled to summary judgment on all counts.

## II.    ARGUMENT:

### A.    Plaintiff's failure to promote claim fails as a matter of law.

#### 1.    Plaintiff cannot establish a *prima facie* case of failure to promote because she cannot show that she was qualified for the Assistant Store Manager position.

In her Opposition Brief, Plaintiff attempts to engineer disputed issues of fact with respect to comparator Donna Tally's ("Ms. Tally") qualifications for the Assistant Store Manager position, arguing that Ms. Talley was less qualified than Plaintiff. *See* Opposition Brief at 3, 11-18. Plaintiff attempts to support this assertion with self-serving appraisals of her own performance, as well as through the incompetent affidavit testimony of Tiffany Cross ("Ms. Cross"), a former Dolgencorp Store Manager who completely lacks foundation to testify as to Ms. Tally's work history and qualifications. Much of Plaintiff's and Ms. Cross' affidavit testimony is due to be stricken from the

1

record. *See* Notice of Objection and Motion to Strike, which has been filed simultaneously herewith. Moreover, Dolgencorp expects to be able to supplement the record next week with the deposition transcript[1] of Cross, who was deposed February 14, 2008. During her deposition, Ms. Cross admitted that certain of the material testimony contained in her recently filed Affidavit was incorrect, inaccurate and/or false, resulting in arguable perjury. Moreover, her deposition testimony further informed of the evidentiary incompetence of certain testimony offered via her recently filed affidavit.

In her affidavit, Ms. Cross states that because she is "related" somehow to Ms. Tally that she has knowledge of her entire work history. Ms. Cross does not have first-hand knowledge of Ms. Tally's prior job duties and responsibilities. In her deposition on February 14, 2008, Ms. Cross changed her testimony and admitted that she did not have first-hand knowledge of Ms. Tally's prior job duties and responsibilities in her prior jobs.

The undisputed fact remains that Charles McDonald ("Mr. McDonald") has first-hand knowledge of Ms. Tally's prior retail management experience because he hired her previously to manage Video City Rentals, Inc., a video rental store that Mr. McDonald previously owned. *See* Supplemental Declaration of Mr. McDonald at ¶¶ 3-4, attached hereto as Exhibit "1." Ms. Tally provided direct supervision of other employees and supervised all aspects of the store's operations. In her job at Video City Rentals, Tally's job duties included, but were not limited to, training and developing store employees; maintaining financial controls for the store including shrink, labor and operating expenses; developing rapport and good will with the store's customers to drive business; ensuring the store's compliance with all state and federal laws; coaching and counseling

---

[1] Dolgencorp believes that the transcript of Ms. Cross's deposition will be made available by the court reporter by February 20 or 21, 2008.

store employees; and engaging in various transactions with vendors and other third parties on behalf of the store.[2] *See* Supplemental Declaration of Mr. McDonald at ¶¶ 5-6. Accordingly, Ms. Tally more than met the qualifications for the Assistant Store Manager position and, moreover, was more qualified and experienced than Plaintiff.

Plaintiff, on the other hand, had no such experience prior to her employment with Dolgencorp, and therefore, was not qualified for the position. In her Affidavit, Plaintiff mischaracterizes her prior deposition testimony concerning her employment with Taco Bell. Unlike Ms. Tally, who was in charge of the overall day-to-day operations for Video City Rentals when Mr. McDonald was not present, Plaintiff was merely the "lead cashier" at Taco Bell, and reported to the Store Manager, who, according to Plaintiff, "oversaw the whole restaurant." *See* Plaintiff's Depo. at 116. Plaintiff testified that her job responsibilities as "lead cashier" included taking orders, preparing invoices, and receiving calls from other cashiers if one was going to be late to work. *See* Plaintiff's Depo. at 117. In addition to being less qualified for the Assistant Store Manager position than Ms. Tally, there is no evidence that Mr. McDonald or Mr. Jennings knew of Ms. Love's work as a "lead cashier" at a Taco Bell store and, furthermore, Plaintiff's Application for Employment with Dolgencorp does not indicate her work at Taco Bell.

