IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL CORPORATION, d/b/a DOLGENCORP, INC. | ) ) ) | 3:06-CV-1147-MHT |
| | ) | |
| Defendant. | ) ) | |

**DEFENDANT DOLGENCORP, INC.'S NOTICE OF OBJECTION AND MOTION TO STRIKE PORTIONS OF THE AFFIDAVITS OF KINERA LOVE AND TIFFANY CROSS**

COMES NOW Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp") and hereby gives notice of its objection to the Affidavits of Plaintiff Kinera Love ("Plaintiff") and Tiffany Cross ("Ms. Cross"). Plaintiff has submitted these Affidavits in connection with her Opposition to Dolgencorp, Inc.'s Motion for Summary Judgment. As discussed below, certain paragraphs and testimony contained in each Affidavit should be disregarded because they contain assertions which lack personal knowledge[1], are conclusory, are based on unsupported personal opinion or speculation, or contradict prior sworn deposition testimony or documentary evidence.

---

[1] Dolgencorp expects to be able to supplement the record next week with the deposition transcript of Cross, who was deposed February 14, 2008. During her deposition, Ms. Cross admitted that certain of the material testimony contained in her recently filed Affidavit was incorrect, inaccurate and/or false, resulting in arguable perjury. Moreover, her deposition testimony further informed of the evidentiary incompetence of certain testimony offered via her recently filed affidavit, including her admission that she has no personal knowledge of comparator Ms. Tally's work experience at Video City Rentals, Inc.

I.   Plaintiff's Affidavit contains allegations which are not based on Plaintiff's personal knowledge. Additionally, Plaintiff's affidavit contains conclusory, unsupported allegations, personal opinions, and allegations which contradict her prior deposition testimony. Accordingly, these statements are due to be stricken.

A.   Legal Standards:

Rule 56(e) of the Federal Rules of Civil Procedure states that affidavits "shall be made on personal knowledge..." *See Garrison v. Travel Centers of America*, 2005 WL 1711884 at *8 (S.D. Ala. July 20, 2005) (quoting Rule 56(e)) (Rule 56(e) "requires that summary judgment affidavits be 'made on personal knowledge,' that the 'set forth facts as would be admissible in evidence,' and that they 'show affirmatively that the affiant is competent to testify to the matters set forth therein.'"). *See also Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999) (statements outside affiant's personal knowledge do not satisfy Rule 56(e)). Furthermore, it is well established that conclusory statements of speculation or personal belief are generally not proper. *See Garrison*, 2005 WL 1711884 at *10 (citing *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002)); *see also Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("For factual issues to be considered genuine, they must have a real basis in the record."); *Stagman*, 176 F.3d at 995 (explaining that statements that are conclusory or based on conjecture do not satisfy Rule 56(e)).

Additionally, in the Eleventh Circuit, the law is clear that an affiant cannot create a genuine issue of material fact by contradicting prior sworn testimony. *See McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240, n.7 (11th Cir. 2003) ("Under the law of this Circuit, we may disregard an affidavit submitted solely for the purpose of opposing a motion for summary judgment when that affidavit is directly contradicted by deposition testimony."); *see also Van T. Junkins and Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657

(11th Cir. 1984) (affiant cannot create genuine issue of material fact by contradicting, without explanation, prior clear testimony).

