IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 03-06cv1147-MHT-SRW |
| ) | |
| DOLLAR GENERAL CORPORATION, ) | |
|   d/b/a DOLGENCORP, ) | |
|     Defendant. ) | |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE HER AMENDED OBJECTIONS TO AND MOTION TO STRIKE
DEFENDANT'S EVIDENTIARY SUBMISSION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, by and through her attorney of record, files this Motion for Leave to file her Amended Objections to and Motion to Strike Defendant's Evidentiary Submission to Defendant's Motion for Summary Judgment. The Plaintiff initially filed her Objections to and Motion to Strike as **Exhibit N** with her Opposition Brief as Plaintiff's Objections to Defendant's Evidence **(Doc. #35)**. In addition, the Plaintiff seeks herein to submit a more appropriate filing of the document for the Court's consideration which will, in turn, allow the Defendant to appropriately give a response, if any.

The Plaintiff submits the Amended Objections to and Motion to Strike as **Exhibit 1** to this Motion for Leave.

The Plaintiff avers that this Motion does not prejudice the Defendant in any way, and that it aids the Court in its review of the issues raised in the Plaintiff's Brief in Opposition to the Defendant's Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court will grant her Motion for Leave to File her Amended Objections to and Motion to Strike the Defendant's Evidentiary Submissions as noted above.

Respectfully submitted,

*Lateefah Muhammad*
Lateefah Muhammad (Ala. Code MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Motion for Leave to File Amended Objections to and Motion to Strike to Ryan Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid on this 27th day of February, 2008.

*Lateefah Muhammad*
Lateefah Muhammad

1

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, | ) |
|     Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) 03-06cv1147-MHT-SRW |
| | ) |
| DOLLAR GENERAL CORPORATION, | ) |
|   d/b/a DOLGENCORP, | ) |
|     Defendant. | ) |

**PLAINTIFF'S AMENDED OBJECTIONS TO AND
MOTION TO STRIKE DEFENDANT'S EVIDENTIARY SUBMISSION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, by and through her attorney of record, files this Plaintiff's Amended Objections to and Motion to Strike Defendant's Evidentiary Submission to Motion for Summary Judgment. The Plaintiff initially filed her Objections to and Motion to Strike as Exhibit N with her Opposition Brief as Plaintiff's Objections to Defendant's Evidence. The Plaintiff submits the following for the Court's consideration:

1. The Plaintiff objects to and moves to strike all evidence which references the Plaintiff's confidential information that comes under the Consent Protective Order filed in this case. Particularly, the Plaintiff moves to strike all references to her social security information, medical records and medical conditions as shown in her Deposition **(Depo. p. 9, lines 3, 5; p. 10, lines 19, 20; p. 81, line 21; p. 82, lines 2, 4).**

2. The Plaintiff objects to and moves to strike all parts of the Plaintiff's Deposition which are irrelevant to these proceedings under the **Federal Rules of Evidence, Rule 402**[1]. Particularly, the Plaintiff moves to strike all evidence of the Plaintiff's Deposition except for those specific citations as offered by the Parties on relevant issues in support of the Defendant's Motion for Summary Judgment and in opposition to the Defendant's Motion for Summary Judgment as cited by the Plaintiff. All other evidence of the Plaintiff's Deposition should be stricken.

3. The Plaintiff objects to and moves to strike the entire "Statement from Ms. Harrison," Exhibit 4, attachment 1 to the Defendant's Evidentiary Submission **(Doc. #16-3, p. 8)**. The Plaintiff shows the Court that this attachment lacks an oath or affirmation as required by the **Federal Rules of Evidence, Rule 603**[2]. Specifically, the entire "Statement from Ms. Harrison" is inadmissible because it has not been signed under penalty of perjury or under oath or affirmation as a sworn statement. In addition, it should be considered hearsay under the **Federal Rules of Evidence, Rule 802**[3]. The Defendant neither offered the statement as an exception to

---

[1] **Fed.R.Evid.** 402 states, in part, that "[a]ll relevant evidence is admissible, … Evidence which is not relevant is not admissible."
[2] **Fed.R.Evid.** 603 states, in part, that "[b]efore testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation … ."
[3] **Fed.R.Evid.** 802, in part, states that "[h]earsay is not admissible" as evidence "except as provided by these rules or by other rules prescribed … ."

2

the hearsay rules nor did it offer the statement under oath or affirmation by the Declarant.

4. The Plaintiff objects to and moves to strike the entire "Statement from Ms. Tally," Exhibit 4, attachment 2 to the Defendant's Evidentiary Submission **(Doc. #16-3, p. 10)**. The Plaintiff shows the Court that this attachment lacks an oath or affirmation as required by the **Federal Rules of Evidence, Rule 603**[4]. Specifically, the entire "Statement from Ms. Tally" is inadmissible because it has not been signed under penalty of perjury or under oath or affirmation as a sworn statement. In addition, it should be considered hearsay under the **Federal Rules of Evidence, Rule 802**[5]. The Defendant neither offered the statement as an exception to the hearsay rules nor did it offer the statement under oath or affirmation by the Declarant.

5. The Plaintiff objects to and moves to strike the "Declaration of Charles McDonald." Particularly, the Plaintiff avers that violates the **Federal Rules of Evidence, Rules 602** and **802**. Further, the Declarant lacks personal knowledge of the matter of which he seeks to testify in Item Numbers 7, 8, 9, 10, 11, 12, 13 and 14, on page 2. The Declarant offered no evidence of any such report of the alleged investigation about which he seeks to testify. In

---

[4] *See* footnote 2 above.
[5] *See* **footnote 3 above**.

addition, each of the statements from which he quotes is inadmissible as evidence because they were not taken under oath or affirmation by the original Declarant and because they constitute hearsay, as stated in the **Rules**, since the statements were made by others and not him.

As a general rule, the Court may consider any material submitted at the summary judgment stage which would be admissible or usable at trial, **Bryant v. Orlando Sentinel Communications Co. (M.D.Fla. 6-19-2007)**, quoting **Property Mgmt. & Inv., Inc. v. Lewis, 752 F.2d 599, 606, n. 4 (11th Cir. 1985)**. Authenticity and completeness are among the evidentiary requirements of Rule 56. **Id.; Woods v. City of Chicago, 234 F.3d 979, 987-88 (7th Cir. 2000)**. Specifically, for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit (or declaration) that meets the requirements of Rule 56. **E.g., Williams v. Eckerd Family Youth Alternative, 908 F.Supp. 908, 911 (M.D. Fla. 1995)**. "Additionally, the affiant or declarant must be the person through whom the exhibits could be admitted into evidence… ." **Id.** The Plaintiff avers that the Declarant McDonald did not and cannot authenticate the attachments to Defendant's Exhibit 4, and that they should be stricken from the record.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court will sustain her objections and grant her Motion to Strike as noted above.

4

Respectfully submitted,

*Lateefah Muhammad*
Lateefah Muhammad (Ala. Code MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Amended Objections to Motion to Strike the Defendant's Evidentiary Submission to the Defendant's Motion for Summary to Ryan Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid and by facsimile on this 27th day of February, 2008.

*Lateefah Muhammad*
Lateefah Muhammad

5