IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,                    )
    Plaintiff,                  )
                                )    CASE NO.:
v.                              )    03-06cv1147-MHT-SRW
                                )
DOLLAR GENERAL CORPORATION,     )
  d/b/a DOLGENCORP, INC.,       )
    Defendant.                  )

## PLAINTIFF'S SECOND MOTION TO COMPEL

The Plaintiff, by and through her attorney of record, respectfully submits this Second Motion to Compel the Defendant to respond to the Plaintiff's discovery requests. As grounds, the Plaintiff offers the following for the Court's consideration:

1. That the Plaintiff has propounded her discovery requests upon the Defendant on 14 December 2007, by sending a facsimile of the requests on the said date and by United States regular mail;

2. That the counsel for the Plaintiff sent to counsel for the Defendant a letter and two electronic messages requesting that the discovery deficiencies be resolved (**see attached Exhibit A**). In addition, the Plaintiff called the Defense counsel regarding the deficiencies and left at least two voice mail messages and regarding them. Counsel only responded with a letter to the Plaintiff's Counsel with claims that the discovery deficiencies are outside of the scope of the previous Motion to Compel (**see attached Exhibit B**), when it is clear that they are

not;

3. That the Plaintiff is in need of the discovery requests to respond to an Order of this Court to the Defendant's Objection and Motion to Strike, which was set for submission without oral argument on the 27th day of February, 2008. The Plaintiff gave the Defendant until end of business on said date to respond; however, the Defendant still did not and has not responded; and,

4. That, despite the fact the discovery deadline has passed, the Plaintiff contends that the Defendant is still obligated to respond to a timely filed discovery request. And, that for the Defendant to not respond is creating a situation that hampers the Plaintiff's effectiveness in litigating this lawsuit.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that this Honorable Court will grant her Motion to Compel and require the Defendant to provide **complete and sufficient discoverable responses**, as she has requested before, to the Plaintiff's discovery requests so that she may respond to the Defendant's Objection and Motion to Strike.

Respectfully submitted,

*[signature: Lateefah Muhammad]*

Lateefah Muhammad   (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF
Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997 telephone and facsimile
lateefahmuhammad@aol.com

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Amended Motion to Strike to Ryan Aday, Esquire, attorney for Defendant, by sending it to OGLETREE DEAKINS, P.C., One Federal Place, Suite 1000, 1819 Fifth Avenue North, Birmingham, Alabama 35203, in the United States Mail, postage prepaid on this 27th day of February, 2008.

_____
Lateefah Muhammad

# EXHIBIT A

Page 1 of 1

Subj: **Re: Love v. Dollar General - discovery**
Date: 2/19/2008 5:47:39 P.M. Central Standard Time
From: Lateefahmuhammad
To: Ryan.Aday@ogletreedeakins.com

Dear Ryan:

Please see attached.

Very truly yours,
*Lateefah Muhammad*

Lateefah Muhammad
Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997 telephone/facsimile

This email message is intended only for the use of the Addressee(s) and may contain information that is privileged and confidential. If you are not the intended Recipient, you are hereby notified that any dissemination, duplication, transfer or use of this communication in any way is strictly prohibited. If you have received this communication in error, please notify the sender immediately by email and/or by the telephone number above, and delete this original message from your computer, including your recycle bin. Thank you.

Delicious ideas to please the pickiest eaters. Watch the video on AOL Living

# LATEEFAH MUHAMMAD, ATTORNEY AT LAW, P.C.

3805 WEST MARTIN LUTHER KING HIGHWAY
TUSKEGEE, ALABAMA 36083
<u>MAILING ADDRESS</u>:
POST OFFICE BOX 1096
TUSKEGEE INSTITUTE, ALABAMA 36087
(334) 727-1997 TELEPHONE/FACSIMILE
lateefahmuhammad@aol.com

<u>VIA ELECTRONIC MAIL</u>

19 February 2008


Ryan M. Aday, Esquire
OGLETREE DEAKINS, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

RE: **OUR CLIENT FILE #06-0154/KINERA LOVE**
    *LOVE v. DOLLAR GENERAL STORES*, 3:06cv1147-MHT-SRW

Dear Ryan:

I am in receipt of your emails: the one sent yesterday regarding your inability to return my telephone call because of the busy signals received; and, the one sent today regarding my telephone voice mail today to discuss the discovery requests in the Motion to Compel. This letter follows your request for a written response.

I have itemized several concerns and questions regarding the request that I would appreciate discussing with you and/or to which I would appreciate a response. I am hopeful that we can resolve the discovery deficiencies with further Court intervention. The following Interrogatory questions and Requests for Production have not been fully answered and/or produced:

<u>**Interrogatory No. 4:**</u> ...
    (a) Identify **each person** who made or received the communications; and,
    (b) Identify **each person** who witnessed the communications;

<u>**Interrogatory No. 5:**</u>
    There is evidence of an investigation by Jack Traywick in Love's complaint of discrimination, however, no statement "in full and complete detail [of] the results of your investigation" has been given.

