IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,                          )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )        CIVIL ACTION NO.:
                                      )
DOLLAR GENERAL                        )        3:06-CV-1147-MHT
CORPORATION,                          )
d/b/a DOLGENCORP, INC.                )
                                      )
        Defendant.                    )
                                      )

## OPPOSITION TO PLAINTIFF'S SECOND MOTION TO COMPEL

COMES NOW Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp"), improperly identified in the Complaint as "Dollar General Corporation d/b/a Dolgencorp, Inc., and files its Opposition to Plaintiff's Second Motion to Compel. In support hereof, Dolgencorp states as follows:

1.      Plaintiff's Second Motion to Compel is due to be denied outright. As this Court is aware, Plaintiff did not serve her "eleventh hour" discovery requests in this case until December 14, 2007. The dispositive motion deadline in this case was December 26, 2008, and the discovery cutoff was February 15, 2008. On January 16, 2008, Dolgencorp served Plaintiff with its Discovery Responses. On January 23, 2008, Plaintiff filed her "first" Motion to Compel, in which she argued that Dolgencorp's Discovery Responses were incomplete due to the lack of a signed Verification Page and because she had not received actual copies of documents which Dolgencorp had agreed to make available for inspection and copying. *See* Motion to Compel at ¶4. Specifically,

in Paragraph 4, Plaintiff stated "The Plaintiff's counsel has not received any of the discoverable documents that were requested of the Defendant, nor has she received a verified copy of the response to the interrogatories as required by Rule 33 of the Federal Rules of Civil Procedure.  In effect, the Defendant has not responded to the Plaintiff's requests, as the ones Defendant proposes have been submitted are incomplete, deficient, and inadequate."  <u>Plaintiff did not mention a single specific alleged discovery deficiency in her Motion to Compel other than the lack of a signed Verification Page and copies of discoverable documents, either in her initial Motion to Compel or in any other way prior to the February 15, 2008, discovery deadline.</u>

2.      On January 24, 2008, Dolgencorp filed its Opposition to Plaintiff's Motion to Compel, setting forth the fact that Dolgencorp had provided timely Discovery Responses, that it had agreed to make the responsive documents indicated available for inspection and copying, and that it would provide Plaintiff with a signed Verification Page.

3.      On January 25, 2008, a telephone hearing was held before Judge Thompson on Plaintiff's Motion to Compel.  During that hearing, it was specifically agreed that Dolgencorp would provide Plaintiff with a signed Verification Page and with copies of the documents that Dolgencorp had agreed to produce as set forth in its Discovery Responses.  Again, during the telephone hearing, Plaintiff's counsel did not mention a single specific alleged discovery deficiency other than wanting the signed Verification Page and copies of the documents that Dolgencorp had already agreed to make available for inspection and copying.  The Court specifically ordered that Dolgencorp produce copies of the documents indicated in its Discovery Responses to

Plaintiff's counsel by January 30, 2008, and it is undisputed that Dolgencorp did so. It is also undisputed that Dolgencorp provided Plaintiff with a signed Verification Page.

4.    Following the January 25, 2008, telephone hearing, on January 29, 2008, the Court entered a Notice informing the parties that while the Court decided not to impose sanctions on Plaintiff's counsel for her "eleventh hour" discovery requests, it warned Plaintiff's counsel that "she should not wait and pursue discovery at the last minute but instead should pursue discovery sufficiently early that any issues that arise in discovery may be resolved in a timely manner. In future cases, the court will impose sanctions for tardy discovery by counsel for plaintiff."

5.    On February 11, 2008, this Court entered an Order denying Plaintiff's Motion to Compel without prejudice, and directed the parties to meet and confer either in person or by telephone by February 18, 2008, concerning the "subject of the motion" if necessary. Plaintiff's counsel waited until the afternoon of February 18, 2008, to call the undersigned counsel, and on February 19, 2008, Plaintiff's counsel wrote a letter to the undersigned counsel setting forth purported discovery deficiencies which had to that point never been raised by Plaintiff's counsel. *See* Correspondence dated February 19, 2008, attached hereto as Exhibit "1." As explained by Dolgencorp's counsel to Plaintiff's counsel in a letter dated February 21, 2008, the parties were only to confer regarding the "subject of the motion", which was unnecessary because Dolgencorp had corrected the alleged deficiencies raised in that Motion. None of the alleged deficiencies set forth in Plaintiff's February 19, 2008, letter were contained in her initial Motion to Compel, and therefore, were not "the subject" of that Motion. The new discovery issues raised in Plaintiff's February 19th letter are not only untimely, they are well outside of the

scope of Plaintiff's prior Motion to Compel. Plaintiff's counsel had ample opportunity to detail any purported discovery deficiencies, not only in her Motion to Compel (and prior thereto), but also at the January 25, 2008, telephone hearing –she did neither. Additionally, it is undisputed that Dolgencorp complied with what was requested in Plaintiff's Motion to Compel, and with this Court's January 25, 2008, Order regarding the production of the discovery documents.

6.     Furthermore, it is important to note that in Plaintiff's counsel's letter of February 27, 2008, Plaintiff's counsel makes the gross misrepresentation that during the January 25, 2008, telephone hearing before Judge Thompson that the undersigned counsel "agreed to produce the requests." The undersigned counsel only agreed to produce a signed Verification Page and to provide Plaintiff's counsel with actual copies of documents that Dolgencorp previously indicated in its Discovery Responses would be made available for inspection and copying.

7.     The discovery issues being dealt with by the parties and this Court have been entirely precipitated by Plaintiff's counsel's "eleventh hour" discovery requests and Motions. As this Court is well aware, Plaintiff's counsel had <u>nearly one full year to engage in the discovery process</u> but chose not to do so until the very last minute. Now, through her February 19, 2008, letter, Plaintiff's counsel, after the running of the discovery deadline <u>and</u> after the deadline to meet and confer as set forth in the Order denying her Motion to Compel, attempts to detail purported discovery deficiencies which she never raised in her Motion to Compel (or anytime prior thereto) and did not address to the Court during the January 25, 2008, telephone hearing.

8.     As the Court stated in its January 22, 2008, Order, quoting its Scheduling

order entered over one year ago, "'[a]bsent stated unforeseen and unavoidable circumstances beyond the control of the movant, . . . eleventh hour extension requests and motions will be denied outright.'" Plaintiff's Second Motion to Compel is yet another "eleventh hour motion" filed by Plaintiff's counsel. Such untimely and last minute tactics by Plaintiff's counsel which disregard the Orders entered by this Court should not be allowed.

9.    Additionally, to the extent a consideration of Plaintiff's counsel's perceived discovery deficiencies is even required, Dolgencorp will address each in turn. As discussed below, with respect to each of the perceived discovery deficiencies, Dolgencorp has either fully responded to the request, the request is not reasonably calculated to lead to the discovery of admissible evidence or otherwise objectionable, or the perceived deficiency asks for information outside the scope of the particular discovery request.[1]

**Interrogatory No. 4**: If there are any communications between you and Love about Love's complaint of discrimination and/or harassment, please:

(a)    Identify each person who made or received the communications; and
(b)    Identify each person who witnessed the communications.

Dolgencorp's Response: Dolgencorp denies that Plaintiff complained of unlawful discrimination and/or harassment to Dolgencorp during her employment. Plaintiff complained to the ERC that her District Manager was not being fair to her and that the district manager overlooked her for an Assistant Store Manager position and gave it to his niece.

Plaintiff's Alleged Deficiency:    (a) identify each person who made or received the communications; and (b) identify each person who witnessed the communications.

