IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| DOLLAR GENERAL ) | 3:06-CV-1147-MHT |
| CORPORATION, ) | |
| d/b/a DOLGENCORP, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S SUBSTITUTED NOTICE OF OBJECTION
AND MOTION TO STRIKE**

COMES NOW Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp") improperly identified in the Complaint as "Dollar General Corporation d/b/a Dolgencorp, Inc.," and respectfully moves for leave of Court to file a Reply to Plaintiff's Response to Dolgencorp's Notice of Objection and Motion to Strike. In support hereof, Dolgencorp states as follows:

1.  On February 22, 2008, Dolgencorp filed its Substituted Notice of Objection and Motion to Strike Portions of the Affidavits of Kinera Love and Tiffany Cross (Doc. 56) (the "Notice of Objection"). Dolgencorp filed this Notice of Objection based on the numerous assertions contained in those affidavits which lack personal knowledge, are conclusory, are based on unsupported personal opinion, and which contradict other sworn testimony. As made clear in the Notice of Objection, Ms. Cross admitted during her deposition that certain of the material testimony contained in her

affidavit was incorrect, inaccurate and/or false, resulting in arguable perjury.

2. On February 25, 2008, this Court entered an Order stating that the Substituted Notice of Objection and Motion to Strike are set for submission, without oral argument, on February 27, 2008, <u>with all briefs due by said date.</u> (emphasis added).

3. On February 28, 2008, Plaintiff filed her Response to the Notice of Objection,[1] (Doc. 58) along with a "Declaration of Technical Difficulties." (Doc. 63).

4. Dolgencorp wishes to file a Reply to Plaintiff's Response to the Notice of Objection, in the event the Court considers Plaintiff's Response as being timely filed.

5. A copy of Dolgencorp's Reply to Plaintiff's Response to the Notice of Objection is attached hereto as Exhibit "A."

WHEREFORE, PREMISES CONSIDERED Dolgencorp respectfully requests that this Court enter an Order granting this Motion and allowing Dolgencorp to file its Reply to Plaintiff's Response to the Notice of Objection, which is attached hereto as Exhibit "A."

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

s/Ryan M. Aday
Bar No.: ASB-3789-A54A

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,
   Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203

---

[1] For the sake of clarity, Plaintiff entitled the brief she filed in response to the Notice of Objection as a "reply", when it should have been properly entitled as a "response."

2

        Telephone: (205) 328-1900
        Facsimile: (205) 328-6000
        E-mail: christopher.deering@odnss.com
        E-mail: ryan.aday@odnss.com

*Attorneys for Defendant*
*Dolgencorp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateffah Muhammad – lateefahmuhammad@aol.com

        s/Christopher W. Deering
        Christopher W. Deering
        Bar Number: ASB-5555-I7IC
        Attorney for Defendant,
        Dolgencorp, Inc.

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| DOLLAR GENERAL ) | 3:06-CV-1147-MHT |
| CORPORATION, ) | |
| d/b/a DOLGENCORP, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S SUBSTITUTED NOTICE OF OBJECTION AND MOTION TO STRIKE**

COMES NOW Defendant Dolgencorp, Inc. ("Defendant" or "Dolgencorp") improperly identified in the Complaint as "Dollar General Corporation d/b/a Dolgencorp, Inc.," and files its Reply to Plaintiff's Response to Defendant's Substituted Notice of Objection and Motion to Strike. In support hereof, Dolgencorp states as follows:[1]

1. On February 15, 2008, Dolgencorp filed its Notice of Objection and Motion to Strike the Affidavits of Kinera Love ("Plaintiff") and Tiffany Cross ("Ms. Cross").

2. On February 22, 2008, Dolgencorp filed its Substituted Notice of Objection and Motion to Strike to incorporate Ms. Cross' deposition testimony, during which Ms. Cross admitted that certain of the material testimony contained in her

---

[1] Plaintiff titled her brief in response to Dolgencorp's Notice of Objection and Motion to Strike as a "reply" instead of a "response."

Affidavit was incorrect, inaccurate and/or false, resulting in arguable perjury.

3. On February 25, 2008, this Court entered an Order stating that the Substituted Notice of Objection and Motion to Strike are set for submission, without oral argument, on February 27, 2008, <u>with all briefs due by said date</u>. (emphasis added).

4. February 27, 2008, passed without Plaintiff filing any response to the Substituted Notice of Objection and Motion to Strike.

5. However, in keeping with Plaintiff's counsel's disregard for this Court's Orders and history of untimely filings (which, as this Court is aware, have been prevalent throughout this case), Plaintiff filed her Reply Brief to Defendant's Objection and Motion to Strike, on February 28, 2008, after the Court-ordered deadline.

6. Additionally, on February 28, 2008, Plaintiff's counsel filed a "Declaration of Technical Difficulties." Far from being "technical difficulties", Plaintiff's counsel's declaration shows that she waited until 10:00 PM on February 27, 2008, to try to file the Reply, and then did not actually file the Reply until 1:00 PM on February 28, 2008. Plaintiff's counsel's Declaration makes no representation that she attempted to call the Court, contact the clerk, or seek assistance for filing the Reply prior to the court-ordered deadline. Plaintiff's counsel's excuses for failing to comply with this Court's Order are, once again, precipitated by her conscious choice to wait until the very last possible minute.

