# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KINERA LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: |
| | ) |
| DOLLAR GENERAL | ) 3:06-CV-1147-MHT |
| CORPORATION, | ) |
| d/b/a DOLGENCORP, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CONSENT PROTECTIVE ORDER

Upon consideration of the consent protective order, which the court construes as a motion for protective order (Doc. # 69) filed March 11, 2008, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

1. Plaintiff and Defendant (the "Parties") have agreed that there are certain categories of documents that deserve protection from disclosure to the general public. Therefore, the Parties agree only to disclose Confidential Materials, which shall be those documents designated as "Confidential," in accordance with and agree to be bound by the terms of this Agreed Protective Order. The Parties agree to designate as "Confidential" only those documents that they reasonably and in good faith believe should be treated as confidential.

The Confidential Materials shall be confidential and maintained as confidential in accordance with the terms of this Agreed Protective Order. The aforementioned Confidential

Materials include any portion of documents, discovery responses, testimony, or other discovery materials containing confidential information. If the parties cannot agree whether particular materials should be treated as confidential hereunder, the party seeking to declassify the materials may apply to the Court to have the confidential designation removed. If a party objects to classification of information as confidential and moves to have that information declassified, the burden of establishing that the materials are entitled to a confidential classification shall fall on the party seeking to use the designation.

    2.    The Confidential Materials described in paragraph one (1) above may be used only for purposes of this litigation and all appeals and may be disclosed only to the following persons in connection with this litigation.

    (a)    The individual parties, including Plaintiff and the Defendant, including all employees and officers of Defendant;

    (b)    The Court and court personnel involved in this case (including court reporters and persons operating video recording equipment at depositions);

    (c)    Defendant's in-house counsel, including their secretaries, legal assistants, and clerical and support personnel working with or under the supervision of in-house counsel; and

    (d)    The Plaintiff's and Defendant's outside counsel in this action, including their partners, associates, secretaries, legal assistants, clerical staff, and employees working with or under the supervision of the Parties' counsel to the extent reasonably necessary to render professional services in this action.

      3.     A designation of materials as Confidential shall be made by affixing or placing the notice "Confidential" on all such materials.  The designation shall be affixed in a manner that does not interfere with the legibility or use of the materials.  There shall be no such designation with respect to any materials except where the designating party or parties and their counsel of record have a reasonable, good faith belief that the materials in fact contain information subject to protection pursuant to the standards set forth in this Order.

      4.     Information designated as Confidential Materials pursuant to this Agreed Protective Order shall be treated as so by all persons to whom such information may be disclosed.  In addition, except for counsel representing the parties (including counsels' partners, associates, and employees), the Defendant's in-house counsel (as defined in ¶ 2(c)), and Court personnel (as defined in ¶ 2(b)), each person who is authorized by this Order to inspect or to have access to materials designated as Confidential and who in fact inspects any such materials shall, before conducting such inspection or having such access, be provided with a copy of this Agreed Protective Order, shall execute an undertaking in the form annexed to this Order as Exhibit "A", and shall therefore be bound by this Order.  These executed undertakings shall be maintained by counsel of record responsible for the disclosure and shall be available for inspection by all other counsel of record after the close of discovery case has been concluded and all appeals exhausted.

      5.     At any time after the production of any materials designated as Confidential by one party, any other party to this Order may serve a notice of objection to such designation stating the reasons for such objection.  The parties shall make a good faith

effort to confer verbally and to resolve any disagreement over any objection to a "Confidential" designation of documents or information.  Should the parties be unable to resolve the issue raised by the objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the designation.  The burden of proving the appropriateness of the designation shall be upon the party designating the materials as confidential.

      6.     At times, witnesses at depositions may testify about documents or other information that is deemed confidential in accordance with paragraph 2, above.  In that case, at the time of the deposition any party may designate all or portions of deposition testimony by witnesses as confidential under this Agreed Protective Order by advising the court reporter and the videographer, as applicable, and all counsel at the deposition or proceeding of such fact.  The court reporter shall transcribe those portions of the testimony so designated and mark the face of each relevant page of the transcript with the testimony with the word "Confidential."   Any portion of a deposition transcript not so designated at the time the testimony is given shall nevertheless be treated as confidential for a period of fourteen (14) days after the party receives the witness' transcript of the testimony so as to permit the party or witness time to designate some or all of his or her testimony as confidential.  Thereafter, only such portions of the transcript as are affirmatively designated in writing by a party to be confidential shall be treated as such under this Order. Such designation may be made by marking the transcript as "Confidential" by listing the page and inclusive line numbers of the materials designated as confidential and providing such designation to the other parties, their counsel, and the court reporter.  The court reporter

shall thereafter mark the face of each relevant page as "Confidential" and transcribe those portions of the testimony so designated. The parties agree that if they show any individual identified in ¶ 2(a)-(i) a deposition transcript that contains confidential testimony, they will instruct the individual that the terms of this Order applies to that testimony.