Plaintiff also attempts to show that she was qualified for the Assistant Store Manager position through her own self-serving and conclusory appraisals of her own work performance and the unspecified "training" she received during her time at Dolgencorp. As explained in the Summary Judgment Motion, a plaintiff cannot show

---

[2] In her February 14, 2008 deposition and contrary to her filed affidavit, Ms. Cross testified that she does not dispute that Ms. Tally performed all such job duties while employed at Video City Rentals. Dolgencorp will seek leave to supplement the record upon its receiving a copy of the deposition transcript.

that she was qualified for a position, or equally or more qualified for a position than someone else, through self-serving appraisals of her own performance. *See Curtis, et al. v. TeleTech Customer Care Management (Telecommunications), Inc.*, 208 F.Supp.2d 1231, 1246 (N.D. Ala. 2002). In her affidavit, Plaintiff makes numerous self-serving appraisals such as "he [Mr. McDonald] knew my work performance was very good. I never took off another [*sic*] than when I was scheduled. I came to work whenever I was needed to help out in the store, and especially since I was in line to receive the promotion." Plaintiff's Affidavit at ¶11. Such conclusory and self-serving statements cannot be used to prove qualifications. Moreover, coming to work is a basic job expectation, not a promotion qualification. Plaintiff also makes the baseless assertion that "to become an assistant manager requires at least two months of training." Nowhere in the Assistant Store Manager job description does it state that two months of "training" is a prerequisite for consideration for the position.[3]

Finally, Plaintiff attempts to show her qualifications through the affidavit testimony of Ms. Cross, a former Dolgencorp Store Manager. The plaintiff does not dispute that Mr. McDonald and Mr. Jennings were the ones who made the decision to promote Ms. Tally, not Ms. Cross, and that Ms. Cross did not have any input into this decision. Therefore, Ms. Cross' subjective opinions of Plaintiff's work performance and training is irrelevant. *See* Notice of Objection and Motion to Strike filed simultaneously herewith. In her affidavit, Ms. Cross makes the conclusory statement "I know that

---

[3]  As mentioned previously, much of Plaintiff's Affidavit is due to be stricken from the record. *See* Notice of Objection and Motion to Strike. Additional grounds include Ms. Cross' admission in her February 14, 2008 deposition that she did not have any personal knowledge as to Ms. Tally's work experience at Video City Rentals, and her acknowledgment that she cannot dispute that Ms. Tally performed the job duties that Mr. McDonald outlines in his supplemental declaration.

instead of hiring Kinera, whom I know was capable and qualified, for the assistant manager position, they hired a White female, Donna Tally, Charles' niece." Such a statement is conclusory and based only on personal opinion. Additionally, the statement is irrelevant as Ms. Cross was not the decision-maker. Similarly, Ms. Cross purports to be able to testify as to Ms. Tally's prior work history and qualifications. As discussed above, Mr. McDonald is aware of Ms. Tally's prior retail management experience first-hand as he hired her to run his Video City Rentals business several years earlier. Ms. Cross' assertion that "Donna never worked as a manager in a video store" lacks foundation as Ms. Cross does not have personal knowledge of Ms. Tally's job duties or work experience at Video City Rentals, which she admitted in her February 14, 2008 deposition. *See* Notice of Objection and Motion to Strike. Mr. McDonald, the decision-maker, has such first-hand knowledge. Accordingly, Plaintiff's attempt to show her qualifications through Ms. Cross' conclusory affidavit is misguided, and cannot be used to create a genuine issue of material fact on the promotion claim. Therefore, it remains abundantly clear that Plaintiff cannot show that she was qualified for the Assistant Store Manager position. As a result, Plaintiff cannot sustain a *prima facie* showing of failure to promote, and therefore, her claim fails as a matter of law.

> **2.**     **Plaintiff cannot show that any non-minority who was equally or less qualified was promoted to the Assistant Store Manager position and, therefore, she cannot sustain her *prima facie* case.**

Plaintiff cannot show that she was qualified for the Assistant Store Manger position, and her *prima facie* case of discriminatory failure to promote fails for that reason alone. Because Plaintiff cannot show that she was qualified for the position, she certainly cannot show that Ms. Tally was equally or less qualified for the position than Plaintiff.