    **B.**    **Factual Application: Plaintiff's Affidavit.**

Paragraph 3 of Plaintiff's Affidavit is due to be stricken because it contains legal conclusions and contradicts prior deposition testimony. In this paragraph, Plaintiff makes the legal conclusion that she was "terminated in retaliation of [*sic*] my complaint against Charles McDonald, a white male, for racially discriminating against me." Additionally, in her Affidavit, Plaintiff states that "I called ERC and reported that he had overlooked me and discriminated against me to promote his niece, Donna Tally, a white female . . ." Through this statement, Plaintiff contradicts her prior deposition testimony by claiming that she had reported race discrimination to ERC, as well as contradicting documentary evidence she submitted in opposition to summary judgment. *See* ERC Notes at Exhibit "D" to Plaintiff's Opposition Brief. Plaintiff testified in her deposition that Dolgencorp had "overlooked her", that "Donna Tally is Charles McDonald's niece" and that Mr. McDonald was "going to overlook me and give it [the Assistant Store Manager position] to his niece." *See* Plaintiff's Depo. at 46-47. Additionally, Plaintiff's affidavit contradicts the ERC notes, which, like Plaintiff's deposition testimony, does not mention that Plaintiff ever complained of race discrimination. Accordingly, paragraph 3 of Plaintiff's affidavit is due to be stricken.

Paragraph 5 of Plaintiff's Affidavit, in which Plaintiff states "I was suspended on October 14, 2005, without knowing why I was being suspended", is due to be stricken *because it contradicts her prior sworn Affidavit*, which was produced to Dolgencorp's counsel and was submitted as evidence in connection with Dolgencorp's

3

Motion for Summary Judgment. In her first Affidavit, Plaintiff claimed that "When I asked him why, he [Mr. Traywick] said 'you're being suspended.' I asked him why I was being suspended and he said because I refused the investigation." *See* Exhibit "7" to Dolgencorp's Evidentiary Submission at p. 3. Clearly, Plaintiff's prior sworn affidavit testimony contradicts her current affidavit testimony and, as a result, paragraph 5 is due to be stricken.

Paragraph 6 of Plaintiff's Affidavit is due to be stricken because it is conclusory and based on personal opinion. Plaintiff's opinion as to whether she was or was not able to "face my accusers to defend my good name and character" is subjective opinion testimony and is due to be stricken.

Paragraph 7 of Plaintiff's Affidavit is due to be stricken because it is not based on personal knowledge, and is nothing more than personal opinion. Plaintiff gives no factual support as to what "inconsistent statements" to which she refers, and such "inconsistency" is only based on her personal opinion. Therefore, this paragraph is due to be stricken.

Paragraph 8 is due to be stricken as it is nothing more than a conclusion and a personal opinion without any basis in fact or personal knowledge. Plaintiff claims "I know the allegations are without any basis in truth, and believe they were used by Dolgencorp to justify my termination." It is undisputed that Plaintiff did not assist with the investigation of these allegations. *See* Plaintiff's Depo. at 58, 60, 72. Accordingly, this testimony is clearly personal opinion, is conclusory, and is due to be stricken.

Paragraph 10 is due to be stricken because it is conclusory and based on personal opinion. Plaintiff cannot testify as to Mr. McDonald's motives, and cannot draw

4

conclusions based on her opinion of Mr. McDonald's motives. Therefore, Paragraph 10 is due to be stricken.

In Paragraph 11, Plaintiff gives her own subjective opinions and conclusions regarding Ms. Tally's qualifications and her own work performance. Plaintiff states "Charles knew that Donna was less qualified than I was . . ." Clearly, Plaintiff cannot testify as to Mr. McDonald's view of Ms. Tally's qualifications and, therefore, this testimony is nothing more than personal opinion. Plaintiff also states, "In addition, he knew my work performance was very good." Again, Plaintiff cannot testify to Mr. McDonald's view of her own work performance. Accordingly, Paragraph 11 is due to be stricken.

Paragraph 12 is due to be stricken because Plaintiff gives her personal opinion as to what she believes are the qualifications for the Assistant Store Manager position. Nowhere does it state on the Assistant Store Manager job description, Exhibit "M" to Plaintiff's Opposition Brief, that two months training is a perquisite for obtaining the Assistant Store Manager position. Plaintiff's personal opinion cannot trump documentary evidence to the contrary, especially documentary evidence submitted by Plaintiff herself. Accordingly, Paragraph 12 is due to be stricken.