<u>**Interrogatory No. 7:**</u>
    The scope of this question addresses benefits that she would have been entitled, i.e., pay, retirement plan, insurance (health, life and other) and all other benefits that she would have received. These benefits are discoverable for purposes of damages.

Ryan Aday, Esquire
19 February 2008
Page 2

**Interrogatory No. 8:**
Relates to the previous Interrogatory. No amounts were stated. Again, discoverable for purposes of damages.

**Interrogatory No. 11:**
Identify if any document has been removed from your files regarding Love.

**Interrogatory No. 12 through Interrogatory 14:**
See above Interrogatory No. 11.

**Interrogatory No. 15:**
Please provide Mr. McDonald's position and length of time with your company.

**Interrogatory No. 18:**
Please provide date of policy, and state whether all employees are required to follow such policy.

**Request for Production No. 1:**
Please produce Love's entire file, including the notebook about which she testified. If it does not still exist, please indicate. Produce the substance of each other employee's file with any document which **relates to** Love. In addition, evidence of Donna Tally's employment application and qualifications which is included in her personnel file, as well as performance evaluations of Donna Tally and other employees shown.

**Request for Production No. 2:**
Please produce any and all additional documents, if any.

**Request for Production No. 3:**
Please produce writings for the person(s), **particularly Donna Tally's**, **promoted** (not hired) "by you for the assistant manager's position ... the Plaintiff was not" **promoted** (not hired).

**Request for Production No. 5:**
Please produce any and all additional documents, if any.

**Request for Production No. 7:**
Please indicate which documents to which you are referring.

**Request for Production No. 8:**
Please produce. This request goes to the kind of employee the Plaintiff was, which **is** at issue, clearly raised by the Defendant. Whether it is admissible or not is up to the Court.

**Request for Production No. 9:**
Please indicate which documents to which you are referring.

Ryan Aday, Esquire
19 February 2008
Page 3

**Request for Production No. 12:**
    Please produce any and all additional documents, if any.

**Request for Production No. 13:**
    Please produce any and all additional documents, if any.

**Request for Production No. 15:**
    Please produce any and all documents that indicate any other position between March 2005 and October 2005, if any.

**Request for Production No. 16:**
    Please produce any and all documents that indicate any which occurred between March 2005 and October 2005, if any.

**Request for Production No. 17 through Request for Production No. 24:**
    Please produce any and all additional documents, if any.

**Request for Production No. 25:**
    Please indicate which documents to which you are referring.

**Request for Production No. 27 through Request for Production No. 29:**
    Please produce any and all documents, if any.

**Request for Production No. 30:**
    Please produce any and all additional documents that were specifically related to Love, if any.

Thank you for your consideration and cooperation.

Very truly yours,

*s/Lateefah Muhammad*

Lateefah Muhammad

cc:  Ms. Kinera Love

| | |
|---|---|
| Subj: | **LOVE v. DOLGENCORP - DISCOVERY REQUESTS** |
| Date: | 2/27/2008 2:41:19 P.M. Central Standard Time |
| From: | Lateefahmuhammad |
| To: | ryan.aday@ogletreedeakins.com |
| BCC: | Lateefahmuhammad |

Dear Ryan:

Please see attached. It is urgent that you respond immediately.

Very truly yours,
*Lateefah Muhammad*


Lateefah Muhammad
Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997 telephone/facsimile

This email message is intended only for the use of the Addressee(s) and may contain information that is privileged and confidential. If you are not the intended Recipient, you are hereby notified that any dissemination, duplication, transfer or use of this communication in any way is strictly prohibited. If you have received this communication in error, please notify the sender immediately by email and/or by the telephone number above, and delete this original message from your computer, including your recycle bin. Thank you.


**Delicious ideas to please the pickiest eaters.** Watch the video on AOL Living

# **LATEEFAH MUHAMMAD, ATTORNEY AT LAW, P.C.**

3805 WEST MARTIN LUTHER KING HIGHWAY
TUSKEGEE, ALABAMA 36083
**MAILING ADDRESS:**
POST OFFICE BOX 1096
TUSKEGEE INSTITUTE, ALABAMA 36087
(334) 727-1997 TELEPHONE/FACSIMILE
lateefahmuhammad@aol.com

**VIA ELECTRONIC MAIL**

27 February 2008

Ryan M. Aday, Esquire
OGLETREE DEAKINS, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

RE:  **OUR CLIENT FILE #06-0154/KINERA LOVE**
     ***LOVE v. DOLLAR GENERAL STORES***, 3:06cv1147-MHT-SRW

Dear Ryan:

I am in receipt of your facsimile and email, dated 21 February 2008, regarding my requests for discovery. We have discussed the discovery requests in this case on a number of occasions. First, we discussed them during our face-to-face settlement and mediation conference on 15 January 2008. Secondly, we discussed them again during the telephone conference that Judge Thompson held on 25 January 2008, when you agreed to produce the requests. Yet, the 75 pages of discovery that you produced did not include those discoverable requests as shown on my letter dated 19 February 2008. I attempted to discuss the discovery requests on 18 February 2008 and on 19 February 2008, however, you were not available by telephone when I called 18 February 2008, and when you returned the call on the same date, I was experiencing technical difficulty with my telephones which prevented the receipt of your call, and on 19 February 2008, you requested that I send to you, in writing, the discovery requests that were the subject of my Motion to Compel. I complied and sent the letter setting out the discovery deficiencies.