Dolgencorp has fully responded to this interrogatory. In addition to the response provided above, Dolgencorp has produced the ERC Notes (Bates Labels 15-16, which

---

[1]    A copy of Dolgencorp's Responses to Plaintiff's Interrogatories and to Plaintiff's Requests for Production are attached hereto as Exhibit "2."

was produced as Exhibit "D" by Plaintiff in her Opposition to Dolgencorp's Motion for Summary Judgment).    Clearly, based on the response and the documents produced, Plaintiff is capable of determining that she made the communication and that ERC received it.    To Dolgencorp's knowledge no other individuals "witnessed" Plaintiff call the ERC.    To the extent this request encompasses correspondence or other communications between Dolgencorp's counsel and Plaintiff's counsel, Plaintiff's counsel is in possession of such information.

**Interrogatory No. 5:**    If you conducted an investigation into Love's complaint of discrimination and/or harassment, please state in full and complete detail the results of your investigation.

Dolgencorp's Response:    Dolgencorp objects to Interrogatory No. 5 to the extent it is vague, ambiguous, and protected by the attorney-client privilege and/or work product doctrine.    Dolgencorp denies that Plaintiff complained of unlawful discrimination and/or harassment to Dolgencorp during her employment.    Plaintiff complained to the ERC that her District Manager was not being fair to her and that the district manager overlooked her for an Assistant Store Manager position and gave it to his niece.    After Plaintiff made this complaint to ERC, it was forwarded to Jeff Weaver, the Regional Manager.    Mr. Weaver then contacted District Manager Charles McDonald and discussed Plaintiff's complaint.    Mr. McDonald explained that Store Manager Jeff Jennings had recommended Donna Tally for the Assistant Store Manager position based on her prior retail management experience.    Based on Mr. Jennings' recommendation, Mr. McDonald approved his request to promote Ms. Tally.

Plaintiff's Alleged Deficiency:    There is evidence of an investigation by Jack Traywick in Love's complaint of discrimination, however, no statement "in full and complete detail [of] the results of your investigation" have been given.

Dolgencorp has fully responded to this Interrogatory, and Plaintiff's Alleged Deficiency is frivolous and without merit.    Plaintiff does not identify what "evidence" she is referring in her alleged deficiency, and regardless, Dolgencorp has provided a complete response to the information requested in the interrogatory.

**Interrogatory No. 7:**    Identify each type of benefit to which Love would have been entitled, from the date of the adverse employment action to present, if the adverse employment action had not happened and Love had been promoted to the position of assistant manager.

Dolgencorp's Response:    Dolgencorp objects to Interrogatory No. 7 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and excessively speculative.    Dolgencorp also objects to the use of the work "entitle" as used in this interrogatory.

Plaintiff's Alleged Deficiency:    The scope of this question addresses benefits that she would have been entitled, i.e., pay, retirement plan, insurance (health, life and other) and

all other benefits that she would have received. These benefits are discoverable for purposes of damages.

Interrogatory No. 7 is excessively speculative and vague. Nonetheless, Dolgencorp will supplement its response by stating that there is no difference in benefits between a full-time Lead Clerk (or "Third Key") and the position of Assistant Store Manager.

**Interrogatory No. 11**: Please identify each and every document that you removed from Dollar General Corporation that relates to Love during her the period of employment from March 2005 to October 2005.

Dolgencorp's Response: Dolgencorp objects to Interrogatory No. 11 to the extent that it is vague, ambiguous and nonsensical with respect to the phrase "removed from Dollar General Corporation." Dolgencorp does not understand this interrogatory and cannot form a response.

Plaintiff's Alleged Deficiency: Identify if any document has been removed from your files regarding Love.

Plaintiff's alleged deficiency does not relate to the interrogatory, which uses the confusing and vague phrase "removed from Dollar General Corporation." Notwithstanding the vagueness of the interrogatory, Dolgencorp states that no documents have been "removed" from Love's personnel file that is maintained by Dolgencorp.

**Interrogatories 12-14:** These interrogatories are premised on the wholly unfounded assumption that Dolgencorp "removed" documents from Plaintiff's personnel file. Please see response to Interrogatory No. 11 above.

**Interrogatory No. 15:** Please identify the name, address, telephone number, position with Dollar General Corporation of the person providing the answers to these interrogatories and length of time such person has been employed with Dollar General Corporation.

Dolgencorp's Response: Dolgencorp objects to Interrogatory No. 15 to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Dolgencorp further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. These interrogatories were answered with the assistance of counsel, and therefore, it cannot be answered without disclosing communications between Dolgencorp and its attorneys. Notwithstanding these objections, please see the attached Verification Page. For additional information, please refer to Dolgencorp's Initial Disclosures which have been previously produced.

Plaintiff's Alleged Deficiency: Please provide Mr. McDonald's position and length of time with your company.

Plaintiff is well-aware based on the filings and previous discovery in this case that Mr. McDonald is a District Manager at Dolgencorp and was so at all times pertinent to Plaintiff's claims.

**Interrogatory No. 18:**  Please identify your policy on reporting such allegations as cited in item number 17 above, indicating evidence of the date said policy was adopted and made an official part of the company employee's handbook and indicate whether all employees were required to follow such policy.

Dolgencorp's Response:  Please refer to Page 48 of the 2005 Dollar General Employee Handbook, a copy of which has been previously produced as part of Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

Plaintiff's Alleged Deficiency:   Please provide date of policy, and state whether all employees are required to follow such policy.

Dolgencorp has completely responded to this interrogatory by directing Plaintiff to the 2005 Dollar General Employee Handbook, and a specific page number.  Plaintiff's alleged deficiency is meritless and frivolous.  Furthermore, this policy is indicated in on Dollar General's Anti-Discrimination and Harassment Policy, which was signed and acknowledged by Plaintiff, and produced to Plaintiff, bearing Bates Label 9.

**Request for Production No. 1:**  All personnel files which concern, refer to and/or describe the following Defendant's employees: Kinera Love, Tiffany Cross, Julie Morrison, Tammy Stevenson, Charles McDonald, Jeff Jennings, Candice Harrison, Donna Tally, Jack Traywick, Johnnie Todd, and Human Resource Representative(s).

Dolgencorp's Response:  Dolgencorp objects to Request for Production No. 1 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome.  Dolgencorp also objects to this Request for Production to the extent that it infringes on the privacy rights of individuals who are not a party to this litigation.  Notwithstanding these objections, Dolgencorp will produce a copy of Plaintiff's personnel file.  Additionally, to the extent such documents exist, Dolgencorp will produce copies of any written disciplinary records for McDonald and Jennings.  The documents referred to in this response will be produced at a mutually convenient time and place to be determined by the parties after entry of an appropriate Protective Order by the Court.

Plaintiff's Alleged Deficiency:   Please produce the entire Love file, including the notebook about which she testified.  If it does not still exist, please indicate.  Produce the substance of each other employee's file with any document which relates to Love.  In addition, evidence of Donna Tally's employment application and qualifications which is included in her personnel files, as well as performance evaluations of Donna Tally and other employees shown.

Plaintiff's complete personnel file has been produced. Plaintiff's Alleged Deficiency presupposes the existence of a "notebook", and production of any alleged "notebook" is not contained as part of the Request. The remainder of Plaintiff's Request and Alleged Deficiency is overbroad, seeks wholly irrelevant information, and infringes on the privacy rights of individuals not involved in this lawsuit. Additionally, Dolgencorp agreed to produce Donna Tally's disciplinary records, to the extent those documents exist, in connection with Dolgencorp's Response to Request for Production No. 13.

**Request for Production No. 2:** All writings which constitute or refer to your files regarding the termination of the Plaintiff's employment out of which this lawsuit arises.