7. Plaintiff's counsel's behavior is even more astonishing in light of this Court's Notice of January 29, 2008, reprimanding Plaintiff for waiting until the last minute to pursue discovery.

8. Additionally, even if Plaintiff's Reply was timely filed in accordance with

2

this Court's Order, it completely lacks merit and concedes nearly all points mentioned in Dolgencorp's Notice of Objection and Motion to Strike. **<u>In fact, Plaintiff's Reply only takes issue with two paragraphs of Plaintiff's Affidavit to which Dolgencorp has objected, and does not mention Ms. Cross' Affidavit at all. Accordingly, at a minimum, all portions of Dolgencorp's Notice of Objection and Motion to Strike not addressed by Plaintiff in her Reply are due to be granted.</u>**

9. In her Reply, Plaintiff erroneously, illogically, and frivolously contends that Dolgencorp is somehow withholding a telephone record which would purportedly show that Plaintiff complained of race discrimination in connection with the Assistant Store Manager position. *See* Reply at 1-2, fn.1. <u>Plaintiff produced the particular document, the ERC Notes, as part of her Evidentiary Submission in Opposition to Motion for Summary Judgment, which documents Plaintiff's telephone call to Dolgencorp's ERC, and unequivocally shows that Plaintiff never once mentioned race as being a factor in the decision not to promote her to Assistant Store Manager position. This document was previously produced by Dolgencorp in response to Plaintiff's Discovery Requests.</u> Accordingly, Plaintiff's nonsensical argument regarding purported additional telephone records is completely without merit and should be disregarded.

10. Plaintiff also erroneously and nonsensically argues in her Reply that Plaintiff's Affidavit and deposition testimony supports her assertion that she was "terminated without knowledge of her suspension." This argument, on its face, makes no sense as Plaintiff was clearly aware that she was suspended from work at the time of her termination. *See* Plaintiff's Depo at 57, 154. Furthermore, with respect to whether Plaintiff was given a reason for her suspension (to the extent this fact is even relevant),

3

Plaintiff has completely changed her testimony on this point. Plaintiff has contradicted her sworn Affidavit with her deposition testimony as to whether she was told of the reason for her suspension during her meeting with Mr. Traywick and Ms. Todd. *See* Plaintiff's Affidavit at p. 3, Exhibit "7" to Dolgencorp's Evidentiary Submission in Support of its Motion for Summary Judgment ("When I asked him why, he [Mr. Traywick] said 'you're being suspended.' I asked him why I was being suspended and he said because I refused the investigation."); *see* Plaintiff's Depo. at 154 (testifying that Mr. Traywick did not give Plaintiff a reason for her suspension); *see* Plaintiff's Depo. at 183 (testifying that her Affidavit is incorrect as to whether Mr. Traywick told Plaintiff of the reason for her suspension. Johnnie Todd ("Ms. Todd") in her Declaration, has stated that Plaintiff was in fact told that she was being suspended for refusing to participate in an investigation. *See* Ms. Todd's Declaration at ¶ 5, Exhibit "6" to Dolgencorp's Evidentiary Submission.

11.   Furthermore, Plaintiff's argument that the documents submitted as Exhibit "B" and "C" to her Reply somehow show that she was not given a reason for her suspension is misplaced and illogical. An examination of both documents readily reveals that the reason for Plaintiff's termination is that she refused to participate in an internal investigation. Additionally, Exhibit "B" was signed by Plaintiff, and Plaintiff testified during her deposition that she signed that document, and that through her signature she certified that the information contained in the document was true and correct. *See* Plaintiff's Depo. at 75-76. It is unclear how Plaintiff contends this relates to whether or not she was given a reason for her suspension, and accordingly, should be disregarded.

4

12. Plaintiff makes one last meritless argument in her Reply that "the best evidence of her [Plaintiff] statements and of the statements of her key witness, Tiffany Cross, is held by the Defendants." Plaintiff has given two Affidavits in this case, and has given her deposition testimony. Ms. Cross has likewise given her Affidavit in this case and her deposition testimony. Plaintiff's vague and unsupported assertion that the "best evidence" of Plaintiff's and Ms. Cross' "statements" is somehow being held by Dolgencorp is nonsensical and should be disregarded.

WHEREFORE, PREMISES CONSIDERED Dolgencorp's Notice of Objection and Motion to Strike Portions of the Affidavits of Kinera Love and Tiffany Cross is due to be granted in full.

Respectfully submitted,

s/Christopher W. Deering
Bar No.: ASB-5555-I71C

s/Ryan M. Aday
Bar No.: ASB-3789-A54A

Christopher W. Deering, Esq.
Ryan M. Aday, Esq.
**Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: christopher.deering@odnss.com
E-mail: ryan.aday@odnss.com

*Attorneys for Defendant
Dolgencorp, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on March _____ 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lateffah Muhammad – lateefahmuhammad@aol.com

s/Christopher W. Deering<br>
Christopher W. Deering<br>
Bar Number: ASB-5555-I7IC<br>
Attorney for Defendant,<br>
Dolgencorp, Inc.