Whenever any confidential document is identified or marked as an exhibit in connection with deposition testimony given in these proceedings, it shall be kept separate from the other exhibits in an envelope marked "Confidential – Subject to Agreed Protective Order." Once the written transcript is marked and prepared in the foregoing manner, the videographer shall label any tape which includes confidential information as "Confidential – Subject to Agreed Protective Order." If a party shows an individual listed in ¶ 2(a)-(i) the video of a deposition containing confidential information, the party will communicate to the individual the portions of the tape which contain confidential information and instruct the individual that the terms of this Order apply to the testimony.

If a party, in good faith, believes that it is necessary to attach deposition testimony to a pleading to be filed with the Court prior to the expiration of fourteen (14) days from receipt of the deposition transcript, the party will give five (5) days notice to the other parties of its intent to do so by identifying the portion of the deposition transcript it intends to file with the Court. If any portion of the identified deposition transcript is designated as confidential within the five (5) days, it shall be treated as confidential under this Agreement. If any party fails to designate the identified deposition transcript as confidential, then the party wishing to attach the deposition transcript to a pleading may do

so. A party may still designate any of the remaining portions of the deposition transcript as confidential within the fourteen (14) day period established above.

7. The execution of this Order by the parties' counsel shall constitute a representation that all persons employed by the parties and the parties' counsel shall observe this Order and that all persons to whom Confidential Materials are disclosed as set forth in paragraph 2 shall be made aware of this Agreed Protective Order.

8. Subject to the Federal Rules of Evidence, the Confidential Materials may be offered in evidence at trial, deposition, court hearing, or in connection with any motion, response or other pleading filed with the Court, but only under the terms of this protective order.

9. The filing or production of Confidential Materials under the terms of this Order shall not alter the confidentiality of the Confidential Materials or alter any existing obligation of any party.

10. Confidential information and documents subject to this Protective Order should not be filed with the Clerk of the Court except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the Court. Any such protected documents filed with the Court shall be filed in sealed envelopes along with a Motion to Seal if such a motion is warranted by existing law or by a non-frivolous argument consistent with FRCP 11(b).

11. The Parties may also designate documents as "Confidential – Attorney Eyes Only." Documents designated as "Confidential – Attorney Eyes Only" may only be reviewed by persons identified in ¶ 2(c) and 2(d). This designation may be assigned to

documents that have not been disclosed to the public and that, if disclosed to the public, may cause irreparable harm or damage to a party. The procedures for designating documents (¶ 3), objecting to any designation (¶ 5), designating deposition testimony as confidential (¶ 6), and filing "Confidential Materials" under seal (¶ 10), shall apply to documents designated "Confidential – Attorney Eyes Only." Likewise, the duties and responsibilities the parties have to agree to orders for appeal (¶ 12), to notify the other party of a subpoena or order (¶ 13) and to retain or destroy documents (¶ 17) shall apply to documents designated as "Confidential – Attorney Eyes Only."

12. If the case is appealed, the party designating the Confidential Materials shall agree to such orders as necessary to allow the Confidential Materials to be included in the record of appeal.

13. If another court or an administrative agency subpoenas or orders the production of Confidential Materials from any Party, the Party from whom the information is sought shall notify the other Parties of such subpoena or order within five (5) days of its receipt of the subpoena or order. The Party from whom information is sought shall wait a minimum of ten (10) days to tender the documents to the requesting entity, unless the requesting entity asks the documents be produced in less than ten days, in order to give the other Parties an opportunity to review the order or subpoena and seek appropriate relief from the Court if desired. In the event that the information ordered by the requesting entity is to be produced within ten days, the party from whom the information is sought shall notify the other parties within one day of its receipt of the subpoena or order and will not produce the documents until so ordered.

14. This Order is intended to facilitate efficient litigation between the parties and is not intended to alter resolution of any substantive issues or to affect the parties' substantive rights.

15. This Order may be amended by agreement of counsel for the parties in the form of a stipulation filed with and approved by the Court.

16. Willful violation of this Order may be punishable by the contempt power of the Court.

17. Within thirty (30) days of final resolution of this matter the Parties shall return the documents marked by the other party as confidential and represent that all other copies have been destroyed. The parties may not use Confidential Information for any reason other than for the purposes of this litigation and all appeals; provided, however, that nothing in this Order shall be read to preclude the EEOC from exercising its statutory enforcement responsibilities in the event that such information discloses violations of law not addressed by this litigation.

DONE, this 13th day of March, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

**ACKNOWLEDGMENT**

1. My name is _____. I live at _____.

2. I am aware that an Agreed Protective Order has been entered in the above-captioned action and a copy of this Order has been given to me.

3. I promise that any documents, information, materials or testimony, which are protected under the Agreed Protective Order entered in this case and designated as Confidential Materials will be used by me only in connection with the above-captioned matter.

4. I promise that I will not disclose or discuss such protected materials with any person other than those individuals permitted by the Order to review such materials.

5. I understand that any use of such confidential documents, information, materials, or testimony obtained by me (or any portions or summaries thereof) in any manner contrary to the provisions of the Order may subject me to a sanction from this Court for violating the Order.

_____
SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of _____, 2007.

_____
NOTARY PUBLIC, STATE OF _____

_____
Notary's Printed Name
My Commission Expires:_____