5

As discussed above, Ms. Tally had prior retail management experience at Video City Rentals (regardless of Ms. Cross' baseless opinion to the contrary). Because of this prior work experience, not only was Ms. Tally at least equally qualified for the position, she was better qualified than Plaintiff. Accordingly, Plaintiff cannot sustain a *prima facie* case of discriminatory failure to promote. Dolgencorp remains entitled to summary judgment on this claim.

> **B.** **Even if Plaintiff can somehow satisfy a *prima facie* case of discriminatory failure to promote, she has no evidence to show that Dolgencorp's legitimate, nondiscriminatory reason for promoting Ms. Tally to the Assistant Store Manager position is pretextual.**
>
> > **1.** **Dolgencorp has met its burden of proffering a legitimate, nondiscriminatory reason for promoting Ms. Tally instead of Plaintiff to Assistant Store Manager.**

Even if Plaintiff could somehow make a *prima facie* showing of discriminatory failure to promote, Plaintiff has utterly failed to come forth with evidence to show that Dolgencorp's legitimate, nondiscriminatory reason for not promoting her to Assistant Store Manager is pretext for race discrimination. In her Opposition Brief, Plaintiff erroneously argues that Dolgencorp has not met its burden of proffering a legitimate, nondiscriminatory reason and that, according to Plaintiff, the "first" legitimate, nondiscriminatory reason offered by Dolgencorp was "you're not ready." *See* Opposition Brief at 14. Plaintiff provides no evidentiary support for this baseless assertion. Likewise, Plaintiff makes the misplaced argument that Dolgencorp has not supported its "second" legitimate, nondiscriminatory reason, that Ms. Tally had prior retail management experience, and Plaintiff did not. *See* Opposition Brief at 15. Such an argument is groundless in light of the substantial evidence presented that Ms. Tally had prior retail management experience at the Video City Rentals retail business. *See*

6

Declaration and Supplemental Declaration of Charles McDonald. The burden on an employer of proffering a legitimate, nondiscriminatory reason for the employment action is "exceedingly light.'" *Bevill v. UAB Walker College*, 62 F. Supp. 2d 1259, 1277 (N.D. Ala. 1999) (quoting *Meeks v. Computer Assocs., Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994)). Dolgencorp "need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Burdine*, 450 U.S. at 257. Accordingly, Dolgencorp has met its burden of proffering a legitimate, nondiscriminatory reason for promoting Ms. Tally instead of Plaintiff.

      **2.    Dolgencorp has produced all discovery documents referenced in its discovery responses.**

     Plaintiff's misguided arguments and assertions to this Court continue in her Opposition Brief by accusing Dolgencorp of not producing documents requested in Plaintiff's request for production. Plaintiff alleges that the lack of production of certain documents, which Dolgencorp never agreed to produce, and which Plaintiff did not challenge, somehow supports Plaintiff's argument that Dolgencorp's decision was pretextual. *See* Plaintiff's Opposition Brief at 15-16. Dolgencorp produced all documents indicated in its Responses to Plaintiff's "eleventh hour" discovery requests, which were served on December 14, 2007. During the telephone hearing held on January 25, 2008, the undersigned counsel and Plaintiff's counsel agreed that Dolgencorp would produce copies of the documents indicated in Dolgencorp's discovery responses – and they were so produced. If Plaintiff wished to challenge Dolgencorp's discovery responses, which Dolgencorp believes were more than sufficient, Plaintiff should have done so during the discovery phase of this litigation – yet she did not. Plaintiff now

makes this blanket and unsupported assertion without any explanation as to how any additional documents may make a difference in deciding the issues in this lawsuit. For Plaintiff to now assert that Dolgencorp's allegedly deficient discovery responses somehow constitute pretext is misguided, and the Court should disregard this argument.

### 3.    Plaintiff cannot prove pretext because she cannot show that she was better qualified than Ms. Tally.

In a failure to promote case, a plaintiff cannot prove pretext by simply arguing or even by showing that she was better qualified than the individual who received the promotion. *See Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1339 (11th Cir. 2000). "A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Id.* The Eleventh Circuit has explained that "'a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons. . .'" *Id.* (citing *Combs*, 106 F.3d at 1542); *see also Damon v. Flemming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999)(emphasizing that courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged decision.").