Paragraph 13 contains conclusory and personal opinion testimony which is due to be stricken. Again, Plaintiff offers nothing more than her own unsupported, subjective opinion of her own qualifications and those of Ms. Tally, without any factual background or foundation. Accordingly, Paragraph 13 is due to be stricken.

Paragraph 15 contains unsupported, conclusory testimony regarding Plaintiff's own qualifications. Plaintiff gives her subjective, personal opinion that she "was doing

the work of the assistant manager from the day I began working the Auburn store." Such testimony is clearly conclusory, is unsupported with any specific facts, is based on her own personal opinion, and is due to be stricken.

Paragraph 16 is due to be stricken because it is nothing more than a statement of Plaintiff's subjective conclusion, unsupported by any specific facts. Plaintiff says that she was the only person who "trained" Ms. Tally. Plaintiff does not give any facts to support this conclusion, and as a result, it is due to be stricken.

Plaintiff is not competent to testify to the statements set forth in Paragraph 17 of her Affidavit. Plaintiff, again, gives her subjective opinion and conclusion that "the actual duties and responsibilities of the third key manager are very much the same as those of the assistant manager." Plaintiff is not competent to testify to the differences in job duties between a Third Key Manager and the Assistant Manager, and Plaintiff has given no factual detail to support this subjective (and erroneous) conclusion. As a result, Paragraph 17 is due to be stricken.

Paragraph 22 is due to be stricken because it completely contradicts Plaintiff's deposition testimony and documentary evidence to the contrary. Plaintiff claims "I signed the Dollar General Personnel Action Form on the date of my termination under duress." During her deposition, Plaintiff testified that she signed the Dollar General Personnel Action Form (the "Termination Form") and that she certified that all the information contained in the Termination Form was true and correct. *See* Exhibit "8" to Dolgencorp's Evidentiary Submission; *see* Plaintiff's Depo. at 75-76. As Paragraph 22 of Plaintiff's Affidavit completely contradicts her prior deposition testimony as well as documentary evidence, it is due to be stricken.

Paragraph 24 is due to be stricken because it sets forth legal conclusion as to what, in Plaintiff's personal opinion, was and was not produced during the discovery phase of this litigation. Plaintiff is not an attorney, and is clearly not competent to testify as to the completeness or incompleteness of discovery responses. Accordingly, Paragraph 24 is due to be stricken.

Paragraph 25 is due to be stricken because it sets forth a subjective conclusion based on Plaintiff's own personal opinion. Plaintiff states "Dolgencorp, Inc. failed to provide documents and other evidence that I know exists or did at one time." Plaintiff does not give any facts whatsoever to support this conclusion, and she is not competent to testify as to what evidence should or should not have been produced during discovery. Accordingly, Paragraph 25 is due to be stricken.

### C.    Factual Application: Ms. Cross' Affidavit.

In Paragraph 2 of her Affidavit, Ms. Cross attempts to testify as to the promotional procedures used by Dolgencorp. Ms. Cross, a former Store Manager, is not competent to testify as to Dolgencorp internal procedure. Ms. Cross gives no factual details to support her assertion that "Employees who are successfully trained are generally promoted this way [from cashier to third key to assistant store manager]." Ms. Cross gives nothing but her personal opinion as to the promotional process at Dolgencorp and, as a result, this testimony is due to be stricken.

In Paragraph 4 of her Affidavit (which is composed of four sub-paragraphs), Ms. Cross merely provides her subjective opinion of Plaintiff's qualifications. Ms. Cross states that Plaintiff, "whom I know was capable and qualified, for the assistant manager's position, . . ." Ms. Cross does not support his assertion with any factual detail, and she

7

is not competent to testify as to Plaintiff's qualifications for the Assistant Store Manager position. Ms. Cross' subjective opinion of Plaintiff's qualifications should be disregarded and stricken from the record.