These discovery deficiencies are not new. These are the same discovery requests made back on 14 December 2007. These requests are needed to effectively litigate this case; however, you or your client have failed to produce them. Now, if they do not exist, a response to that effect will be expected. However, if they do exist, I expect the production.

I had hoped we could resolve this discovery dispute without the Court's intervention. If I do not get a response from you by 5:00 p.m. today, I will have no recourse other than to request that the Court compel you to respond.

Ryan Aday, Esquire
27 February 2008
Page 2

Thank you for your consideration and cooperation.

Very truly yours,

*s/Lateefah Muhammad*

Lateefah Muhammad

cc: Ms. Kinera Love

| | |
|---|---|
| Subj: | **LOVE v. DOLGENCORP DISCOVERY REQUESTS** |
| Date: | 2/27/2008 2:53:51 P.M. Central Standard Time |
| From: | Lateefahmunammad |
| To: | ryan.aday@ogletreedeakins.com |
| BCC: | Lateefahmuhammad |

Dear Ryan:

In addition to the letter sent today, I also called your office this afternoon and left a voice mail for a return call. After I did not reach you and did not receive a return call, I sent the previous email and attached letter referred to above.

I would appreciate a return call and response to my requests.

Very truly yours,
*Lateefah Muhammad*

Lateefah Muhammad
Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997 telephone/facsimile

This email message is intended only for the use of the Addressee(s) and may contain information that is privileged and confidential. If you are not the intended Recipient, you are hereby notified that any dissemination, duplication, transfer or use of this communication in any way is strictly prohibited. If you have received this communication in error, please notify the sender immediately by email and/or by the telephone number above, and delete this original message from your computer, including your recycle bin. Thank you.

Delicious ideas to please the pickiest eaters. Watch the video on AOL Living



OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama  35203-2118

Phone: 205-328-1900
Fax:     205-328-6000
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| DATE: | February 21, 2008 | TOTAL PAGES: | 3 (includes cover page) |
|---|---|---|---|
| TO: | Lateefah Muhammad, Esq. | FROM: | Ryan M. Aday, Esq. |
| COMPANY: | | PHONE: | 205-.986-1023 |
| FAX: | 334-727-1997 | CLIENT/MATTER NO.: | 000596-000170 |
| PHONE: | 334-727-1997 | PHONE CODE: | 81861 |

Original to follow in mail:   Yes ☐     No ☒

If problems arise with receipt of this transmission, please contact:   Jada J. Williams 205-986-1027.

NOTES:

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Columbia, SC • Dallas TX
Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO • Los Angeles, CA • Miami, FL
Morristown, NJ • Nashville, TN • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Washington, DC

*CONFIDENTIALITY NOTICE: This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

Ryan M. Aday
(205) 986-1023
ryan.aday@ogletreedeakins.com

February 21, 2008

**VIA FACSIMILE AND E-MAIL PDF ATTACHMENT**
Lateefah Muhammad, Esq.
P.O. Box 1096
Tuskegee, AL 36087

Re: *Kinera Love v Dolgencorp, Inc.*

Dear Lateefah:

I am writing in response to your letter of February 19, 2008, in which you raise several issues regarding Dolgencorp's purported discovery deficiencies. The Court's Order of February 11, 2008, directed the parties to confer <u>concerning the subject of your Motion to Compel</u>. Dolgencorp has complied with your requests as set forth in your Motion to Compel. <u>None of the new requests that you discuss in your February 19, 2008, letter are contained in your Motion to Compel</u>. Additionally, you never conferred with us about any of these new issues raised in your letter prior to the filing of the Motion to Compel as required by FRCP 37, and you now attempt to raise these issues after the discovery deadline in this case has passed.

In your Motion to Compel, you argue that Dolgencorp's discovery responses are deficient because you had "not received any of the discoverable documents that were requested of the Defendant" and because you had not received "a verified copy of the response to the interrogatories as required by Rule 33 of the Federal Rules of Civil Procedure." *See* Paragraph 4 of the Motion to Compel. The very next sentence in your Motion to Compel states, "In effect, the Defendant has not responded to the Plaintiff's requests, as the one Defendant proposes have been submitted are incomplete, deficient, and inadequate." *Id.*

It is undisputed that Dolgencorp has provided you with verified interrogatory responses, and we have provided you with copies of all documents we agreed to make available for inspection and copying as set forth in its discovery responses. The new issues raised in your February 19, 2008, are

Lateefah Muhammad, Esq.
February 21, 2008
Page 2



not only untimely, but they are well outside the scope of what is contained in your Motion to Compel. Accordingly, Dolgencorp has fully complied with what you requested in your Motion to Compel.

Sincerely,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Ryan M. Aday

RMA/rma/5508966.1

cc:   Christopher W. Deering, Esq. (Via Hand Delivery)


5508966.1