Dolgencorp's Response: Dolgencorp objects to Request for Production No. 2 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine and is unduly burdensome. Notwithstanding these objections, all non-privileged responsive documents have been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

Plaintiff's Alleged Deficiency: Please produce any and all additional documents, if any.

Dolgencorp has fully responded to this Request for Production, and Plaintiff's Alleged Deficiency is completely without merit.

**Request for Production No. 3:** All writings which constitute or refer to your files regarding the qualifications, scores and job skills for the person(s) hired by you for the assistant manager's position at Dollar General, the same position for which the Plaintiff was not hired.

Dolgencorp's Response: Dolgencorp objects to Request for Production No. 3 to the extent that it is overly broad and unduly burdensome. Notwithstanding these objections, a copy of the Assistant Store Manager job description will be produced at a mutually convenient time and place to be determined by the parties.

Plaintiff's Alleged Deficiency: Please produce writings for the person(s) particularly Donna Tally's, promoted (not hired) "by you for the assistant manager's position . . . the Plaintiff was not" promoted (not hired).

Dolgencorp has fully responded to this Request. Furthermore, Plaintiff's Alleged Deficiency is nonsensical. Notwithstanding, Dolgencorp is agreeable to producing a copy of Donna Tally's Application for Employment with Dolgencorp.

**Request for Production No. 5:** All documents which constitute or refer to communications between you and any employee of Dollar General, pertaining or referring to any allegation by Plaintiff that you treated her unfairly in regard to her employment with Dollar General.

Dolgencorp's Response: Dolgencorp objects to Request for Production No. 5 to the

extent that it is overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, copies of the ERC Incident Details will be produced at a mutually convenient time and place to be determined by the parties.

<u>Plaintiff's Alleged Deficiency</u>: Please produce any and all additional documents, if any.

Plaintiff's Alleged Deficiency is completely without merit as Dolgencorp has fully responded to this Request.

**Request for Production No. 7**: All documents which constitute or refer to any contention you have that the Plaintiff has suffered no damages, in connection with her employment ending with Dollar General in October 2005.

<u>Dolgencorp's Response</u>: Dolgencorp objects to Request for Production No. 7 to the extent that it is vague and ambiguous as the use of the word "damages." Notwithstanding these objections, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.
<u>Plaintiff's Alleged Deficiency</u>: Please indicate which documents to which you are referring.

Again, Plaintiff's Alleged Deficiency is frivolous as Dolgencorp has done its best to respond to the vague and ambiguous Request. The documents referred to prove that Plaintiff suffered no actionable discrimination or retaliation.

**Request for Production No. 8**: Any and all documents that relate or pertain to the Plaintiff's attendance record while employed by you, including, but not limited to, time cards and computerized time sheets.

<u>Dolgencorp's Response</u>: Dolgencorp objects to Request for Production No. 8 to the extent it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

<u>Plaintiff's Alleged Deficiency</u>: Please produce. The request goes to the kind of employee the Plaintiff was, which is at issue, clearly raised by the Defendant. Whether it is admissible or not is up to the Court.

Plaintiff's attendance is a non-issue in this case. It does not go to any element of Plaintiff's claims or Dolgencorp's defenses. Accordingly, this information is irrelevant.

**Request for Production No. 9**: Any personnel or employment or other file on the Plaintiff in which notations or comments regarding the Plaintiff's job performance, honesty, ability, diligence and other similar factors were recorded from March 2005 to October 2005.

<u>Dolgencorp's Response</u>:  Dolgencorp objects to Request for Production No. 9 to the extent that it is vague, ambiguous, overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to Love's personnel file.

<u>Plaintiff's Alleged Deficiency</u>:  Please indicate to which documents to which you are referring.

Plaintiff's Alleged Deficiency is nonsensical and without merit.  Any such information, to the extent such information exists, is contained in Plaintiff's personnel file which has been previously produced.

**Request for Production No. 12**:  Any and all documents that relate or pertain to your decision to terminate the Plaintiff's employment at Dollar General, including minutes of any meeting.

<u>Dolgencorp's Response</u>:  Dolgencorp objects to Request for Production No. 12 to the extent that it is overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding these objections, to the extent such documents exist, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

<u>Plaintiff's Alleged Deficiency</u>:  Please produce any and all additional documents, if any.

Again, Dolgencorp has fully responded to this Request, and Plaintiff's Alleged Deficiency is nonsensical and without merit.

**Request for Production No. 13**:  If you contend that the Plaintiff's work performance and attendance were less than satisfactory at any time during her employment with you, please produce any and all documents that relate or pertain to the work performance and attendance records of each of the employees, including Donna Tally, who worked in the same facility as the Plaintiff during the period of the Plaintiff's employment.

<u>Dolgencorp's Response</u>:  Dolgencorp objects to Request for Production No. 13 to the extent that it is vague and ambiguous, overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, to the extent such documents exist, Dolgencorp will produce any written disciplinary records for Tally at a mutually convenient time and place to be determined by the parties after entry of an appropriate Protective Order.

<u>Plaintiff's Alleged Deficiency</u>:  Please produce any and all additional documents, if any.

Dolgencorp has fully responded to this Request, and Plaintiff's Alleged Deficiency is without merit.  Dolgencorp has not produced any written disciplinary records for Donna

11

Tally because none exist.

**Request for Production No. 15**:  All documents describing or referring to any application, hiring or promotion of African-American (or Black) and Caucasian (or White) employees, including the position of assistant manager, by Dollar General during the period of the Plaintiff's employment with you.

Dolgencorp's Response:  Dolgencorp objects to Request for Production No. 15 to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, calls for information protected by the attorney-client privilege and/or work product doctrine, seeking irrelevant information and is not reasonably calculated to led to the discovery of admissible evidence.  Notwithstanding these objections, no such documents exist with respect to the promotion to Assistant Store Manager at issue in this lawsuit.

Plaintiff's Alleged Deficiency:  Please produce any and all documents that indicate any other position between March 2005 and October 2005, if any.

Dolgencorp has fully responded to Plaintiff's overly broad and confusing Request by limiting it to the promotion at issue in this lawsuit. The "alleged deficiency" is nonsensical.

**Request for Production No. 16:**  All documents describing or referring to any firing or dismissal of African Americans (or Blacks) and Caucasians (or Whites) by Dollar General during the period of the Plaintiff's employment with you.

Dolgencorp's Response:  Dolgencorp objects to Request for Production No. 16 to the extent that it is irrelevant, confusing, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine.

Plaintiff's Alleged Deficiency:  Please produce any and all documents that indicate any which occurred between March 2005 and October 2005.

Dolgencorp stands on its objection to Plaintiff's overly broad and confusing Request.

**Requests for Production Nos. 17-24:**  With respect to these Requests, Plaintiff asks Dolgencorp to "Please produce any and all additional documents, if any." As discussed previously in this Opposition, this alleged deficiency is frivolous.  Dolgencorp has fully responded to each of these Requests for Production.

**Request for Production No. 25**:  Documents describing, summarizing or referring to any investigation conducted by you, at any time referring in any way to any employee's allegations of discrimination against African Americans in employment, hiring and promotion.

Dolgencorp's Response:  Dolgencorp objects to Request for Production No. 25 to the

extent that it is irrelevant, overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

Plaintiff's Alleged Deficiency:    Please indicate which documents to which you are referring.

Dolgencorp has completely responded to this Request.  The documents referred to prove that Plaintiff never made a complaint of race discrimination.  Dolgencorp is willing to supplement this response by referring Plaintiff to Dolgencorp's Response to Interrogatory No. 5.