In a weak attempt to show evidence of Pretext, Plaintiff tries to show that she was better qualified than Ms. Tally because she allegedly "trained" Ms. Tally. While a Title VII plaintiff may show pretext by presenting evidence that he/she was better qualified for the position, the evidence of superior qualifications must show a disparity such that no reasonable person, in the exercise of impartial judgment, could have chosen the individual selected over the plaintiff for the position in question. *See Cooper v. Southern Co.*, 390 F.3d 723 (11th Cir. 2004). Based on the evidence presented, it is clear that

Plaintiff has failed to meet this standard.

Plaintiff erroneously asserts that training is somehow a requirement for promotion to Assistant Store Manager, and cites page 42 of Dolgencorp's Employee Handbook and Ms. Cross' affidavit in an attempt to support that assertion, and makes the erroneous argument that Ms. Tally's promotion was "outside of the normal and established course of business at Dolgencorp". *See* Opposition Brief at 16-17. <u>Nowhere in Dolgencorp's Employee Handbook, or in the Assistant Store Manager job description, does it say that training is a prerequisite for obtaining the Assistant Store Manager position.</u> *See also* Supplemental Declaration of Mr. McDonald at ¶ 8 ("Training is not a prerequisite for obtaining the Assistant Store Manager position."). Additionally, Ms. Cross, a former Store Manager, is hardly in a position to testify as to what is a "normal and established course of business" at Dolgencorp, and her testimony is nothing more than an erroneous opinion. Accordingly, Plaintiff's "training" argument is unsupported, irrelevant, and cannot be used to show pretext.

**4.    Evidence of nepotism cannot be used to show pretext.**

Tellingly, during her deposition when questioned as to why she believed Ms. Tally received the Assistant Store Manager position, Plaintiff said that Ms. Tally received the promotion because she is Mr. McDonald's niece, and for no other reason. *See* Plaintiff's Depo. at 46-47, 67-68. When Plaintiff called ERC (the Employee Response Center, toll-free line) to complain about not receiving the Assistant Store Manager position, Plaintiff testified during her deposition that she told ERC that Mr. McDonald "was going to look over me and give it to his niece." *See* Plaintiff's Depo. at 46-47. Furthermore, Plaintiff testified that, in her opinion, the fact that Ms. Tally is Mr. McDonald's niece was the

reason Ms. Tally received the promotion. *See* Plaintiff's Depo. at 67-68. Based on her own testimony, Plaintiff <u>never once mentioned race as being a factor in Dolgencorp's decision to promote Ms. Tally</u>, only that, in her opinion, nepotism played a role in the decision. Plaintiff's deposition testimony is substantiated by the ERC notes that Plaintiff has submitted in support of her Opposition Brief. *See* Exhibit "D" to Plaintiff's Opposition Brief ("Kinera said she would like to register a complaint. She indicated the district manager isn't being fair to her. According to Kinera, the district manager overlooked her for a position and gave it to his niece."). As explained *infra*, nepotism does not equate to race discrimination.

Plaintiff, through her newly-filed Affidavit, now attempts to change her deposition testimony to include race discrimination as being part of her complaint to ERC. *See* Plaintiff's Affidavit at ¶ 3 ("I called ERC and reported that he [McDonald] had overlooked me and discriminated against me to promote his niece, Donna Tally, a white female, to the position of assistant manager . . ." "I felt Charles discriminated against me because I am black."). Plaintiff cannot purport to change her clear and unambiguous deposition testimony after the fact with an affidavit in an effort to engineer issues of disputed fact. *See Van T. Junkin & Assoc., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir. 1984)(finding that affidavit contradicting prior deposition testimony a sham when the party merely contradicts prior testimony without any valid explanation); *see also* Notice of Objection and Motion to Strike.