Additionally, in Paragraph 4 of the Affidavit, Ms. Cross gives her version of Ms. Tally's work history. Again, Ms. Cross is not competent to speculate as to Ms. Tally's work history. Ms. Cross' allegation that Ms. Tally was never the manager of a video warehouse business is pure conjecture and baseless opinion.[2] Mr. McDonald has testified through his Declaration and Supplemental Declaration that Ms. Tally in fact worked as a Store Manager at Video City Rentals, Inc., a video rental store (**not** a video warehouse business) that Mr. McDonald owned and operated himself. *See* Declaration and Supplemental Declaration of Mr. McDonald. Accordingly, Ms. Cross' testimony regarding Ms. Tally's employment history lacks foundation and is based purely on her own personal opinion and speculation. Therefore, this testimony is due to be stricken from the record.

Continuing through Paragraph 4 of her Affidavit, Ms. Cross offers additional groundless personal opinions and conclusions as to the requirements of the Assistant Store Manager position, and Plaintiff's qualifications. Ms. Cross makes the baseless assertion that it "takes at least two months to train to become an assistant manager." Ms. Cross' does not provide any basis upon which she makes this erroneous assertion, and is merely her own personal opinion. As mentioned previously, the Assistant Store Manager Job Description (Exhibit "M" to Plaintiff's Opposition Brief) does not mention

---

[2] In her deposition on February 14, 2008, Ms. Cross changed her testimony and admitted that she did not have first-hand knowledge of Ms. Tally's prior job duties and responsibilities in her prior job at Video City Rentals. Dolgencorp will seek to supplement the record with the deposition transcript once it is made available by the court reporter.

a two-month training period as being a requirement for the Assistant Store Manager position. Additionally, Ms. Cross makes the assertion that "Kinera was in line for the promotion when she was transferred to the Auburn store from the Opelika store . . ." Ms. Cross again does not give any factual detail to support her conclusion that "Kinera was in line for the promotion . . ." The testimony in this paragraph is conclusory, based on personal opinion, contradictory to documentary evidence to the contrary, and is due to be stricken from the record.

Ms. Cross also makes the conclusory assertion, based on nothing more than personal opinion, that, "As third key clerk, Kinera practically ran the Auburn store. When Charles promoted Donna, Kinera was required to train her." Clearly, this assertion is based solely on Ms. Cross' personal opinion. She has not provided any underlying facts to support this conclusion, and has not shown that this assertion is based in any way on her personal knowledge. Accordingly, this testimony is due to be stricken from the record.

In Paragraph 5 of her Affidavit, Ms. Cross describes an event where Mr. McDonald allegedly told a "black lady" that Dollar General was not hiring, and then allegedly hired two white females, one of whom was named "Amy." Ms. Cross does not give any factual support to this assertion. Specifically, she does not state what position the nameless "black lady" allegedly applied for, or what position(s) the two white females were allegedly hired into, or when the decision to hire them was made. Ms Cross does not know whether the any decision to hire the two white females was already made prior to the unnamed "black lady" inquiring as to any position. Clearly, Ms. Cross' testimony lacks personal knowledge, is conclusory in nature, is based on her own speculation, and

is due to be stricken from the record.

Ms. Cross also makes the conclusory assertion in Paragraph 5 of her Affidavit that "Wendy had been hired to work at Dolgencorp before I was, but could not get a promotion because of her Black husband." Ms. Cross is not competent to testify as to any alleged reason why "Wendy" did not receive a promotion. Her statement is clearly personal opinion and, as a result, it is due to be stricken.

WHEREFORE, PREMISES CONSIDERED, Dolgencorp respectfully requests that this Court enter an Order granting its Notice of Objection and striking the testimony indicated herein from the record.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

s/Ryan M. Aday
Bar No.: ASB-3789-A54A

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

*Attorneys for Defendant
Dolgencorp, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 15th 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Lateffah Muhammad – lateefahmuhammad@aol.com

                                        s/Ryan M. Aday
                                        Ryan M. Aday, Esq.
                                        Bar No.: ASB-3789-A54A
                                        Attorney for Defendant,
                                        Dolgencorp, Inc.