**Requests for Production Nos. 27-29**:  With respect to these Requests, Plaintiff asks Dolgencorp to "Please produce any and all additional documents, if any."  As discussed previously in this Opposition, this alleged deficiency is frivolous.  Dolgencorp has fully responded to each of these Requests for Production.

**Request for Production No. 30:**  Any and all documents that relate or pertain to the Defendant's policies regarding health insurance, retirement benefits, sick leave, vacation pay, part-time work, profit-sharing plans and/or other fringe benefits, including, but not limited to, all summary plan descriptions which were applicable to the Plaintiff's employment with the Defendant.

Dolgencorp's Response:  Dolgencorp objects to Request for Production No. 30 to the extent that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding these objections, please refer to the 2005 Dollar General Employee Handbook, a copy of which has been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

Plaintiff's Alleged Deficiency:  Please produce any and all additional documents that were specifically related to Love, if any.

Dolgencorp has fully replied to this request.  Plaintiff chose not to participate in any benefits.  Accordingly, there are no additional benefit documents which specifically relate to Love.


        10.    Based on the rationale set forth herein, Plaintiff's Second Motion to

Compel is due to be completely denied for a variety of reasons.  It is undisputed that

Dolgencorp complied with Plaintiff's initial Motion to Compel and the Court's order at

the January 25, 2008 telephone hearing by producing a signed Verification Page and copies of the documents Dolgencorp had agreed to make available for inspection and copying. In violation of this Court's Order denying Plaintiff's initial Motion to Compel, Plaintiff now attempts to raise purported discovery deficiencies which are clearly outside the scope of her initial Motion to Compel and which were never mentioned prior to Plaintiff's counsel's February 19, 2008 letter. Furthermore, even if Plaintiff's alleged discovery deficiencies were raised in a timely manner and contained in her initial Motion to Compel, Dolgencorp has fully responded to Plaintiff's discovery requests (and then some).

WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully requests that this Court deny Plaintiff's Second Motion to Compel.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

s/Ryan M. Aday
Bar No.: ASB-3789-A54A

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

*Attorneys for Defendant
Dolgencorp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6th 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateffah Muhammad — lateefahmuhammad@aol.com

s/Ryan M. Aday
Christopher W. Deering
Bar Number: ASB-5555-I7IC
Attorney for Defendant,
Dolgencorp, Inc.

EXHIBIT "1"

# LATEEFAH MUHAMMAD, ATTORNEY AT LAW, P.C.

**3805 WEST MARTIN LUTHER KING HIGHWAY**
**TUSKEGEE, ALABAMA 36083**
**MAILING ADDRESS:**
**POST OFFICE BOX 1096**
**TUSKEGEE INSTITUTE, ALABAMA 36087**
**(334) 727-1997 TELEPHONE/FACSIMILE**
**lateefahmuhammad@aol.com**

**VIA ELECTRONIC MAIL**

19 February 2008

Ryan M. Aday, Esquire
OGLETREE DEAKINS, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

**RE: OUR CLIENT FILE #06-0154/KINERA LOVE**
        *LOVE v. DOLLAR GENERAL STORES*, 3:06cv1147-MHT-SRW

Dear Ryan:

I am in receipt of your emails: the one sent yesterday regarding your inability to return my telephone call because of the busy signals received; and, the one sent today regarding my telephone voice mail today to discuss the discovery requests in the Motion to Compel. This letter follows your request for a written response.

I have itemized several concerns and questions regarding the request that I would appreciate discussing with you and/or to which I would appreciate a response. I am hopeful that we can resolve the discovery deficiencies with further Court intervention. The following Interrogatory questions and Requests for Production have not been fully answered and/or produced:

**Interrogatory No. 4:** …
        (a) Identify **each person** who made or received the communications; and,
        (b) Identify **each person** who witnessed the communications;

**Interrogatory No. 5:**
        There is evidence of an investigation by Jack Traywick in Love's complaint of discrimination, however, no statement "in full and complete detail [of] the results of your investigation" has been given.

**Interrogatory No. 7:**
        The scope of this question addresses benefits that she would have been entitled, i.e., pay, retirement plan, insurance (health, life and other) and all other benefits that she would have received. These benefits are discoverable for purposes of damages.

Ryan Aday, Esquire
19 February 2008
Page 2

**Interrogatory No. 8:**
Relates to the previous Interrogatory. No amounts were stated. Again, discoverable for purposes of damages.

**Interrogatory No. 11:**
Identify if any document has been removed from your files regarding Love.

**Interrogatory No. 12 through Interrogatory 14:**
See above Interrogatory No. 11.

**Interrogatory No. 15:**
Please provide Mr. McDonald's position and length of time with your company.

**Interrogatory No. 18:**
Please provide date of policy, and state whether all employees are required to follow such policy.

**Request for Production No. 1:**
Please produce Love's entire file, including the notebook about which she testified. If it does not still exist, please indicate. Produce the substance of each other employee's file with any document which **relates to** Love. In addition, evidence of Donna Tally's employment application and qualifications which is included in her personnel file, as well as performance evaluations of Donna Tally and other employees shown.

**Request for Production No. 2:**
Please produce any and all additional documents, if any.

**Request for Production No. 3:**
Please produce writings for the person(s), **particularly Donna Tally's**, **promoted** (not hired) "by you for the assistant manager's position ... the Plaintiff was not" **promoted** (not hired).

**Request for Production No. 5:**
Please produce any and all additional documents, if any.

**Request for Production No. 7:**
Please indicate which documents to which you are referring.

**Request for Production No. 8:**
Please produce. This request goes to the kind of employee the Plaintiff was, which **is** at issue, clearly raised by the Defendant. Whether it is admissible or not is up to the Court.

**Request for Production No. 9:**
Please indicate which documents to which you are referring.

Ryan Aday, Esquire
19 February 2008
Page 3

**Request for Production No. 12:**
 Please produce any and all additional documents, if any.

**Request for Production No. 13:**
 Please produce any and all additional documents, if any.

**Request for Production No. 15:**
 Please produce any and all documents that indicate any other position between March 2005 and October 2005, if any.

**Request for Production No. 16:**
 Please produce any and all documents that indicate any which occurred between March 2005 and October 2005, if any.

**Request for Production No. 17 through Request for Production No. 24:**
 Please produce any and all additional documents, if any.

**Request for Production No. 25:**
 Please indicate which documents to which you are referring.

**Request for Production No. 27 through Request for Production No. 29:**
 Please produce any and all documents, if any.

**Request for Production No. 30:**
 Please produce any and all additional documents that were specifically related to Love, if any.

Thank you for your consideration and cooperation.

Very truly yours,

*s/Lateefah Muhammad*

Lateefah Muhammad

cc:  Ms. Kinera Love

# EXHIBIT "2"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KINERA LOVE,      )
           )
  Plaintiff,     )
           )
vs.         )   CIVIL ACTION NO.:
           )
DOLLAR GENERAL    )   3:06-CV-1147-MHT
CORPORATION,     )
d/b/a DOLGENCORP, INC.   )
           )
  Defendant.    )
           )

## DEFENDANT DOLGENCORP, INC.'S ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

COMES NOW Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp"), pursuant

to Rule 33 of the Federal Rules of Civil Procedure, and submits its answers and objections to

Plaintiff's First Interrogatories as follows:

### GENERAL OBJECTIONS

1. Dolgencorp's objections to Plaintiff's interrogatories are made without waiver of,

or prejudice to, any additional objections Dolgencorp may make.

2. All objections are hereby expressly preserved, as is the right to request or move

for a protective order.

3. Dolgencorp reserves all objections as to the admissibility at trial of any

information provided herein.