As this Court is aware, <u>nepotism is not race discrimination</u>. *See, e.g., Holder v. City of Raleigh*, 867 F.2d 823, 825-26 (4th Cir. 1989) (rejecting "nepotism" as an impermissible hidden motive equivalent to discrimination for employer's refusal to hire more qualified

black applicant); *cf, Brant v. Shop'n Save Warehouse Foods, Inc.,* 108 F.3d 935, 938 (8th Cir. 1997) ("[I]t is not intentional sex discrimination . . . to hire an unemployed old friend who happens to be a male, without considering an applicant who is neither unemployed nor an old friend and happens to be female."); *Foster v. Dalton,* 71 F.3d 52, 54, 56 (1st Cir. 1995) (upholding, against Title VII challenge, supervisor's decision to alter job description to favor his "fishing buddy" over generally more qualified female applicant, because "Title VII does not outlaw cronyism"); *Bickerstaff v. Nordstrom, Inc.,* 48 F.Supp.2d 790, 800 (N.D. Ill. 1999) (hiring decision based on nepotism does not give rise to an inference of racial discrimination); *U.S. Equal Employ. Com'n v. Foster Wheeler Constructors, Inc.,* 1999 WL 528196 *6 n.4 (N.D. Ill. 1999)("Nepotism might not be a good means for making employment decisions; however, the discrimination laws are not aimed at stopping employers from using "bad" motivations, but only at stopping employers from using discriminatory employment motivations."). Therefore, because Plaintiff testified that nepotism, not race, was the reason for Ms. Tally's promotion, Plaintiff cannot possibly show any evidence of pretext, and as a result, her failure to promote claim fails as a matter of law.

> **5.    Plaintiff cannot use "stray remarks" or statements which show no racial bias as evidence of pretext.**

Ms. Cross testified in her Affidavit that she heard Asset Protection Supervisor Jack Traywick ("Mr. Traywick") tell Mr. McDonald and Mr. Jennings that they needed to get rid of Kinera because "she could cause them some trouble." *See* Ms. Cross' Affidavit at ¶3. This alleged comment is not evidence of pretext because: (1) Mr. Traywick is a non-decision-maker; and (2) the alleged comment does not show any racial bias.

In the Eleventh Circuit, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age" [or here on the basis of race] will constitute direct evidence of discrimination. *Damon*, 196 F. 3d at 1359 (quoting *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081-82 (11th Cir. 1990). Evidence that merely "suggests discrimination ... or that is subject to more than one interpretation ... does not constitute direct evidence." *Merrit*, 120 F. 3d at 1189 (internal citations omitted). Stray remarks, statements by non-decisionmakers, and statements by decisionmakers unrelated to the decisional process itself, do not constitute direct evidence of discrimination. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 277 (1989) (O'Connor, J., concurring); *EEOC v. Alton Packaging Corp.*, 901 F.2d 920, 924 (11th Cir. 1990) (quoting *Price Waterhouse*, 490 U.S. 228, 277 (1989)); *Mauter v. Hardy Corp.*, 825 F.3d 1554, 1558 (11th Cir. 1987) (statements by non-decisionmaker).

It is undisputed that Mr. McDonald, not Mr. Traywick, was the decision-maker with respect to the Assistant Store Manager position in question. Therefore, any comment attributed to Mr. Traywick cannot constitute evidence of pretext. More importantly though, the alleged comment does not even suggest race discrimination, and for that reason alone it does not meet the threshold for being a "stray remark", let alone a statement sufficient to show discriminatory intent.

In further efforts to create evidence of pretext, Ms. Cross in her affidavit makes the vague and unsupported allegation that, "On one occasion in spring of 2005, a black lady came into the Opelika store where I was working and asked Charles if we were hiring. He told her "no." That afternoon of the same day, he hired two white females, one of whom was a white girl named Amy." *See* Ms. Cross Affidavit at ¶ 5. This

allegation is groundless, is not based on Ms. Cross' first-hand knowledge, and does not provide any detail as to the position sought by the unidentified black female or whether the individuals purportedly hired were seeking the same position as the black female. As discussed in Dolgencorp's Notice of Objection and Motion to Strike, this testimony is due to be stricken from the record. Furthermore, a review of Dolgencorp's Store Records for 2005 shows that no individual named "Amy" ever worked at the Opelika store. *See* Supplemental Declaration of Mr. McDonald at ¶ 7. Such baseless affidavit testimony is due to be stricken and should not be considered as evidence of pretext. Furthermore, race discrimination cannot be inferred from this alleged comment as the comments were not made in connection with the decision-making process to promote Ms. Tally to the Assistant Store Manager position. Therefore, this alleged incident, at most, constitutes nothing more than a "stray remark". Accordingly, Plaintiff cannot rely on this affidavit testimony as evidence of pretext.