4.    The supplying of any information does not constitute an admission by Dolgencorp that such information is relevant in this lawsuit.   All information provided by Dolgencorp is for use in this litigation and for no other purpose.

5.    Dolgencorp objects to each and every interrogatory to the extent the information called for, if any, was obtained and prepared in anticipation of litigation or for trial.   Plaintiff has not made, and cannot make, any showing that she has a substantial need for the materials in the preparation of this case and that she is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.   Dolgencorp further objects to each and every interrogatory and request for production to the extent that the information called for is privileged and is not discoverable under Federal Rule of Civil Procedure 26(b)(3).

6.    Dolgencorp objects to each and every interrogatory to the extent that the information called for is protected from discovery by the attorney-client privilege.

7.    Dolgencorp objects to each and every interrogatory to the extent that Plaintiff seeks to vary the obligations imposed upon Dolgencorp under the Federal Rules of Civil Procedure or to circumvent the limitations on discovery.

8.    Dolgencorp objects to each and every interrogatory to the extent that Plaintiff seeks information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

9.    Dolgencorp objects to each and every interrogatory to the extent that Plaintiff seeks information that is equally available to Plaintiff and the burden on the Dolgencorp to obtain the requested information is no greater than the burden on Plaintiff.

10.    Dolgencorp objects to each and every interrogatory to the extent that it is vague, not stated with requisite particularity, overly broad, oppressive, unduly burdensome and

2

expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

11.    Dolgencorp objects to each and every interrogatory to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

12.    Dolgencorp objects to the extent that Plaintiff requests that documents be made available at Plaintiff's attorney's office or in any particular format.    Any document that is produced will be made available at Dolgencorp's attorney's office.

13.    Dolgencorp objects to each of Plaintiff's interrogatories to the extent that said requests seek information outside the applicable statute of limitations.

14.    Dolgencorp reserves the right to timely supplement its responses to these interrogatories.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

If you terminated Kinera Love's employment, please identify following:

(a)    The employment procedure relied upon in the decision to terminate Love's employment;

(b)    Each person who provided any information relied upon in the decision to terminate Love's employment; and,

(c)    All documents relied upon in the decision to terminate Love's employment.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 1, including its discrete subparts, to the extent that it is overly broad and unduly burdensome, and protected by the attorney-client privilege and/or work product doctrine.  Dolgencorp further objects to this interrogatory to the extent that it is vague and ambiguous with respect to the phrases "employment procedure" and "relied upon".  Notwithstanding these objections, Dolgencorp terminated Love's employment for violation of company policy and procedure and inappropriate conduct.  More specifically, Plaintiff was terminated for refusing to participate in an internal company investigation in violation of company policy.  Please refer to Dolgencorp's Initial Disclosures as to those individuals who have knowledge of the facts and circumstances surrounding Love's termination.

3

Documents relating to Plaintiff's termination have been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**INTERROGATORY NO. 2:**

If your decision to terminate Love's employment was based in whole or in part on the Love's job performance, please:

    (a)    Identify Love's specific job performance that played a role in the decision to terminate her performance;

    (b)    State whether you have terminated the employment of any other person for engaging in this same type of conduct;

    (c)    State whether any other person has engaged in this same type of conduct and did not have their employment terminated; and,

    (d)    State whether any other person has engaged in this same type of conduct and was given verbal and/or written warnings.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 2, including its discrete subparts, to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome. Notwithstanding these objections, Love was terminated for violating company policy and procedure and for inappropriate conduct. Specifically, Love was terminated for refusing to cooperate in an internal company investigation in violation of company policy.

**INTERROGATORY NO. 3:**

If anyone was hired to replace Love, please identify the person's name, age, race, qualifications, and the date the person was hired.

**RESPONSE:** Dolgencorp objects to this Interrogatory No. 3 to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and overly broad.

**INTERROGATORY NO. 4:**

If there are any communications between you and Love about Love's complaint of discrimination and/or harassment, please:

    (a)    Identify each person who made or received the communications; and

    (b)    Identify each person who witnessed the communications.

**RESPONSE:** Dolgencorp denies that Plaintiff complained of unlawful discrimination and/or harassment to Dolgencorp during her employment. Plaintiff complained to the ERC that her District Manager was not being fair to her and that the district manager overlooked her for an Assistant Store Manager position and gave it to his niece.

**INTERROGATORY NO. 5:**

If you conducted an investigation into Love's complaint of discrimination and/or harassment, please state in full and complete detail the results of your investigation.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 5 to the extent it is vague, ambiguous, and protected by the attorney-client privilege and/or work product doctrine. Dolgencorp denies that Plaintiff complained of unlawful discrimination and/or harassment to Dolgencorp during her employment. Plaintiff complained to the ERC that her District Manager was not being fair to her and that the district manager overlooked her for an Assistant Store Manager position and gave it to his niece. After Plaintiff made this complaint to ERC, it was forwarded to Jeff Weaver, the Regional Manager. Mr. Weaver then contacted District Manager Charles McDonald and discussed Plaintiff's complaint. Mr. McDonald explained that Store Manager Jeff Jennings had recommended Donna Tally for the Assistant Store Manager position based on her prior retail management experience. Based on Mr. Jennings' recommendation, Mr. McDonald approved his request to promote Ms. Tally.

**INTERROGATORY NO. 6:**

Except for Love's present lawsuit against you, if, in the past 10 years, any employee has filed a civil action and/or filed a charge of discrimination with the Equal Employment Opportunity Commission against you charging and/or alleging racial discrimination, harassment, retaliation and/or age discrimination, please:

    (a)     Identify each employee who filed the action;
    (b)     State the court, where applicable, names of the parties, and case number of the civil action;
    (c)     State whether the action has been resolved or is pending.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 6 to the extent it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, harassing, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine. There exist more than 8,000 Dollar General stores with over 60,000 employees working in those stores.

**INTERROGATORY NO. 7:**

Identify each type of benefit to which Love would have been entitled, from the date of the adverse employment action to present, if the adverse employment action had not happened and Love had been promoted to the position of assistant manager.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 7 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and excessively

5

speculative. Dolgencorp also objects to the use of the work "entitle" as used in this interrogatory.

**INTERROGATORY NO. 8:**

For each type of benefit, state the amount you would have paid to provide the benefit for Love during this time period and the value of the benefit to her.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 8 to the extent that it is vague and ambiguous, excessively speculative, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**

If you contend that Love has not made reasonable efforts to minimize the amount of her lost income, please describe in full and complete detail what more you contend Love should have done.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 9 to the extent that it is vague, ambiguous, excessively speculative, and calls for information protected by the attorney client privilege and/or work product doctrine.

**INTERROGATORY NO. 10:**

If you contend that any of the lost income claimed by Love as disclosed in discovery thus far in this case, is unreasonable or was not caused by the adverse employment action, please state the amount of claimed lost income which you dispute and state all facts upon which you base your contention.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 10 to the extent it is vague and ambiguous, confusing, excessively speculative, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Dolgencorp denies that Plaintiff has been damaged as a result of any act or omission on the part of Dolgencorp. Furthermore, Plaintiff has not met her burden under FRCP 26(a)(1), and therefore, it is impossible for Dolgencorp to respond to this interrogatory.

**INTERROGATORY NO. 11:**

Please identify each and every document that you removed from Dollar General Corporation that relates to Love during her the period of employment from March 2005 to October 2005.

6

**RESPONSE:** Dolgencorp objects to Interrogatory No. 11 to the extent that it is vague, ambiguous and nonsensical with respect to the phrase "removed from Dollar General Corporation." Dolgencorp does not understand this interrogatory and cannot form a response.