Ms. Cross' final allegation against Mr. McDonald is that he allegedly said that Wendy Whitlock "would not make it any further in Dollar General because she is married to a 'F_____g N_____r.'" *See* Ms. Cross Affidavit at ¶ 5. Again, even when taking this allegation as true for purposes of summary judgment (which it is not, *see* Supplemental Declaration of Mr. McDonald at ¶10), the alleged single, isolated comment constitutes a "stray remark" which is insufficient to show pretext as a matter of law. In addition to being a single, isolated comment, it is <u>unconnected with the decision to promote Ms. Tally</u> to the Assistant Store Manager position. Therefore, Ms. Cross' alleged comment, even if true, should be disregarded as a "stray remark" and not considered evidenced of pretext.

C.    **Dolgencorp is entitled to summary judgment on Plaintiff's Title VII retaliatory discharge claim.**

1.    **Plaintiff did not engage in any statutorily protected conduct or expression because she never complained of race discrimination or engaged in any other type of protected activity prior to her termination.**

Plaintiff cannot satisfy the first required *prima facie* element of her retaliatory discharge claim because she never engaged in any statutorily protected activity or expression. While Plaintiff testified in her deposition that she complained to ERC after Ms. Tally was promoted to Assistant Store Manager, Plaintiff did not mention race discrimination, or any other impermissible factor, as having played a role in Dolgencorp's decision not to promote her. In fact, when asked what she told ERC, Plaintiff testified that she only told ERC that Dolgencorp had "overlooked her", that "Donna Tally is Charles McDonald's niece" and that Mr. McDonald was "going to overlook me and give it [the Assistant Store Manager position] to his niece." *See* Plaintiff's Depo. at 46-47. Plaintiff never mentioned race discrimination in her complaint to ERC, and only made general allegations of unfairness. Furthermore, the ERC notes submitted by Plaintiff further substantiate the fact that Plaintiff never mentioned race in her complaint to ERC. The ERC notes (Exhibit "D" to Plaintiff's Opposition Brief) states as follows: "Kinera said she would like to register a complaint. She indicated the district manager isn't being fair to her. According to Kinera, the district manager overlooked her for a position and gave it to his niece." It is clear that the documentary evidence submitted by Plaintiff herself supports the conclusion that Plaintiff did not mention race discrimination in her complaint to ERC.

As pointed out above, in an apparent realization that her deposition testimony and the ERC notes on this issue doom her retaliatory discharge claim because she failed to engaged in statutorily required protected activity, Plaintiff attempts to change her testimony to reflect that she did complain to ERC about race being a factor in the decision not to promote her to Assistant Store Manager. *See* Plaintiff's Affidavit at ¶ 3 ("I called ERC and reported that he [McDonald] had overlooked me and discriminated against me to promote his niece, Donna Tally, a white female, to the position of assistant manager . . ." "I felt Charles discriminated against me because I am black."). There is also no evidence of any inaccuracy with respect to the ERC notes. Plaintiff cannot purport to change her clear and unambiguous deposition testimony after the fact with an affidavit in an effort to engineer issues of disputed fact. *See Van T. Junkin & Assoc., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656 (11th Cir. 1984)(finding that affidavit contradicting prior deposition testimony a sham when the party merely contradicts prior testimony without any valid explanation). Therefore, as a matter of law, Plaintiff did not engage in any protected activity, which is fatal to her retaliation claim.

Plaintiff also makes the unsupported allegation and argument that she had a meeting with Mr. Traywick, an Asset Protection Supervisor, at the Auburn store to investigate her ERC complaint, and that this somehow constitutes protected activity. *See* Opposition Brief at 21-22. This second attempt by Plaintiff to show that she engaged in protected activity again fails as Plaintiff, yet again, fails to mention race as being the reason for her alleged discriminatory treatment. *See id.* Furthermore, any internal investigation performed in response to a complaint of discrimination by an employee against a District Manager would have been conducted by the Regional Manager, not an

Asset Protection Supervisor, such as Mr. Traywick. *See* Supplemental Declaration of Mr. McDonald at ¶11. Accordingly, Plaintiff cannot show that she ever engaged in any protected activity because she never mentioned race as being a factor in the decision not to promote her, and therefore, her retaliatory discharge claim cannot stand.