## INTERROGATORY NO. 12:

For each document identified in response to interrogatory number 11, please describe with particularity what you have done with each such document (e.g., destroyed it, lost it, disclosed it to others, placed it on the internet, used it in a business activity).

**RESPONSE:** See Response to Interrogatory No. 11.

## INTERROGATORY NO. 13:

If you contend that any person gave you permission to remove the documents identified in response to interrogatory number 11, please identify each such person.

**RESPONSE:** See Response to Interrogatory No. 11.

## INTERROGATORY NO. 14:

If you contend that each such document removed is authentic and true, please identify each person who prepared each such document and when, including date and time.

**RESPONSE:** See Response to Interrogatory No. 11.

## INTERROGATORY NO. 15

Please identify the name, address, telephone number, position with Dollar General Corporation of the person providing the answers to these interrogatories and length of time such person has been employed with Dollar General Corporation.

**RESPONSE:** Dolgencorp objects to Interrogatory No. 15 to the extent that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Dolgencorp further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine. These interrogatories were answered with the assistance of counsel, and therefore, it cannot be answered without disclosing communications between Dolgencorp and its attorneys. Notwithstanding these objections, please see the attached Verification Page. For additional information, please refer to Dolgencorp's Initial Disclosures which have been previously produced.

**INTERROGATORY NO. 16:**

Please identify each of the persons who participated in Love's separation from your company, including their position held at the time of the separation.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 16 to the extent that it is vague and ambiguous as to the phrase "who participated in Love's separation".  Notwithstanding these objections, please refer to Dolgencorp's Rule 26 Initial Disclosures which have been previously produced.

**INTERROGATORY NO. 17:**

Please identify the name, address, telephone number, position of the person(s) who made any accusations and/or allegations against Love regarding her employment practices, e. g., those who alleged she was involved in the taking of chips and sodas, and/or any other items.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 17 to the extent it is vague and ambiguous with respect to the phrase "her employment practices."  Notwithstanding these objections, pursuant to FRCP 33(d) please refer to written statements from Candice Harrison, Store Clerk, and Donna Tally, Assistant Store Manager, which have been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**INTERROGATORY NO. 18:**
Please identify your policy on reporting such allegations as cited in item number 17 above, indicating evidence of the date said policy was adopted and made an official part of the company employee's handbook and indicate whether all employees were required to follow such policy.

**RESPONSE:**   Please refer to Page 48 of the 2005 Dollar General Employee Handbook, a copy of which has been previously produced as part of Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**INTERROGATORY NO. 19:**

Please identify if there were written and/or verbal complaints to you by any employee about Love's employment, for and/or against, and indicate the name, address, telephone number, position held of each such complaining employee.

**RESPONSE:**  Dolgencorp objects to Interrogatory No. 19 to the extent that it is vague, ambiguous, and confusing.  Notwithstanding these objections, for a list of persons with relevant

8

information, please refer to Dolgencorp's Initial Disclosures which have been previously produced.

## VERIFICATION

STATE OF ALABAMA        )
                                 )
COUNTY OF _Lee_        )

      Charles McDonald, being first duly sworn upon his oath makes this

verification that he has read the foregoing Responses to Plaintiff's First Set of

Interrogatories ("Responses"0 and knows the contents thereof; and that he does not

have personal knowledge of all the facts and information requested herein; and that

the Responses are based on and, therefore, necessarily limited by the records and

information still in existence, presently recollected and thus far discovered in the

course of the preparation of these Responses; that the Responses are thus based upon

his personal knowledge and that, subject to the limitations set forth above, the

Responses are true to the best of his knowledge, information, and belief.

By:

               Charles McDonald

Sworn and subscribed before me this the _25_ day of January, 2008.

Notary Public
My Commission Expires:

1/28/09

Respectfully submitted,

/s/ Ryan M. Aday
Christopher W. Deering
Ryan M. Aday

Attorneys for Defendant
Dolgencorp, Inc.

**OF COUNSEL:**
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record on this the 16th day of January, 2008, by Electronic Mail and Facsimile.

Lateefah Muhammad
P.O. Box 1096
Tuskegee, Alabama 36087

/s/ Ryan M. Aday
OF COUNSEL

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KINERA LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| DOLLAR GENERAL | ) | 3:06-CV-1147-MHT |
| CORPORATION, | ) | |
| d/b/a DOLGENCORP, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT DOLGENCORP, INC.'S RESPONSES TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Defendant Dollar General Corporation d/b/a Dolgencorp, Inc. (referred to herein as "Defendant"), answers and objects to Plaintiff Kinera Love's ("Plaintiff") first set of request for production as follows:

### GENERAL OBJECTIONS

1. Defendant's objections to Plaintiff's requests for production are made without waiver of, or prejudice to, any additional objections Defendant may make.

2. All objections are hereby expressly preserved, as is the right to request or move for a protective order.

3. Defendant reserve all objections as to the admissibility at trial of any information provided herein.

4. The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation and for no other purpose.

5.    Defendant objects to each and every request for production to the extent the information called for, if any, was obtained and prepared in anticipation of litigation or for trial. Plaintiff has not made, and cannot make, any showing that she has a substantial need for the materials in the preparation of this case and that she is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.  Defendant further object to each and every request for production to the extent that the information called for is privileged and is not discoverable under Federal Rule Of Civil Procedure 26(b)(3).

6.    Defendant objects to each and every request for production to the extent that the information called for is protected from discovery by the attorney-client privilege.

7.    Defendant objects to each and every interrogatory and request for production to the extent that Plaintiff seeks to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure or to circumvent the limitations on discovery.

8.    Defendant objects to each and every interrogatory and request for production to the extent that Plaintiff seeks information that is not relevant to the claims in this action or reasonably calculated to lead to the discovery of admissible evidence.

9.    Defendant objects to each and every request for production to the extent that Plaintiff seeks information that is equally available to Plaintiff and the burden on the Defendant to obtain the requested information is no greater than the burden on Plaintiff.

10.    Defendant objects to each and every interrogatory and request for production to the extent that it is vague, not stated with requisite particularity, overly broad, oppressive, unduly burdensome and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

11.     Defendant objects to each and every interrogatory to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

12.     Defendant objects to the extent that Plaintiff requests that documents be made available at Plaintiff's attorney's office or in any particular format.   Any document that is produced will be made available at Defendants' attorney's office.

13.     Defendant objects to all of Plaintiff's discovery requests to the extent that said requests seek information outside the applicable statute of limitations.

14.     Defendant reserves the right to timely supplement its responses to these written discovery requests.

## B.     ANSWERS AND OBJECTIONS TO REQUEST FOR PRODUCTION:

The following requests for production are answered and objected to as follows:

### REQUEST FOR PRODUCTION NO.1:

All personnel files which concern, refer to and/or describe the following Defendant's employees: Kinera Love, Tiffany Cross, Julie Morrison, Tammy Stevenson, Charles McDonald, Jeff Jennings, Candice Harrison, Donna Tally, Jack Traywick, Johnnie Todd, and Human Resource Representative(s)

**RESPONSE:**  Dolgencorp objects to Request for Production No. 1 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, and unduly burdensome.  Dolgencorp also objects to this Request for Production to the extent that it infringes on the privacy rights of individuals who are not a party to this litigation. Notwithstanding these objections, Dolgencorp will produce a copy of Plaintiff's personnel file. Additionally, to the extent such documents exist, Dolgencorp will produce copies of any written disciplinary records for McDonald and Jennings.  The documents referred to in this response will be produced at a mutually convenient time and place to be determined by the parties after entry of an appropriate Protective Order by the Court.