> **2.    Plaintiff cannot show any "nexus or causal connection" between her complaint to ERC and her eventual termination because the undisputed evidence shows that she was terminated for refusing to participate in an internal investigation.**

Even if Plaintiff could somehow show that she engaged in protected activity, Plaintiff cannot show any causal connection between her complaint and her eventual termination and, therefore, cannot satisfy a *prima facie* case of retaliation under Title VII. In an attempt to create an issue of material fact with respect to the "nexus or causal connection" element of the *prima facie* case, Plaintiff sets forth unsupported, conclusory assertions based on her own subjective opinion. *See* Opposition Brief at 26-27. Plaintiff claims that she did not refuse to participate in an investigation, because, according to her, she did not know an investigation was taking place. Regardless of whether Plaintiff was aware of an investigation or not, Plaintiff does not and cannot dispute that Candice Harrison ("Ms. Harrison") and Ms. Tally each submitted complaints to Dolgencorp management that Plaintiff had asked for unauthorized discounts on merchandise. *See* Plaintiff's Depo. at 54-55. Additionally, Plaintiff cannot and does not dispute the fact that she refused to answer questions from Mr. Traywick, Dolgencorp's Asset Protection Supervisor, without a witness or an attorney present. *See* Plaintiff's Depo. at 56-58, 60, 72. Plaintiff's assertion that she would not to speak with Mr. Traywick without a witness or an attorney present flies in the face of her contention that she did not know an

investigation was occurring. Additionally, Plaintiff does not dispute that it is Dolgencorp policy that an employee can be terminated for failing or refusing to participate in an internal investigation. *See* Employee Handbook at 44-45.

Furthermore, Plaintiff acknowledged that the reason for her termination is true on her Termination Form. *See* Exhibit "8" to Dolgencorp's Evidentiary Submission. She admitted to doing so in her deposition. *See* Plaintiff's Depo. at 75-76. Now, in her new Affidavit, Plaintiff claims that she "signed the Dollar General Personnel Action Form on the date of my termination under duress." *See* Plaintiff's Affidavit at ¶22. This boldfaced change of testimony characterizes the lengths Plaintiff is willing to go in an effort to create a factual dispute. Such a blatant change in testimony cannot be used to create a factual dispute in light of documentary evidence and deposition testimony to the contrary. As a result, Plaintiff cannot show any causal connection between her purported protected activity and her termination because she has admitted to engaging in the conduct for which she was terminated. Therefore, Dolgencorp remains entitled to summary judgment on her retaliatory termination claim.

> **3.    Even if Plaintiff could establish a *prima facie* case of retaliatory discharge, Plaintiff cannot show that Dolgencorp's legitimate, non-retaliatory reason for her termination was pretextual.**

It is undisputed, despite Plaintiff's baseless contentions to the contrary, that she did not engage in any statutorily protected conduct, and that Dolgencorp terminated Plaintiff's employment for refusing to participate in an internal investigation. These facts are undisputed, regardless of Plaintiff's efforts to contradict her prior sworn testimony and the documentary record evidence. Plaintiff's only argument with respect to this issue is that she was unaware an investigation was occurring when she asked for a

witness or an attorney to be present, and that Ms. Harrison's and Ms. Tally's allegations were "false", in her opinion. *See* Opposition Brief at 28-29. It is irrelevant whether Ms. Harrison's or Ms. Tally's complaints were "true" or not – Plaintiff never gave Dolgencorp an opportunity to fully investigate those complaints, in violation of company policy. The existence of the complaints, to which Plaintiff admits, more than justifies the asset protection investigation that ensued. Additionally, Plaintiff's argument that she did not refuse to participate in an investigation because she did not know an investigation was occurring is illogical and meritless in light of the fact that she admits she wanted a witness or an attorney present. Furthermore, there has been no evidence presented that Plaintiff had any right to have known that she was being investigated. No evidence has been presented because none exists. Regardless, the fact remains that based on her own deposition testimony, as well as on the Termination Form which she signed, Plaintiff has admitted to engaging in the conduct for which she was terminated. As a result, Plaintiff cannot show that Dolgencorp's legitimate, non-retaliatory reason for her termination was pretextual and, as a result, Dolgencorp is entitled to summary judgment.