### REQUEST FOR PRODUCTION NO.2:

All writings which constitute or refer to your files regarding the termination of the Plaintiff's employment out of which this lawsuit arises.

**RESPONSE:** Dolgencorp objects to Request for Production No. 2 to the extent that it seeks information protected by the attorney-client privilege and/or work product doctrine and is unduly burdensome.    Notwithstanding these objections, all non-privileged responsive documents have been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO.3:

All writings which constitute or refer to your files regarding the qualifications, scores and job skills for the person(s) hired by you for the assistant manager's position at Dollar General, the same position for which the Plaintiff was not hired.

**RESPONSE:** Dolgencorp objects to Request for Production No. 3 to the extent that it is overly broad and unduly burdensome.  Notwithstanding these objections, a copy of the Assistant Store Manager job description will be produced at a mutually convenient time and place to be determined by the parties.

## REQUEST FOR PRODUCTION NO.4:

All writings, manuals, booklets which describe, concern and/or refer to the criteria and qualifications for the position of assistant manager at Dollar General for which the Plaintiff was not hired.

**RESPONSE:** Dolgencorp objects to Request for Production No. 4 to the extent that it is overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding these objections, a copy of the Assistant Store Manager job description will be produced at a mutually convenient time and place to be determined by the parties.

## REQUEST FOR PRODUCTION NO.5:

All documents which constitute or refer to communications between you and any employee of Dollar General, pertaining or referring to any allegation by Plaintiff that you treated her unfairly in regard to her employment with Dollar General.

**RESPONSE:** Dolgencorp objects to Request for Production No. 5 to the extent that it is overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine.  Notwithstanding these objections, copies of the ERC Incident Details will be produced at a mutually convenient time and place to be determined by the parties.

**REQUEST FOR PRODUCTION NO.6:**

All documents which constitute or refer to communications between you and any third party, pertaining or referring to the Plaintiff's jobs held, particularly each former and/or current employer from whom you have received employment records.

**RESPONSE:**  Copies of subpoenaed documents received from Plaintiff's former employers will be produced at a mutually convenient time and place to be determined by the parties.

**REQUEST FOR PRODUCTION NO.7:**

All documents which constitute or refer to any contention you have that the Plaintiff has suffered no damages, in connection with her employment ending with Dollar General in October 2005.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 7 to the extent that it is vague and ambiguous as the use of the word "damages." Notwithstanding these objections, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO.8:**

Any and all documents that relate or pertain to the Plaintiff's attendance record while employed by you, including, but not limited to, time cards and computerized time sheets.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 8 to the extent it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

Any personnel or employment or other file on the Plaintiff in which notations or comments regarding the Plaintiff's job performance, honesty, ability, diligence and other similar factors were recorded from March 2005 to October 2005.

**RESPONSE:**  Dolgencorp objects to Request for Production No. 9 to the extent that it is vague, ambiguous, overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to Love's personnel file.

**REQUEST FOR PRODUCTION NO. 10:**

The Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for the period of her employment with Dollar General.

**RESPONSE:** Copies of Plaintiff's W-2 forms should be in Plaintiff's possession. Copies of Plaintiff's payroll records will be produced at a mutually convenient time and place to be determined by the parties.

## REQUEST FOR PRODUCTION NO. 11:

Any and all documents that relate or pertain to any performance evaluations or job reviews of the Plaintiff during her employment with Dollar General.

**RESPONSE:** No such documents exist because the position held by Plaintiff during her employment did not receive formal review or evaluations.

## REQUEST FOR PRODUCTION NO. 12:

Any and all documents that relate or pertain to your decision to terminate the Plaintiff's employment at Dollar General, including minutes of any meeting.

**RESPONSE:** Dolgencorp objects to Request for Production No. 12 to the extent that it is overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, to the extent such documents exist, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 13:

If you contend that the Plaintiff's work performance and attendance were less than satisfactory at any time during her employment with you, please produce any and all documents that relate or pertain to the work performance and attendance records of each of the employees, including Donna Tally, who worked in the same facility as the Plaintiff during the period of the Plaintiff's employment.

**RESPONSE:** Dolgencorp objects to Request for Production No. 13 to the extent that it is vague and ambiguous, overbroad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, to the extent such documents exist, Dolgencorp will produce any written disciplinary records for Tally at a mutually convenient time and place to be determined by the parties after entry of an appropriate Protective Order.

## REQUEST FOR PRODUCTION NO. 14:

If you contend that the Plaintiff's attendance record at work was less than satisfactory, please produce any and all documents that relate or pertain to such a contention.

**RESPONSE:** Dolgencorp objects to Request for Production No. 14 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Dolgencorp does not contend that Plaintiff's attendance record was a factor in the decision not to promote Plaintiff to Assistant Store Manager or her eventual termination.

## REQUEST FOR PRODUCTION NO. 15:

All documents describing or referring to any application, hiring or promotion of African-American (or Black) and Caucasian (or White) employees, including the position of assistant manager, by Dollar General during the period of the Plaintiff's employment with you.

**RESPONSE:** Dolgencorp objects to Request for Production No. 15 to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, calls for information protected by the attorney-client privilege and/or work product doctrine, seeking irrelevant information and is not reasonably calculated to led to the discovery of admissible evidence. Notwithstanding these objections, no such documents exist with respect to the promotion to Assistant Store Manager at issue in this lawsuit.

## REQUEST FOR PRODUCTION NO. 16:

All documents describing or referring to any firing or dismissal of African Americans (or Blacks) and Caucasians (or Whites) by Dollar General during the period of the Plaintiff's employment with you.

**RESPONSE:** Dolgencorp objects to Request for Production No. 16 to the extent that it is irrelevant, confusing, vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome and calls for information protected by the attorney-client privilege and/or work product doctrine.

## REQUEST FOR PRODUCTION NO. 17:

For each interrogatory set forth in the Plaintiffs' First Set of Interrogatories, produce all documents which the Defendant referred to, relied upon, consulted or used in any way in answering such interrogatory, indicating which document relates to each particular interrogatory.

**RESPONSE:** Dolgencorp objects to Request for Production No. 17 to the extent that it calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, all documents indicated in Dolgencorp's Response to

Plaintiff's First Interrogatories will be produced at a mutually convenient time and place to be determined by the parties.

## REQUEST FOR PRODUCTION NO. 18:

Documents which refer or constitute communications between the Plaintiff and any supervisor or manager of Dollar General, during the Plaintiff's employment with you, including but not limited to documentation describing or constituting organizational charts, memos, letters, e-mails and the attachments, rebuttals, explanations, complaints.

**RESPONSE:** Dolgencorp objects to Request for Production No. 18 to the extent that it is overly broad, confusing, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, a copy of Dolgencorp's Employee Handbook has been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 19:

Any and all documents showing performance reviews or evaluations of the work performance of Donna Tally, Charles McDonald, Jeff Jennings and Jack Traywick since they were hired with the company.

**RESPONSE:** Dolgencorp objects to Request for Production No. 19 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, copies of any performance review or evaluations for Tally, to the extent such documents exist, will be produced at a mutually convenient time and place to be determined by the parties after the entry of an appropriate Protective Order.

## REQUEST FOR PRODUCTION NO. 20:

Any and all documents showing commendations or awards to the Plaintiff during her employment with you, whether from company itself, a customer, or from any source.

**RESPONSE:** Dolgencorp is unaware of the existence of any such documents.

## REQUEST FOR PRODUCTION NO. 21:

Any and all documents reflecting any e-mail sent by you during the Plaintiff's employment, to or concerning Plaintiff.