## III.  CONCLUSION

Plaintiff cannot sustain a *prima facie* case of discriminatory failure to promote because she cannot show that she was qualified for the Assistant Store Manager position, nor can she show that non-protected employees with equal or lesser qualifications were promoted to Assistant Store Manager. The evidence shows that Ms. Tally's prior experience in retail management made her more qualified for the Assistant Store Manager position than Plaintiff. Additionally, even if Plaintiff could sustain a *prima facie* case, Plaintiff has no evidence which would tend to show that Dolgencorp's legitimate,

non-discriminatory reason for promoting Ms. Tally instead of Plaintiff[4] is a pretext for discrimination.

Likewise, Plaintiff's retaliatory discharge claim fails as a matter of law. Plaintiff cannot sustain a *prima facie* of retaliatory discharge because she cannot show any nexus or causal connection between her complaint to ERC regarding the Assistant Store Manager position and her termination. Plaintiff has admitted that her employment was terminated for refusing to participate in an internal investigation in accordance with Dolgencorp policy. Even if Plaintiff could sustain a *prima facie* showing of retaliatory discharge, she has no evidence that Dolgencorp's legitimate, nondiscriminatory reasons for her termination are pretext for retaliatory animus. As a result, Dolgencorp is entitled to summary judgment on all claims asserted in Plaintiff's Complaint.

WHEREFORE, PREMISES CONSIDERED, Dolgencorp respectfully requests that this Court enter an Order granting it summary judgment with respect to all claims asserted in Plaintiff's Complaint.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

s/Ryan M. Aday
Bar No.: ASB-3789-A54A

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,**
    **Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900

---

[4] Or even Plaintiff's belief that it was because Ms. Tally was Mr. McDonald's niece.

Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

*Attorneys for Defendant*
*Dolgencorp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 15th 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateefah Muhammad – lateefahmuhammad@aol.com

s/Ryan M. Aday
Ryan M. Aday
Bar Number: ASB-3789-A54A
Attorney for Defendant,
Dolgencorp, Inc.

5486003.2

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,                          )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )        CIVIL ACTION NO.:
                                      )
DOLLAR GENERAL                        )        3:06-CV-1147-MHT
CORPORATION,                          )
d/b/a DOLGENCORP, INC.                )
                                      )
        Defendant.                    )
                                      )

## SUPPLEMENTAL DECLARATION OF CHARLES MCDONALD

1.    My name is Charles McDonald. I am over the age of 21 years, and I am suffering from no legal disability.

2.    I am currently a District Manager for Dolgencorp, Inc. ("Dolgencorp"). This declaration is based upon personal knowledge and my review and inspection of certain business records of Dolgencorp. Those records were created and maintained in the regular course of business.

3.    Prior to my employment with Dolgencorp, beginning in 1986 and through approximately 1989, I owned and operated a retail video rental store in Opelika, Alabama, called Video City Rentals, Inc.

4.    During that time, I hired Donna Tally ("Ms. Tally") to manage Video City Rentals, Inc.

5.    While at Video City Rentals, Inc., Ms. Tally provided direct supervision of

1

other employees and supervised all aspects of the store's operations. In her position at Video City Rentals, Tally's job duties included, but were not limited to, training and developing store employees; maintaining financial controls for the store including shrink, labor and operating expenses; developing rapport and good will with the store's customers to drive business; ensuring the store's compliance with all state and federal laws; coaching and counseling store employees; and engaging in various transactions with vendors and other third parties on behalf of the store.

6.    Ms. Tally managed the Video City Rentals store in Opelika for approximately three years.

7.    I have reviewed Dolgencorp records and, during the Spring of 2005, such records fail to show that an individual named "Amy" worked at Dolgencorp's Opelika, Alabama, store.

8.    Training is not a prerequisite for obtaining the Assistant Store Manager position.

9.    I never told anyone that Dolgencorp was "not hiring" because of his or her race.

10.    I never said the words "F_____g N_____" to anyone, and specifically deny that I ever said that to anyone concerning Wendy Whitlock

11.    Any internal investigation performed in response to a complaint of discrimination by an employee against a District Manager would have been conducted by the Regional Manager, not an Asset Protection Supervisor.

2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___15___ day of February, 2008.

Charles McDonald

3