8

**RESPONSE:** Dolgencorp objects to Request for Production No. 21 to the extent it and calls for information protected by the attorney-client privilege and/or work product doctrine Notwithstanding this objection, to the extent such non-privileged documents exist, they will be produced at a mutually convenient time to be determined by the parties.

## REQUEST FOR PRODUCTION NO. 22:

All documents which you believe relate to any of the allegations contained in the Plaintiff's instant Complaint.

**RESPONSE:** Dolgencorp objects to Request for Production No. 22 to the extent that it is overly broad, unduly burdensome, vague and ambiguous, and not stated with particularity as required by FRCP 34. Notwithstanding these objections, please refer to the documents referenced herein, in Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 23:

Each and every document which you believe supports any and all denials of the allegations in the Plaintiff's instant Complaint.

**RESPONSE:** Dolgencorp objects to Request for Production No. 22 to the extent that it is overly broad, unduly burdensome, vague and ambiguous, calls for information protected by the attorney-client privilege and/or work product doctrine, and is not stated with particularity as required by FRCP 34. Notwithstanding these objections, please refer to the documents referenced herein, in Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 24:

Documents describing, summarizing or referring to conversations between or among agents or employees of yours regarding the Plaintiff's job performance and attendance.

**RESPONSE:** Dolgencorp objects to Request for Production No. 24 to the extent it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, to the extent such documents exist, please refer to Response to Request for Production No. 27 and to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

9

**REQUEST FOR PRODUCTION NO. 25:**

Documents describing, summarizing or referring to any investigation conducted by you, at any time referring in any way to any employee's allegations of discrimination against African Americans in employment, hiring and promotion.

**RESPONSE:** Dolgencorp objects to Request for Production No. 25 to the extent that it is irrelevant, overly broad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to documents previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

**REQUEST FOR PRODUCTION NO. 26:**

Documents describing, summarizing or referring to any complaints made against you by any employee of Dollar General, constituting or pertaining to allegations of wrongful termination, racial discrimination, age discrimination, harassment or retaliation, for the period from January 1995 to the present.

**RESPONSE:** Dolgencorp objects to Request for Production No. 26 to the extent that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, harassing, and calls for information protected by the attorney-client privilege and/or work product doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents that relate or pertain to any written statements or declarations (signed or unsigned), made by any person, which mention, discuss or refer to the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 27 to the extent that it calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, copies of written statements and declarations will be made available for inspection and copying at a mutually convenient time and place to be determined by the parties.

**REQUEST FOR PRODUCTION NO. 28:**

Documents describing, constituting, summarizing, supporting or referring to each of your affirmative defenses to the Plaintiff's Complaint, set forth in your Answer.

**RESPONSE:** Dolgencorp objects to Request for Production No. 28 to the extent that it is overly broad, unduly burdensome, not stated with particularity as required by FRCP 34, and calls

10

for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to the documents referenced herein, in Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 29:

Documents describing, constituting, summarizing, supporting or referring to your defenses to the Plaintiff's Complaint, set forth in your Answer.

**RESPONSE:** Dolgencorp objects to Request for Production No. 28 to the extent that it is overly broad, confusing, vague and ambiguous, duplicative, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, please refer to the documents referenced herein, Dolgencorp's Response to Request for Production No. 28, Dolgencorp's Responses to Plaintiff's First Interrogatories, Dolgencorp's Initial Disclosures, and contained in Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 30:

Any and all documents that relate or pertain to the Defendant's policies regarding health insurance, retirement benefits, sick leave, vacation pay, part-time work, profit-sharing plans and/or other fringe benefits, including, but not limited to, all summary plan descriptions which were applicable to the Plaintiff's employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 30 to the extent that it is overly broad, unduly burdensome, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, please refer to the 2005 Dollar General Employee Handbook, a copy of which has been previously produced in connection with Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment.

## REQUEST FOR PRODUCTION NO. 31:

Any and all documents that relate or pertain to the Defendant's policies on how and when an employee may be disciplined (progressive or otherwise), terminated, given salary increases, promoted and/or severed with pay which were in effect at any time during the Plaintiff's employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 31 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this

11

request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents that relate or pertain to the Defendant's policies or procedures regarding performance evaluations which were in effect at any time during the Plaintiff's employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 32 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all photographs, negatives, recordings and/or videotapes of Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 33 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all photographs of the items made the subject of the allegations against the Plaintiff, e.g., the chips and soda, and any other items alleged.

**RESPONSE:** Dolgencorp objects to Request for Production No. 34 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all documents, reports and complaints, that relate or pertain to any actions taken by Dollar General and/or by any law enforcement agency regarding Request For Production Number 34 above.

12

**RESPONSE:** Dolgencorp objects to Request for Production No. 35 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

## REQUEST FOR PRODUCTION NO. 36:

Any and all documents that relate or pertain to any conversations or communications by, among between any past or present employees, officers, agents or directors of the Defendant regarding the <u>possible</u> termination of the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 36 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

## REQUEST FOR PRODUCTION NO. 37:

Any and all documents which in any way relate or pertain to any allegations made by the Plaintiff that she was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during her employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 37 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

## REQUEST FOR PRODUCTION NO. 38:

Any and all documents which in any way relate or pertain to any conversations or communications by, among or between the Plaintiff and any past or present employee, officer, agent or director of the Defendant regarding any allegations made by the Plaintiff that she was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during her employment with the Defendant.

**RESPONSE:** Dolgencorp objects to Request for Production No. 38 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this

13

request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 39:**

Any and all documents supplied to any state or federal agency by you regarding the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 39 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 40:**

Original documents describing, constituting, summarizing, supporting or referring to the personnel notices, counseling reports, final notices and/or warnings that the Defendant claims bear the signature of the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 40 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 41:**

Original documents describing, constituting, summarizing, supporting or referring to personnel notices, counseling reports, final notices and/or warnings about the Plaintiff that the Defendant has that do not bear the signature of the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 41 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

**REQUEST FOR PRODUCTION NO. 42:**

Exact copies (i.e., bit-by-bit mirror image copies) of all hard drives on the desktop computers, laptop computers, notebook computers, personal digital assistant computers,

servers, and other electronic media related to this action from March 2005 to October 2005, including but not limited to, communications to and from the Plaintiff, communications to and from others about the Plaintiff, personnel notices, counseling reports, final notices and/or warnings that pertain to the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 42 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

## REQUEST FOR PRODUCTION NO. 43:

Exact copies of all relevant disks, CDs, DVDs and other removable media related to this action from March 2005 to October 2005, which include but not limited to, communications to and from the Plaintiff, communications to and from others about the Plaintiff, personnel notices, counseling reports, final notices and/or warnings that pertain to the Plaintiff.

**RESPONSE:** Dolgencorp objects to Request for Production No. 43 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

## REQUEST FOR PRODUCTION NO. 44:

Any and all written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff during the period of her employment with you.

**RESPONSE:** Dolgencorp objects to Request for Production No. 44 to the extent that it is irrelevant, overly broad, unduly burdensome, and calls for information protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, this request exceeds the limitation on Requests for Production as set forth in this Court's Scheduling Order, and therefore, no response is required.

15

Respectfully submitted,

/s/ Ryan M. Aday
Christopher W. Deering
Ryan M. Aday

Attorneys for Defendant
Dolgencorp, Inc.

**OF COUNSEL:**
Ogletree, Deakins, Nash,
    Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (2085) 328-6000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served on all counsel of record on this the 16th day of January, 2008, via Electronic Mail Attachment and Facsimile:

Lateefah Muhammad
P.O. Box 1096
Tuskegee, Alabama 36087

/s/ Ryan M. Aday
OF COUNSEL